IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
CASE NO.

CARLOS CABRERA, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
a Maryland corporation,
and BELL, LLC,
a Florida limited liability company,

    *Defendants*.    /

## CLASS ACTION COMPLAINT AND JURY DEMAND

Plaintiff Carlos Cabrera brings this class action complaint against Defendant Government Employees Insurance Company ("GEICO") and Bell, LLC ("Bell") to stop Defendants' practice of making unsolicited phone calls, and to obtain redress for all persons injured by their conduct. Plaintiff, for his class action complaint, alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

### NATURE OF THE ACTION

1. Defendant GEICO is an auto insurance company that, through the process of subrogation, attempts to recoup funds it paid out through insurance claims. In pursuit of collecting subrogation payments, GEICO partners with Defendant Bell to place unauthorized phone calls to consumers who allegedly owe money to GEICO.

2. Defendant Bell, on Defendant GEICO's behalf, places repeated live and pre-recorded robocalls to consumers that inform them of alleged subrogation payments owed to GEICO.

3. Prior to placing these calls, neither GEICO nor Bell obtains permission to call consumers' cellular telephones for the purpose of collecting subrogation payments, or for any other reason.

4. Accordingly, Defendants' calls to Plaintiff's and the putative Classes' telephones violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq*. ("TCPA").

5. The TCPA was enacted to protect consumers from unsolicited phone calls exactly like those alleged in this case. Defendants made these calls despite the fact that neither Plaintiff Cabrera, nor the other members of the putative Classes, ever provided their telephone numbers to Defendants or any other related entity for any purpose related to a subrogation claim, and never provided Defendants consent to be called on their telephones.

6. By effectuating these unauthorized robocalls, Defendants have caused the recipients of the calls actual harm, not only because the called parties were subjected to the aggravation and privacy invasion that necessarily accompanies unsolicited calls – particularly calls using a prerecorded or non-human artificial voice – but also because the called parties, like Plaintiff, must frequently pay for the calls they receive or incur a usage allocation deduction from their calling plans, notwithstanding that the calls were made in violation of specific legislation on the subject.

7. In order to redress these injuries, Plaintiff, on behalf of himself and four Classes of similarly situated individuals, brings suit under the TCPA, which prohibits the making of unsolicited calls to cell phones as well as calls utilizing an artificial or pre-recorded voice.

8. On behalf of the Classes, Plaintiff seeks an injunction requiring Defendants to cease all unsolicited phone call activities and an award of statutory damages to the members of the Classes, together with costs and reasonable attorneys' fees.

## PARTIES

9. Plaintiff Carlos Cabrera is a natural person domiciled in Broward County, State of Florida.

10. Defendant GEICO is a corporation incorporated and existing under the laws of the State of Maryland with its principal place of business located at 4608 Willard Avenue, Chevy Chase, Maryland 20815. GEICO does business throughout the United States and the State of Florida.

11. Defendant Bell, LLC is a limited liability company organized and existing under the laws of the State of Florida with its principal place of business located at 1411 North Westshore Boulevard, Tampa, Florida 33607. Bell does business throughout the United States and the State of Florida.

## JURISDICTION AND VENUE

12. This Court has federal question subject matter jurisdiction under 28 U.S.C. § 1331, as the action arises under the TCPA.

13. The Court has personal jurisdiction over Defendant Bell because its principal place of business is located in this District. The Court additionally has personal jurisdiction over both Defendants because they transact significant amounts of business within this District.

14. Venue is proper because Defendant Bell has its principal place of business in this District and Plaintiff is domiciled here.

## COMMON ALLEGATIONS OF FACT

15. Defendants, through Defendant Bell, placed and continue to place repeated and harassing phone calls to consumers who GEICO claims owe it money related to insurance claims paid to third parties. Defendants place those calls to phone numbers that were never provided to them by the recipients of the calls, and for which consumers never provided Defendants consent to call. Instead, Defendants acquire phone numbers through various means such as from police reports from the auto incident underlying the insurance claim, from the call recipient's insurance carrier, or through a process known as "skip tracing." Regardless of the method of acquisition, consumers never provided their telephone numbers to Defendants and never gave permission to be called.

16. Even more problematic, these calls are placed to consumers who do not owe a then-collectable debt; rather, at the time the calls are made, GEICO alone has asserted that a payment related to the insurance claim is owed. In many instances, GEICO eventually resorts to litigation to attempt recoup the funds it claims it is owed. However, GEICO utilizes Defendant Bell and others as a first line of attack to pressure consumers into paying the unproven subrogation payment.

17. In addition to Defendant GEICO, Defendant Bell places unauthorized phone calls to consumers for the purpose of collecting subrogation payments allegedly owed to other insurance companies.

18. Defendants have placed, and continue to place, calls for the purpose of subrogation collection to tens of thousands of consumers in the past four years.

## FACTS SPECIFIC TO PLAINTIFF CABRERA

19. Plaintiff was involved in an auto accident in May 2010. Approximately seven months after the accident, Defendants began to place repeated phone calls to Plaintiff attempting to collect on GEICO's purported subrogation claim. The phone calls included both robocalls featuring a pre-recorded or artificial voice and calls from a live operator. Through these calls, Defendant Bell indicated it was calling on behalf of Defendant GEICO to collect an alleged subrogation payment.

20. Over the course of the next eighteen months, Plaintiff received at least twenty unauthorized calls from Defendants on his cellular phone.

21. Plaintiff is not in contractual privity with Defendants and does not presently owe Defendants any money. Plaintiff has never provided his phone number to Defendants or given his express consent to be called.

22. The calls Plaintiff received were made using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers. Additionally, Defendants' calls utilized interactive voice recognition technology, also known as a predictive dialer, through which calls are placed by a machine, and when a consumer answers the phone, there is a noticeable pause prior to being connected to a live representative of Defendants. This technology, on information and belief, dials several numbers simultaneously and connects the call to only those who answer first.

23. In addition, Defendants made numerous calls to Plaintiff utilizing a prerecorded or artificial voice.

24. Plaintiff never consented to, requested, or otherwise desired or permitted calls from Defendants for any purpose related to an insurance claim, or for any other purpose.

## CLASS ALLEGATIONS

25. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of himself and four Classes defined as follows:

### GEICO Cellular Telephone Class:

All persons in the United States who (1) received a phone call from or on behalf of Defendant GEICO related to the collection of an insurance subrogation claim, (2) on their cellular telephone, and (3) who never provided Defendant GEICO, or any third party acting on Defendant GEICO's behalf, with that phone number.

### GEICO Robocall Class:

All persons in the United States who (1) received a phone call from or on behalf of Defendant GEICO related to the collection of an insurance subrogation claim, (2) which featured a prerecorded or artificial voice, and (3) who never provided Defendant GEICO, or any third party acting on Defendant GEICO's behalf, with that phone number.

### Bell Cellular Telephone Class:

All persons in the United States who (1) received a phone call from Defendant Bell related to the collection of an insurance subrogation claim, (2) on their cellular telephone, and (3) who never provided Defendant Bell, or any third party acting in conjunction with Defendant Bell, with that phone number.

### Bell Robocall Class:

All persons in the United States who (1) received a phone call from Defendant Bell related to the collection of an insurance subrogation claim, (2) which featured a prerecorded or artificial voice, and (3) who never provided Defendant Bell, or any third party acting in conjunction with Defendant Bell, with that phone number.

26. **Numerosity**: The exact number of the members of the Classes is unknown and not available to the Plaintiff, but it is clear that individual joinder is impracticable. On

information and belief, Defendants have placed or had placed on their behalf calls to tens of thousands of consumers who fall into the definitions of the Classes. Members of the Classes can be identified through Defendants' records.

27. **Typicality**: Plaintiff's claims are typical of the claims of the other members of the Classes, as Plaintiff and the other members of the Classes sustained damages arising out of the wrongful conduct of Defendants, based upon the same types of phone calls made to each of them.

28. **Adequate Representation**: Plaintiff will fairly and adequately represent and protect the interests of the Classes, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Classes, and Defendants have no defenses unique to Plaintiff.

29. **Commonality and Predominance**: There are many questions of law and fact common to the claims of Plaintiff and the Classes, and those questions predominate over any questions that may affect individual members of the Classes. Common and predominant questions for the Classes include, but are not limited to the following:

    (a)    whether Defendants' conduct violated the TCPA;

    (b)    whether the equipment used by Defendants to place calls is an automatic telephone dialing system;

    (c)    whether Defendants systematically place calls using a prerecorded or artificial voice to persons that did not previously provide Defendants with consent to call their respective telephone numbers;

  (d) whether the calls made by Defendants using a prerecorded or artificial voice violated GEICO Robocall and Bell Robocall Class members' respective rights to privacy; and

  (e) whether members of the Classes are entitled to treble damages based on the willfulness of Defendants' conduct.

30. **Superiority**: This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy, because joinder of all members of the Classes is impracticable. The damages suffered by the individual members of the Classes will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendants' actions. It would be virtually impossible for the individual members of the Classes to obtain effective relief from Defendants' misconduct. Even if members of the Classes could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single Court. Economies of time, effort, and expense will be fostered and uniformity of decisions ensured.

**<u>COUNT I</u>**
**Violation of the TCPA, 47 U.S.C. § 227**
**(On behalf of Plaintiff and the GEICO Cellular Telephone Class)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. Defendant GEICO and its agents, including Defendant Bell, made thousands of unsolicited phone calls to cellular telephone numbers belonging to Plaintiff and the other members of the GEICO Cellular Telephone Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

33. Defendant GEICO directly, and through its agents, including Defendant Bell, utilized a predicative dialer to place numerous phone calls to Plaintiff and members of the GEICO Cellular Telephone Class simultaneously and without human intervention. The equipment utilized by or on Defendant GEICO's behalf qualifies as a predictive dialer because it is equipment, combining software and hardware, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

34. The phone calls were made to the cellular telephones of Plaintiff and members of the GEICO Cellular Telephone Class without their phone numbers being provided to Defendant GEICO or any other related entity acting on Defendant GEICO's behalf, by Plaintiff and members of the GEICO Cellular Telephone Class, in connection with any insurance claim, and without the prior express consent of Plaintiff and the other members of the GEICO Cellular Telephone Class, who received phone calls on their cellular telephones.

35. Defendant GEICO has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant GEICO's illegal conduct, the members of the GEICO Cellular Telephone Class suffered actual damages, including monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of the TCPA.

36.     Should the Court determine that Defendant GEICO's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the GEICO Cellular Telephone Class.

## COUNT II
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Bell Cellular Telephone Class)

37.     Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

38.     Defendant Bell made thousands of unsolicited phone calls on behalf of insurance carriers, including Defendant GEICO, to cellular telephone numbers belonging to Plaintiff and other members of the Bell Cellular Telephone Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers.

39.     Defendant Bell utilized a predicative dialer to place numerous phone calls to Plaintiff and members of the Bell Cellular Telephone Class simultaneously and without human intervention. The equipment utilized by Defendant Bell qualifies as a predictive dialer because it is equipment, combining software and hardware, that has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers.

40.     The phone calls were made to the cellular telephones of Plaintiff and members of the Bell Cellular Telephone Class without their phone numbers being provided to Defendant Bell or any other related entity acting in conjunction with Defendant Bell, by Plaintiff and members of the Bell Cellular Telephone Class, in connection with any insurance claim, and without the

prior express consent of Plaintiff and the other members of the Bell Cellular Telephone Class, who received phone calls on their cellular telephones.

41. Defendant Bell has, therefore, violated 47 U.S.C. § 227(b)(1)(A)(iii). As a result of Defendant Bell's illegal conduct, the members of the Bell Cellular Telephone Class suffered actual damages, including monies paid to receive unsolicited calls on their cellular phones and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each violation of the TCPA.

42. Should the Court determine that Defendant Bell's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Bell Cellular Telephone Class.

## COUNT III
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the GEICO Robocall Class)

43. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

44. Defendant GEICO made, or had made on its behalf, unsolicited and unauthorized telephone calls using a prerecorded or artificial voice to the telephone numbers of Plaintiff and the other members of the GEICO Robocall Class.

45. The phone calls were made to Plaintiff and members of the GEICO Robocall Class without their prior express consent. Plaintiff and GEICO Robocall Class members did not provide Defendant GEICO, or any other related entity, with their phone numbers for the purpose of Defendant GEICO directing robocalls to them related to insurance subrogation claims, or for any other purpose that would permit Defendant GEICO to place robocalls to them.

46. Defendant GEICO has, therefore, violated the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

47. As a result of Defendant GEICO's illegal conduct, the members of the GEICO Robocall Class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

48. Should the Court determine that Defendant GEICO's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the GEICO Robocall Class.

## COUNT IV
### Violation of the TCPA, 47 U.S.C. § 227
### (On behalf of Plaintiff and the Bell Robocall Class)

49. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

50. Defendant Bell made thousands of unsolicited phone calls on behalf of insurance carriers, including Defendant GEICO, using a prerecorded or artificial voice.

51. The phone calls were made to Plaintiff and members of the Bell Robocall Class without their prior express consent. Plaintiff and Bell Robocall Class members did not provide Defendant Bell, or any other related entity, with their phone numbers for the purpose of Defendant Bell directing robocalls to them related to insurance subrogation claims, or for any other purpose, that would permit Defendant Bell to place robocalls to them.

52. Defendant Bell has, therefore, violated the TCPA, 47 U.S.C. § 227 (b)(1)(A)(iii) and 47 U.S.C. § 227(b)(1)(B).

53. As a result of Defendant Bell's illegal conduct, the members of the Bell Robocall Class suffered actual damages and, under 47 U.S.C. §227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

54. Should the Court determine that Defendant Bell's misconduct was willful and knowing, the Court may, pursuant to section 227(b)(3)(C), treble the amount of statutory damages recoverable by Plaintiff and the other members of the Bell Robocall Class.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Carlos Cabrera, individually and on behalf of the GEICO Cellular Telephone Class, the Bell Cellular Telephone Class, the GEICO Robocall Class, and the Bell Robocall Class, prays for the following relief:

1. An order certifying the GEICO Cellular Telephone Class, the Bell Cellular Telephone Class, the GEICO Robocall Class, and the Bell Robocall Class, as defined above; appointing Plaintiff Carlos Cabrera as representative of the Classes; and appointing his counsel as Class Counsel;

2. An award of actual and statutory damages;

3. An injunction requiring Defendants to cease all unsolicited phone call activities, and otherwise protecting the interests of the Classes;

4. An award of reasonable attorneys' fees and costs; and

5. Such further and other relief the Court deems reasonable and just.

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

                                                      Respectfully submitted,

                                                      **CARLOS CABRERA**, individually and on behalf of all others similarly situated,

Dated: July 13, 2012                      By: /s/ *Scott D. Owens*
                                                      One of Plaintiff's Attorneys

                                                      Scott D. Owens
                                                      LAW OFFICE OF SCOTT D. OWENS, ESQ.
                                                      664 E. Hallandale Beach Blvd.
                                                      Hallandale, Florida 33009
                                                      Telephone: (954) 589-0588
                                                      scott@scottdowens.com

                                                      Rafey S. Balabanian*
                                                      Benjamin H. Richman*
                                                      Christopher L. Dore*
                                                      EDELSON MCGUIRE LLC
                                                      350 North LaSalle Street, Suite 1300
                                                      Chicago, Illinois 60604
                                                      Telephone: (312) 589-6370
                                                      Facsimile: (312) 589-6378
                                                      rbalabanian@edelson.com
                                                      brichman@edelson.com
                                                      cdore@edelson.com

                                                      Brett L. Luskin
                                                      1001 North Federal Highway, Suite 106
                                                      Hallandale Beach, Florida 33009
                                                      Telephone: (954) 454-5841
                                                      Facsimile: (954) 454-5844
                                                      blusskin@lusskinlaw.com