**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

**Case No.: 12-cv-61390-WILLIAMS/SELTZER**

CARLOS CABRERA, individually and on behalf of
a class of all others similarly situated,

      *Plaintiff*,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a Maryland corporation, and BELL,
LLC, a Florida corporation,

      *Defendants*.

_____/

**PLAINTIFF'S MOTION TO COMPEL DEFENDANT BELL, INC. TO PRODUCE**
**FURTHER DISCOVERY AND TO CONTINUE EXPERT DISCLOSURE DEADLINES**

Plaintiff Carlos Cabrera, by and through his undersigned counsel, pursuant to Federal

Rules of Civil Procedure 33 and 34 and Southern District of Florida Local Rule 26.1(h),

respectfully requests that the Court enter an Order: (i) overruling Defendant Bell, LLC's

objections to Plaintiff's outstanding discovery requests, (ii) directing Bell to supplement its

discovery responses, (iii) continuing the deadline for Plaintiff to make his expert disclosures as

appropriate, and (iv) providing such other and further relief as the Court deems reasonable and

just. The instant motion is based upon Plaintiff's Memorandum of Law and the Declaration of

Benjamin H. Richman filed contemporaneously herewith. Plaintiff respectfully requests oral

argument on the matters raised herein.

**INTRODUCTION**

This case concerns Defendants Government Employees Insurance Company's

("GEICO") and Bell, Inc.'s ("Bell") practice of making unsolicited phone calls to consumers in

1

an effort to collect on alleged insurance subrogation claims in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). The overarching method through which Defendants obtain and place the calls is quite simple, though Defendant Bell has yet to provide specifics in accordance with its discovery obligations. Regardless, Defendants acquire the Class members' telephone numbers from police reports for the underlying insurance claims, from the call recipient's insurance carrier, and/or through a method known as "skip tracing." Then, using automatic dialing equipment to dial their numbers, Defendant Bell makes calls to these individuals on behalf of GEICO in hopes of collecting on the claims.  Neither Bell, nor GEICO, ever obtained consent from these people, including Plaintiff, to call (and often harass) them on their cell phones.

In an effort to determine the specifics in Defendants' systematic method of obtaining telephone numbers and calling these non-consenting persons, Plaintiff Carlos Cabrera ("Plaintiff" or "Cabrera") propounded interrogatories, requests for the production of documents, and requests to admit facts on both GEICO and Bell. Since the very onset of discovery, however, Bell has refused to meaningfully engage in the process. In particular, it took Defendant Bell more than two extra months to provide limited—and ultimately barren—responses to Plaintiff's requests, essentially providing little more than unsupported, blanket objections with no substantive answers. After meeting and conferring on Bell's objections and responses, and in hopes of avoiding motion practice, Plaintiff offered to modify the definition of the proposed classes, which seemed to be the source of Bell's main objection. Plaintiff's attempt to modify the definitions and meet and confer with Bell in good faith was in vein. Bell has not provided any supplemental responses to Plaintiff's requests or produced additional documents.  Worse yet, Bell won't even confirm whether it's willing to provide additional relevant information regarding

Plaintiff Cabrera—e.g., records of calls made to Cabrera himself, and the equipment used to make the calls.

Accordingly, and after exhausting all other efforts and with the deadlines for disclosing experts and class certification upon him or quickly approaching, Plaintiff Cabrera has no choice but to ask the Court to overrule Defendant Bell's objections, to compel it to produce supplemental written responses and relevant documents and information, and to continue the current deadlines to disclose experts until Bell has done so.[1]

## FACTUAL & PROCEDURAL HISTORY

On January 4, 2013, Plaintiff served his first sets of written discovery requests to Defendant Bell, including Interrogatories, Requests for the Production of Documents, and Requests to Admit Facts. (*See* Declaration of Benjamin H. Richman ¶ 3, attached as Exhibit 1.) Thereafter, at defense counsel's request, Plaintiff provided Bell nearly two months of extensions of its deadlines to respond to the outstanding discovery requests. (Richman Decl. ¶ 3.) Nevertheless, the extended deadline for Bell to respond to the outstanding discovery (March 11th) came and went without word. (*Id.* ¶ 4.) Then, on March 12th, after phone calls and e-mail correspondence to defense counsel (who represented that Bell's responses had been sent out for service by mail over the previous weekend), instead of sending Bell's responses to Plaintiff's counsel as requested, defense counsel strangely emailed Plaintiff's own requests back to Plaintiff's counsel. (Richman Decl. ¶ 5.) Plaintiff's counsel responded that there must have been

---

[1] To be clear, on July 22nd, Plaintiff filed a motion for class certification and requested that the Court reserve ruling on the motion until after class discovery had been completed and Plaintiff filed either an amended motion or supplemental memorandum in support of class certification. (Dkt. 40.) Plaintiff's early filing of that motion was in response to recent rulings in this Circuit upholding a defendant's ability to moot a putative class representatives claims by tendering a full offer of relief prior to the filing of a motion for class certification, and the fear that Defendant Bell might attempt such a "pick-off" here.

some mistake and requested that defense counsel email Bell's responses. (*Id.* ¶ 6.) Defense counsel never responded to that email, nor did he provide Bell's discovery responses. (*Id.*)

On March 15th, Plaintiff's counsel left a voicemail for one of Bell's attorneys and spoke with another one to inquire about the status of the discovery responses, but was told only that counsel would look into the issue. (*Id.* ¶ 7.) Then, on March 18th—more than a week after they were due—defense counsel responded that there must have been some mix-up in the documents forwarded via e-mail and that he had been ill during the intervening period, thus delaying the entire process. (*Id.* ¶ 8.) Bell's counsel forwarded written responses via e-mail later that day, which attested that they were sent out on March 11th. (*Id.*) It was not until several weeks later, on April 15th, that Bell produced documents, consisting of a mere 79 pages that amounted to nothing more than a single insurance policy, police report, and phone call recording. (*Id.* ¶ 9.)

The limited nature of Bell's production aside, it provided almost barren responses, many of which were difficult to comprehend and nearly all unresponsive to Plaintiff's requests. Indeed, the responses consisted primarily of blanket objections based on the work product doctrine, attorney client privilege, vagueness in class definitions, and the propriety of information requested. (*See* "Defendant Bell's Discovery Responses," attached to the Richman Declaration as Exhibits 1-A, 1-B and 1-C, respectively.)[2]

Giving Bell the benefit of the doubt, on April 16th, Plaintiff requested that Bell confirm whether it had, in fact, completed its document production. (Richman Decl. ¶ 10.) Bell's counsel never responded directly to that request, but instead, indicated that additional documents would

---

[2]     Some of Bell's objections appear so hastily put together that Plaintiff remains unclear—even after conferring with counsel for Bell—whether his interpretations of them are correct. Of course, these blanket objections provided absolutely no explanation or support in general, and with respect to matters of privilege and the like, no logs or other details to determine their appropriateness.

be forthcoming after the entry of a protective order governing the production of confidential information. (Richman Decl. ¶ 10.) Though the Court entered the Protective Order on May 16th, Bell failed to produce any additional information. (*Id.*)[3]

Having heard nothing from Bell, on June 14th Plaintiff served a meet and confer letter on Bell, outlined his perceived deficiencies in its written discovery responses and document production, and requested that the parties meet and confer immediately. (*See* June 14, 2013 Letter, attached to the Richman Declaration as Exhibit 1-D.) In particular, despite his disagreement with Bell's characterization of the alleged classes as unascertainable, Plaintiff offered to modify the class definitions to meet its concerns, further outlined the various deficiencies in Bell's objections, and explained the reasoning for requesting and relevance of the information he sought to discover. (*Id.*)

On June 17th, Plaintiff's counsel followed up the meet and confer letter with an e-mail again requesting a meet confer on the outstanding discovery issues. (Richman Decl. ¶ 12.) Following several e-mails back and forth, on June 18th, the Parties met and conferred telephonically through counsel. (*Id.*) During the call, Bell's counsel represented that they had yet to discuss Plaintiff's meet and confer letter with Bell, but nevertheless, were not inclined to provide much of the requested information and would look into the provision of some additional information as follows:

> ▪ With respect to logs or records of phone calls made to Plaintiff Cabrera and the putative class, defense counsel contended that all such records were privileged and protected attorney work-product inasmuch as they were an "extension of [the] work-product" of Defendant GEICO in preparation for litigation of subrogation matters against Cabrera and class members. Accordingly, counsel claimed that Bell was not in a position to waive such privileges on behalf of Defendant

---

[3] Bell's counsel later claimed that that was not the import of his e-mail, but that's contradicted by language that he himself asked to be included in the protective order. (Richman Decl. ¶ 10, n.1.)

GEICO. Nevertheless, he did agree to confer with Bell and GEICO to determine whether production of any of the call records was a possibility—at the very least, call records related to Plaintiff Cabrera himself. (*Id.* ¶ 13.)

- Defense counsel agreed to confirm whether Bell's records identified certain phone numbers to be called as cellular numbers. (*Id.*)

- Defense counsel represented that he would go back through each and every discovery request to confirm whether Bell had actually withheld documents or information as a result of privilege, work-product or confidentiality concerns. (*Id.*)[4]

- Defense counsel represented that while he could confirm that Bell had used the LiveVox predictive dialing system (*see* www.livevox.com) "in the past", he could not commit to providing any additional details regarding the equipment used by Bell to make the calls at issue. (*Id.*)

Since the Parties' June 18th meet and confer, and despite several e-mails between counsel regarding what information Bell's counsel had agreed to produce or look into producing, Plaintiff has received nothing from Bell. (*Id.* ¶ 14.) On July 16th, Plaintiff's counsel requested via e-mail that Bell produce the outstanding documents and information that the parties had previously discussed, or provide confirmation that it would not be producing such information. (*Id.* ¶ 15.) Bell has yet to respond to that e-mail. (*Id.*)

Given Bell's lack of responsiveness, the fact that Plaintiff's deadline to make expert disclosures has arrived, and his deadline to file a fulsome motion for class certification is fast approaching, he has no other choice but to move the Court to compel Bell to provide supplemental discovery responses.

---

[4]    Plaintiff's counsel also requested that, at the very least, Bell produce a detailed privilege log of any documents or information withheld as a result of the asserted privileges and protections, but defense counsel was non-committal in this regard. (Richman Decl. ¶ 13, n. 2.) They did, however, agree to "give it the old college try" to determine whether any documents or information had actually been withheld on such bases. (*Id.*)

## ARGUMENT

**I.     The Court Should Compel Bell to Supplement Its Discovery Responses.**

Plaintiff is entitled to discover "any matter, not privileged, that is relevant to the claim or defense of any party...[or] which appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). As such, district courts have broad discretion to compel a party to provide "an answer, designation, production, or inspection" where, as here, the party asserts objections as a basis for refusing to produce otherwise discoverable information. *Phipps v. Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); Fed. R. Civ. P. 37(a)(3)(A)-(B). For such objections to be sustained, they "must be 'plain enough and specific enough so that the court can understand in what way the [discovery is] alleged to be objectionable.'" *Adelman v. Boy Scouts of Am.*, 276 F.R.D. 681, 688-89 (S.D. Fla. 2011). That is, the party resisting discovery "must show specifically how...each [request] is not relevant...[,] overly broad, burdensome, [] oppressive[, or otherwise objectionable]." *Josephs v. Harris Corp.*, 677 F.2d 985, 992 (3d Cir. 1982). Indeed, "boilerplate objections [are] legally inadequate [and] 'meaningless.'" *Adelman*, 276 F.R.D. at 688-89; *see also Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 230 F.R.D 682, 685 (M.D. Fla. 2005) (answers to discovery "must be responsive, full, complete and unevasive...and [cannot] ignore information immediately available to [the responding party] or under [their] control...."); *Travelers Indem. Co. of Conn. v. Philips Medical Sys.*, No. 07-cv-23246, 2008 WL 4534259, at *1 (S.D. Fla. Oct. 7, 2008) ("parties are not permitted to interpose conclusory, boilerplate objections that fail to explain the precise grounds that make the request objectionable") (citing *Guzman v. Irmadan, Inc.*, 249 F.R.D. 399, 400 (S.D. Fla. 2008)).

In this case, Defendant Bell raises myriad objections to Plaintiff's discovery requests— none of which have merit. More specifically, Bell makes objections based on the work product

and attorney client privileges without providing any explanation or the requisite privilege log in support. In addition, it objects that requests are overly broad, unduly burdensome, vague and ambiguous, again without explanation. Finally, it also objects that some requests seek confidential information and that others are premature, but again provides no support for its assertions.

The law is well established that such blanket objections, without more, are insufficient to discharge Defendant Bell of its obligations under the Federal and Local Rules to provide such information. Additionally, Defendant Bell has a duty to supplement its responses pursuant to Fed. R. Civ. P. 26(e)(1)(A), as the modified definitions make it clear that its responses and production are incomplete. *See* Fed. R. Civ. P. 26(e)(1)(A) ("A party who has . . . responded to an interrogatory, request for production, or request for admission[]must supplement or correct its disclosure or response: in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect"); *see also Corporate Fin., Inc. v. Principal Life Ins. Co.*, No. 05-cv-20595, 2006 WL 3365605, at *1 (S.D. Fla. Nov. 20, 2006) ("Pursuant to Fed.R.Civ.P. 26(e), parties are under a duty to supplement incomplete discovery disclosures where the information has not otherwise been made known to the other parties.").

Now, pursuant to Southern District of Florida Local Rule 26.1(h), Plaintiff moves the Court to compel Defendant Bell to provide sufficient responses, or at the very least acceptable objections, to his discovery requests. Below are Plaintiff's Requests for the Production of Documents ("RTP"), Interrogatories ("Interrog."), and Requests to Admit Facts ("RTA") and Defendant Bell's objections ("Objections") in full, followed by reasons to compel in support of Plaintiff's motion.

## II.     Cabrera's Specific Requests to Defendant Bell.

### A.     Reasons to Compel Bell to Respond to Cabrera's Requests for the Production of Documents.

**RTP NO. 3** All DOCUMENTS and ESI exchanged between YOU and GEICO RELATING TO GEICO providing YOU with the PROPOSED GEICO CLASS MEMBERS' telephone numbers.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

**Reason to Compel RTP No. 3:**  Bell's objections are improper for several reasons. First, its objection that the requested information is protected on the basis of several forms of privilege is insufficient on its own and should be overruled. Not only has Bell failed to provide a privilege log in accordance with its obligations under the Federal and Local Rules, but it has also refused to provide one after Plaintiff's good faith attempt to mitigate the deficiency through its meet and confer. *See Consumer Electronics Ass'n. v. Compras and Buys Magazine, Inc.*, No. 08-cv-21085, 2008 WL 4327253, at *3 (S.D. Fla. Sept. 18, 2008) (holding that if a general objection of privilege is made without attaching a proper privilege log, the objection of privilege may be deemed waived); *Estridge v. Target Corp.*, No. 11-cv-61490, 2012 WL 527051, at *4 (S.D. Fla. Feb. 16, 2012) (the burden to demonstrate that the work product privilege applies "cannot be met through conclusory statements"); Southern District of Florida Local Rules Appendix A III(b)(1)(F) ("Objections to the production of documents, electronically stored information or things based on generalized claims of privilege will be rejected. A claim of privilege must be supported by a statement of particulars sufficient to enable the Court to assess its validity.").  In addition, the work product doctrine only applies when documents are created in anticipation of

litigation. *See Milinazzo v. State Farm Ins. Co.*, 247 F.R.D. 691, 698 (S.D. Fla. 2007) ("A party must anticipate litigation *at the time* the documents were drafted for these protections to apply.[] Materials or documents drafted in the ordinary course of business are not protected.") (internal citations omitted).

 Additionally, Bell's objection based on the supposed vagueness of the class definitions is also improper, as Bell fails to provide the requisite explanation supporting its objection. *See Abdin v. Am. Sec. Ins. Co.*, No. 09-81456-CIV, 2010 WL 1257702, at *1 (S.D. Fla. Mar. 29, 2010) ("Objections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless and are deemed without merit by this Court.") (citing *Guzman,* 249 F.R.D. at 400). In addition, "[i]f a party believes that the request is vague, that party shall attempt to obtain clarification prior to objecting on this ground." *Consumer Electronics Ass'n,* 2008 WL 4327253, at *2. Bell requested no such clarification and refused to allow any clarification after the fact. Rather, it simply objected that the "PROPOSED GEICO CLASS MEMBERS [are] not [a] definable group[]." Without more, Bell's objection is "meaningless" and should be overruled. *Guzman*, 249 F.R.D. at 400-01 ("[a] party objecting on these bases must explain the specific and particular ways in which a request is vague, overly broad, or unduly burdensome…." (citing *Josephs*, 677 F.2d at 992)).

 Further, and despite the fact that Plaintiff's originally defined classes were sufficiently narrow to determine their membership, Cabrera sought to modify the Class definitions (and in fact did so in his motion for class certification) in an effort to minimize Bell's concerns. Regardless, Bell can simply search its own records to determine to whom it made calls on behalf of Defendant GEICO and how those calls were made (i.e., if calls were made to an individual using its predictive dialing system, that individual would be a member of the proposed class).

Finally, Bell's objection that Cabrera improperly seeks the "disclosure of confidential information regarding persons other than Plaintiff" is unsustainable for multiple reasons. First, to the extent Bell's concern with producing other persons' information stems from the fact that the production of the requested information could contain confidential information—such as medical records or social security numbers contained in the putative class members' files—Plaintiff has no interest in such information and informed Bell of the same. Thus, any documents containing confidential information of this nature could easily be redacted before their production. *See Balfour Beatty Rail, Inc. v. Vaccarello*, No. 3-06CV551-J20MCR, 2006 WL 3792054, at *4 (M.D. Fla. Dec. 21, 2006) (holding that plaintiff was entitled to the actual employment documents, but that "confidential information such as social security numbers or any medical information may be redacted before it is produced"). Likewise, the Protective Order entered in this matter would necessarily protect such information from public disclosure and thus, any remaining concerns Bell has should be allayed.

Moreover, Bell should be compelled to produce the requested information because it would be "untenable" to require Cabrera to support his request for class certification if he was "not entitled to the very discovery" that would allow him to "establish [the] essential element[s] of the class." *Manno v. Healthcare Revenue Recovery Grp., LLC*, No. 11-61357, 2012 WL 4192987, at *3 (S.D. Fla. Sept. 18, 2012); *see also Drossin v. Nat'l Action Fin. Servs., Inc.*, No. 07-61873-CIV, 2008 WL 5381815, at *3 (S.D. Fla. Dec. 19, 2008) (explaining that "discovery regarding information necessary to address class certification requirements under Rule 23 [], falls within the realm of permissible discovery"). Accordingly, Bell cannot limit its production to information related to Plaintiff Cabrera alone—setting aside that it has provided almost no

information with respect to Cabrera anyway—and its withholding of documents on this basis is

improper and should be overruled.

**RTP NO. 4**  All COMMUNICATIONS exchanged between YOU and GEICO RELATING TO
GEICO providing YOU with the PROPOSED GEICO CLASS MEMBERS' telephone numbers.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"GEICO", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to
the extent that it seeks materials protected by the work product doctrine and attorney client
privilege. The Request also seeks disclosure of confidential information regarding persons other
than Plaintiff. Defendant also objects to his request as vague and ambiguous because the
PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined
without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may
comprise these proposed classes.

**Reason to Compel RTP NO. 4:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on work product privilege, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled.

**RTP NO. 5** All DOCUMENTS and ESI exchanged between YOU and GEICO RELATING TO
GEICO obtaining prior express consent to make PHONE CALLS to the cellular telephones of
the PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant
objects to this request to the extent that it seeks materials protected by the work product doctrine
and attorney client privilege. The Request also seeks disclosure of confidential information
regarding persons other than Plaintiff. Defendant also objects to this request as vague and
ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and
cannot be identified without individual inquiries, and Defendant is therefore unaware of the
persons (if any) who may comprise these proposed classes, and Defendant is unaware of any
cellular telephone numbers that may be responsive to Plaintiff's Request.

**Reason to Compel RTP NO. 5:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. Further, and contrary to Defendant's

objection, Plaintiff does not seek cellular telephone numbers through this production request.

Rather, he requests that Defendant provide him with communications relating to the acquisition

of prior express consent which Bell raised as an affirmative defense in its Answer. (Dkt. 14.) In

addition, Bell admits in its answer to INTERROG. NO. 6 that it places subrogation calls based

on "referral sheets" that it receives from Defendant GEICO. Accordingly, Defendant Bell should

have learned and acquired proof of consent prior to placing the phone calls, it should produce

that information to the extent it exists, and its objections should be overruled.

**RTP NO. 6**  All COMMUNICATIONS exchanged between YOU and GEICO RELATING TO
GEICO obtaining prior express consent to make PHONE CALLS to the cellular telephones of
the PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant
objects to this request to the extent that it seeks materials protected by the work product doctrine
and attorney client privilege. The Request also seeks disclosure of confidential information
regarding persons other than Plaintiff. Defendant also objects to this request as vague and
ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and
cannot be defined without individual inquiries, and Defendant is therefore unaware of the
persons (if any) who may comprise these proposed classes, and Defendant is unaware of any
cellular telephone numbers that may be responsive to Plaintiff's Request.

   **Reasons to Compel RTP NO. 6:**  As addressed in Reason to Compel RTP NO. 5, Bell's

objections based on work product privilege, attorney client privilege, vagueness, confidentiality

and the purported request for provision of cellular phone numbers are improper and should be

overruled.

**RTP NO. 7**  All DOCUMENTS and ESI exchanged between YOU and GEICO RELATING TO
YOU obtaining prior express consent to make PHONE CALLS to the cellular telephones of the
PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant
objects to this request to the extent that it seeks materials protected by the work product doctrine
and attorney client privilege. The Request also seeks disclosure of confidential information
regarding persons other than Plaintiff. Defendant also objects to this request as vague and
ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and
cannot be defined without individual inquiries, and Defendant is therefore unaware of the
persons (if any) who may comprise these proposed classes, and Defendant is unaware of any
cellular telephone numbers that may be responsive to Plaintiff's Request.

**Reason to Compel RTP NO. 7:**  As addressed in Reason to Compel RTP NO. 5, Bell's objections based on work product privilege, attorney client privilege, vagueness, confidentiality and the purported request for provision of cellular phone numbers are improper and should be overruled.

**RTP NO. 8**  All COMMUNICATIONS exchanged between YOU and GEICO RELATING TO YOU obtaining prior express consent to make PHONE CALLS to the cellular telephones of the PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes, and Defendant is unaware of any cellular telephone numbers that may be responsive to Plaintiff's Request.

**Reason to Compel RTP NO. 8:**  As addressed in Reason to Compel RTP NO. 5, Bell's objections based on work product privilege, attorney client privilege, vagueness, confidentiality and the purported request for provision of cellular phone numbers are improper and should be overruled.

**RTP NO. 9**  All DOCUMENTS and ESI exchanged between YOU and GEICO RELATING TO GEICO acquiring, locating, and searching for phone numbers belonging to PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

**Reason to Compel RTP NO. 9:**  As addressed in Reason to Compel RTP NO. 3, Bell's objections based on work product privilege, attorney client privilege, vagueness, and

14

confidentiality are improper and should be overruled. In addition, Bell admits in its objection to

INTERROG. NO. 6 that it places subrogation calls to consumers based on referral sheets it

receives from Defendant GEICO. These referral sheets likely contain information on how the

telephone number was obtained. In fact, Defendant Bell produced a police report from which it

obtained Plaintiff Cabrera's telephone number. Accordingly, GEICO likely provided Bell similar

documents for the other Class members, suggesting that Bell has withheld documents in its

possession that satisfy Plaintiff's request. It's objection, therefore, should be overruled.

**RTP NO. 10**  All COMMUNICATIONS exchanged between YOU and GEICO RELATING TO GEICO acquiring, locating, and searching for phone numbers belonging to PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

**Reason to Compel RTP NO. 10:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on work product privilege, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled.

**RTP NO. 11**  All DOCUMENTS and ESI, exchanged between YOU and any third party (excluding GEICO) that provided YOU with the PROPOSED BELL CLASS MEMBERS' telephone numbers, that RELATE TO the provision of such telephone numbers.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reasons to Compel RTP NO. 11:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. Further, unless Bell acquired the Proposed Bell Class Members' telephone numbers on its own or from Defendant GEICO, it had to have acquired them from some other means—namely, from another party. Thus, despite Bell's assertion that "no responsive documents are believed to exist", if Bell received the telephone numbers from some other party or means other than GEICO, it should have documents relating to those numbers in its possession. Accordingly, its objection should be overruled.

**RTP NO. 12**   All COMMUNICATIONS, exchanged between YOU and any third party (excluding GEICO) that provided YOU with the PROPOSED BELL CLASS MEMBERS' cellular telephone numbers, that RELATE TO the provision of such telephone numbers.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS," and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes, and Defendant is unaware of any cellular telephone numbers that may be responsive to Plaintiff's Request. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 12:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. Further, unless Bell acquired the Proposed Class Members' telephone numbers on its own or from Defendant GEICO, it had to have acquired them from some other means—namely, from another party. Thus, despite Bell's assertion that "no responsive documents are believed to exist", if Bell received the telephone

numbers from someone other than GEICO, it should have documents relating to those numbers in its possession. Accordingly, its objections should be overruled.

**RTP NO. 13** All DOCUMENTS and ESI, exchanged between YOU and any third party (excluding GEICO) that provided YOU with the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS' cellular telephone numbers, that RELATE TO obtaining prior express consent for YOU to make PHONE CALLS to PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS' cellular telephones.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes, and Defendant is unaware of any cellular telephone numbers that may be responsive to Plaintiff's Request. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 13:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on work product privilege, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. Further, Bell's objection that "no responsive documents are believed to exist" is improper. Unless Bell acquired the Proposed Class Members' telephone numbers on its own or from Defendant GEICO, it had to have acquired them from some other means—namely, from another party. In addition, Bell raised the affirmative defense of consent in its Answer. If consumers did indeed consent to receive calls from Bell, that consent should be documented. Accordingly, Defendant's objections should be overruled.

**RTP NO. 14** All COMMUNICATIONS, exchanged between YOU and any third party (excluding GEICO) that provided YOU with the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS' cellular telephone numbers, that RELATE TO obtaining prior express consent for YOU to make PHONE CALLS to PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS' cellular telephones.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS", and "PROPOSED CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined with individual inquiries, Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes, and Defendant is unaware of any cellular telephone numbers that may be responsive to Plaintiff's Request.

**Reason to Compel RTP NO. 14:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. Further (and despite Bell's objection to a Class not mentioned in this request), unless Bell acquired the Proposed Class Members' telephone numbers on its own, it had to have acquired them from some other means—namely, from another party. In addition, Bell raised the affirmative defense of consent in its Answer. If consumers did indeed consent to receive calls from Bell, that consent should be documented. Accordingly, Defendant's objections should be overruled.

**RTP NO. 15** All DOCUMENTS RELATING TO YOU making subrogation related PHONE CALLS to PROPOSED BELL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes, and Defendant is unaware of any cellular telephone numbers that may be responsive to Plaintiff's Request.

**Reason to Compel RTP NO. 15:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. While Bell confusingly attempts to object on the basis of lack of cellular telephone numbers, Plaintiff does not seek that information in this

request. Rather, Plaintiff simply requests documents related to Bell's placement of insurance subrogation-related calls to consumers. Further, Bell admits in its objections to INTERROG. NO. 6 that it placed calls to consumers upon receiving "referral sheets" from Defendant GEICO. Accordingly, these documents undoubtedly exist and Defendant Bell improperly withheld them from Plaintiff.

**RTP NO. 16** All policies, procedures, manuals and other materials RELATING TO YOU making subrogation PHONE CALLS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", and "PROPOSED CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Moreover, this request further seeks materials created by Defendant which contained privileged, confidential and proprietary information. *See Navarro v. Eskanos & Adler, et al,* 2007 WL 902550 (N.D. Cal. March 22, 2007). Defendant's processes are proprietary processes that have independent commercial value and are not generally known. *Id.* They are trade secrets. *Id.* Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

**Reason to Compel RTP NO. 16:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. Further, Bell's objection on the basis of its proprietary processes is entirely insufficient, as "vague and conclusory 'proprietary' assertions go nowhere." *Scruggs v. Int'l Paper Co.*, 278 F.R.D. 698, 702 n.6 (S.D. Ga. 2012); *see also Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2011 WL 4596060, at *14 (M.D. Fla. Oct. 3, 2011) (requiring objecting party to produce privilege log when objecting on the basis of a trade secret). In addition, Bell's repeated citation to *Navarro v. Eskanos & Adler, et a*l [sic], 2007 WL 90255 (N.D. Cal. March 22, 2007), is not sufficient either. In *Navarro*, the Northern District of California addressed whether certain documents,

previously marked as confidential, should be de-designated so that they could be used in other litigation. *Id.* at *1. Unlike the present situation, the defendant in *Navarro had already provided* plaintiff with the documents at issue, and importantly, provided counsel with an affidavit in support of each document's confidentiality. *Id.* As Bell has taken no such action here, reliance on *Navarro* is inappropriate.

Finally, should Defendant Bell be concerned with the publication of this information, it can always produce any related documents pursuant to the Parties' Protective Order. (Dkt. 33); *Fish v. Unum Life. Ins. Co. of Am.*, 229 F.R.D. 699, 700 n.2 (M.D. Fla. 2005) (requiring "parties to meet and confer in an effort to agree to an appropriate protective order" when the objecting party provided no support to its objection of confidential/proprietary information). Accordingly, Defendant's objections should be overruled.

**RTP NO. 19** All COMMUNICATIONS exchanged between YOU and GEICO RELATING TO PLAINTIFF.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", and "GEICO". Defendant objects to this request to the extent that it sucks materials protected by the work product doctrine and attorney client privilege.

**Reason to Compel RTP NO. 19:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine and attorney client privilege are wholly improper and should be overruled.

**RTP NO. 20**  All COMMUNICATIONS exchanged between YOU and any third party PERSON RELATING TO PLAINTIFF.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU". Defendant objects to this request to the extent that it seeks material protected by the work product doctrine and attorney client privilege. See Response to No. 19.

**Reason to Compel RTP NO. 20:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine and attorney client privilege are wholly improper

and should be overruled.

**RTP NO. 21**   All COMMUNICATIONS by, or between YOU, YOUR officers, directors, employees, and agents RELATING TO PLAINTIFF.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU". Defendant objects to this request to the extent that it seeks material protected by the work product doctrine and attorney client privilege. See Response to No s. [sic] 17, 18, and 19.

**Reason to Compel RTP NO. 21:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine and attorney client privilege are wholly improper

and should be overruled.

**RTP NO. 22**   All COMMUNICATIONS between YOU and PROPOSED BELL CLASS MEMBERS RELATING TO YOU making PHONE CALLS to the telephones of the PROPOSED BELL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", and 'PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 20:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. Further, Defendant's objection that "no

responsive documents are believed to exist" isn't supported by the record here. In particular, Bell

has already provided one communication between Bell and a class member (Plaintiff Cabrera),

through which the parties discussed Bell's recent calls to Cabrera. Further, Bell itself

acknowledges that it "record[s] *all* calls . . . to improve their results for you". (*See*

http://www.bellcorp.com/aboutUs.asp (last accessed April 25, 2013) (emphasis added).)

Accordingly, Bell cannot realistically, or in good faith, rely on its objection that no communications "are believed to exist" between it and the Class members, and its objections should be overruled.

**RTP NO. 23**   All COMMUNICATIONS by, or between YOU, YOUR officers, directors, employees and agents RELATING TO PROPOSED BELL CLASS MEMBERS submitting complaints about receiving PHONE CALLS from YOU.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "YOUR", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

       **Reason to Compel RTP NO. 23:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled.

**RTP NO. 24**   All DOCUMENTS RELATING TO how the PHONE CALLS to PLAINTIFF and the PROPOSED BELL CLASS MEMBERS were made, INCLUDING, DOCUMENTS DESCRIBING or IDENTIFYING all TELEPHONE DIALING EQUIPMENT used to make the PHONE CALLS, and how the telephone numbers of the PLAINTIFF and the PROPOSED BELL CLASS MEMBERS were inputted, processed, stored, and dialed.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", 'TELEPHONE DIALING EQUIPMENT", "DESCRIBING", "IDENTIFYING", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Moreover, this request further seeks materials created by Defendant which contain privileged, confidential and proprietary information. *See Navarro v. Eskanos & Adler, et al*, 2007 WL 902550 (N.D. Cal. March 22, 2007). Defendant's processes are proprietary processes that have independent commercial value and are not generally known. *Id.* They are trade secrets. *Id.* Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed

classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

     **Reason to Compel RTP NO. 24:** As addressed in Reason to Compel RTP NOs. 3 and

16, Bell's objections based on the work product doctrine, attorney client privilege, vagueness,

confidentiality, and the commercial value of its proprietary processes are improper and should be

overruled. Further, Plaintiff simply seeks documentation on the Telephone Dialing Equipment

Bell used to place the calls to the Proposed Class Members. Bell's objection that "no responsive

documents are believed to exist" is unsustainable, as Bell undoubtedly has information, if

nothing more than a manual or guide for the equipment, regarding its use of and the capabilities

of the Telephone Dialing Equipment that it used, including the LiveVox system that its counsel

admitted it had used "in the past." Accordingly, any withholding of documents on this basis is

improper.

**RTP NO. 25**   All DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS YOU made to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", "IDENTIFY", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

     **Reason to Compel RTP NO. 25:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. Further, though Bell has not provided the

agreement or understanding it has with GEICO, it undoubtedly receives compensation for the

subrogation calls it places to the Proposed Class Members. In addition, it must also have phone

records it can provide that will show the number of telephone calls made. Accordingly, its

objection that "no responsive documents are believed to exist" is improper and unsustainable.

**RTP NO. 26**   All DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS
YOU made to the PROPOSED BELL ROBOCALL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE
CALLS", "IDENTIFY", AND "PROPOSED BELL ROBOCALL CLASS MEMBERS".
Defendant objects to this request to the extent that it seeks materials protected by the work
product doctrine and attorney client privilege. The Request also seeks disclosure of confidential
information regarding persons other than Plaintiff. Defendant also objects to this request as
vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not
definable groups and cannot be defined without individual inquiries, and Defendant is therefore
unaware of the persons (if any) who may comprise these proposed classes. Subject to and
without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 26:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. Further, though Bell has not provided the

agreement or understanding it has with GEICO, it must undoubtedly receive compensation for

the subrogation calls it places to the Proposed Class Members. In addition, it must also have

phone records it can provide that will show the number of telephone calls made. Accordingly, its

objection that "no responsive documents are believed to exist" is improper and unsustainable.

**RTP NO. 27**   All DOCUMENTS and ESI that IDENTIFY the total number of PHONE CALLS
YOU made to PROPOSED GEICO CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE
CALLS", "IDENTIFY", "GEICO", and "PROPOSED GEICO CLASSMEMBERS". Defendant
objects to this request to the extent that it seeks materials protected by the work product doctrine
and attorney client privilege. The Request also seeks disclosure of confidential information
regarding persons other than Plaintiff. Defendant also objects to this request as vague and
ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and
cannot be defined without individual inquiries, and Defendant is therefore unaware of the
persons (if any) who may comprise these proposed classes. Subject to and without waiver of the
foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 27:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. Further, though Bell has not provided the

agreement or understanding it has with GEICO, it must undoubtedly receive compensation for

the subrogation calls it places to the Proposed Class Members. In addition, it must also have

phone records it can provide that will show the number of telephone calls made. Accordingly, its

objection that "no responsive documents are believed to exist" is improper and unsustainable.

**RTP NO. 29**   All DOCUMENTS and ESI that refer or RELATE TO any complaints received
by YOU, INCLUDING consumer complaints and government investigations, RELATING TO
the PHONE CALLS, or any alleged violations of the TCPA, regardless of whether lawsuits arose
out of such complaints.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"PHONE CALLS". Defendant objects to this request to the extent that it seeks materials
protected by the work product doctrine and attorney client privilege. The Request also seeks
disclosure of confidential information regarding persons other than Plaintiff. Subject to and
without waiver of the foregoing objections, no responsive documents are believed to exist other
than the Complaint filed in this action by Plaintiff.

**Reason to Compel RTP NO. 29:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled.

**RTP NO. 31**   All DOCUMENTS and ESI RELATING TO the technological capability and
capacity of the TELEPHONE DIALING EQUIPMENT used to make PHONE CALLS to
PLAINTIFF and the PROPOSED BELL CLASS MEMBERS, INCLUDING DOCUMENTS
DESCRIBING, disclosing, discussing, and RELATING TO:
    (a)      the make and model of all TELEPHONE DIALING EQUIPMENT used to make
            the PHONE CALLS;
    (b)      the ability of the TELEPHONE DIALING EQUIPMENT used to make the
            PHONE CALLS to dial multiple telephone numbers simultaneously; and
    (c)      the ability of the TELEPHONE DIALING EQUIPMENT used to make the
            PHONE CALLS to store or produce telephone numbers to be called using a
            random or sequential number generator.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE
CALLS", "TELEPHONE DIALING EQUIPMENT", "PROPOSED BELL CLASS

MEMBERS". Defendant also objects to this request as vague and ambiguous because the individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Moreover , this request further seeks materials created by Defendant which contain privileged, confidential and proprietary information. *See Navarro v. Eskanos & Adler, et al*, 2007 WL 902550 (N.D. Cal. March 22, 2007). Defendant's processes are proprietary processes that have independent commercial value and are not generally known. *Id.* They are trade secrets. *Id.* Subject to and without waiver of the foregoing objections, no responsive documents have been located as of this time.

**Reason to Compel RTP NO. 29:** As addressed in Reason to Compel RTP NOs. 3 and

16, Bell's objections based on the work product doctrine, attorney client privilege, vagueness,

confidentiality, and the commercial value of its proprietary processes are improper and should be

overruled. Further, Plaintiff simply seeks documentation on the Telephone Dialing Equipment

Bell used to place the calls to the Proposed Bell Class Members. Bell undoubtedly has

information, if nothing more than a manual or guide to the equipment, regarding the capabilities

of the Telephone Dialing Equipment it used to place the calls. If nothing else, Bell could easily

perform an internet search utilizing the Telephone Dialing Equipment's' make and model to

obtain a description of the equipment's' capabilities or provide that make and model information

to Plaintiff. Finally, should Bell remain concerned about the alleged confidentiality of such

information, it may produce designate such documents and information as confidential pursuant

to the Parties' Protective Order. (Dkt. 33.)

<u>**RTP NO. 32**</u>   All DOCUMENTS and ESI RELATING TO the process(es) by which YOU, or any third party making PHONE CALLS on YOUR behalf, obtained the phone numbers of PLAINTIFF and the PROPOSED BELL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "YOUR", "PHONE CALLS", "TELEPHONE DIALER EQUIPMENT", "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed Moreover, this request further seeks materials created by Defendant which contain privileged,

confidential and proprietary information. *See Navarro v. Eskanos & Adler, et al,* 2007 WL 902550 (N.D. Cal. March 22, 2007). Defendant's processes are proprietary processes that have independent commercial value and are not generally known. They are trade secrets. *Id.* Subject to and without waiver of the foregoing objections, no responsive documents have been located as of this time other than those related to Plaintiff.

**Reason to Compel RTP NO. 32:** As addressed in Reason to Compel RTP NOs. 3 and 16, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, confidentiality, and the commercial value of its proprietary processes are improper and should be overruled. In addition, should Bell, Defendant GEICO, or a third party engage in the use of skip tracing, number trapping, and/or obtaining telephone numbers through police reports (as Defendant GEICO did for Plaintiff Cabrera), such methods are not proprietary in nature, and Bell's withholding of information on this basis is improper. Further, Bell could simply produce the information marked as confidential pursuant to the Parties' Protective Order (Dkt. 33) should it remain concerned about the commercial value of its processes.[5]

**RTP NO. 33** All DOCUMENTS and ESI IDENTIFYING, DESCRIBING or referring to the purpose, context, conduct, and methodology used to verify prior and continuing express consent from PLAINTIFF and any PROPOSED BELL CLASS MEMBER to receive PHONE CALLS.

**Objection:** Defendant incorporates the objections above, including use of the terms "IDENTIFYING", "DESCRIBING", "PHONE CALLS", "PROPOSED BELL CLASS MEMBER(S)'. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Moreover, this request further seeks materials created by Defendant which contain privileged, confidential and proprietary information. *See Navarro v. Eskanos & Adler, et a*l, 2007 WL 902550 (N.D. Cal. March 22, 2007). Defendant's processes are propriety processes that have independent commercial value and are not generally known. *Id.* They are trade secrets. *Id.* Subject to and without waiver of the foregoing objections, no responsive documents have been located as of this time other than those related to Plaintiff.

---

[5]     Bell's response to this Request also appears to be based upon a mistaken reading of the Request. In particular, Bell objected to Plaintiff's use of "TELEPHONE DIALER EQUIPMENT", though the term is not actually used in the request.

   **Reason to Compel RTP NO. 33:** As addressed in Reason to Compel RTP NOs. 3 and

16, Bell's objections based on the work product doctrine, attorney client privilege, vagueness,

confidentiality, and the commercial value of its proprietary processes are improper and should be

overruled. In addition, Plaintiff seeks information concerning its method of verifying prior and

continuing express consent to ensure that Defendant Bell is complying with the TCPA, not to

obtain any confidential or proprietary information. In the event Defendant Bell has properly

identified documents and information as confidential, it can designate such documents as

confidential pursuant to the Parties' Protective Order.

**RTP NO. 34** All COMMUNICATIONS RELATING TO obtaining prior express consent from
PROPOSED BELL CLASS MEMBERS to receive PHONE CALLS from YOU.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"PHONE CALLS", and "PROPOSED BELL CLASS MEMBER(S)". Defendant objects to this
request to the extent that it seeks materials protected by the work product doctrine and attorney
client privilege. The Request also seeks disclosure of confidential information regarding persons
other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the
PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without
individual inquiries, and Defendant is therefore unaware of the persons (if any) who may
comprise these proposed classes.

   **Reason to Compel RTP NO. 34:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled.

**RTP NO. 37** All COMMUNICATIONS RELATING TO consumer complaints lodged with
YOU RELATING TO the PHONE CALLS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"PHONE CALLS". Defendant objects to this request to the extent that it seeks materials
protected by the work product doctrine and attorney client privilege. The Request also seeks
disclosure of confidential information regarding persons other than Plaintiff. Subject to and
without waiver of the foregoing objections, no responsive documents are believed to exist other
than the Complaint filed in this action by Plaintiff.

     **Reason to Compel RTP NO. 37:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled.

**RTP NO. 38** All COMMUNICATIONS RELATING TO the TELEPHONE DIALING
EQUIPMENT used to make the PHONE CALLS.

**Objection:** Defendant incorporates the objections above, including of the terms
"TELEPHONE DIALING EQUIPMENT", and "PHONE CALLS". Defendant objects to this
request to the extent that it seeks materials protected by the work product doctrine and attorney
client privilege. The Request also seeks disclosure of confidential information regarding persons
other than Plaintiff. Subject to and without waiver of the foregoing objections, no responsive
documents are believed to exist other than the Complaint filed in this action by Plaintiff.

     **Reason to Compel RTP NO. 38:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. In addition, Bell's objection that "no

responsive documents are believed to exist other than the Complaint filed in this action by

Plaintiff" is difficult to believe, as Bell likely communicated with at least the company with

whom it placed the order for the telephone dialing equipment as well as representatives who

would use the equipment. Accordingly, Bell's objection on this basis is improper.

**RTP NO. 39** All COMMUNICATIONS RELATING TO YOU or a third party using a SKIP
TRACE to locate phone numbers belonging to PROPOSED BELL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", and
"PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent it
incorporates a "third party's" actions. Defendant objects to this request to the extent that it seeks
materials protected by the work product doctrine and attorney client privilege. The Request also
seeks potential disclosure of confidential information regarding persons other than Plaintiff.
Defendant also objects to this request as vague and ambiguous because the "PROPOSED BELL
CLASS MEMBERS" are not definable groups and cannot be defined without individual
inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these
proposed classes.

     **Reason to Compel RTP NO. 39:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. In addition, Bell's objection that the request is based on a third party's actions is improper. Not only has Bell not provided any communications regarding it utilizing skip tracing as a method of locating phone numbers, but any communications that it has relating to a third party utilizing that method to obtain phone numbers that it later called is entirely relevant. *See Donahay v. Palm Beach Tours & Transp., Inc.*, 242 F.R.D. 685, 687 (S.D. Fla. 2007) ("under Rule 26 relevancy is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to another matter that could bear on any issue that is or may be in the case.'") (citing *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340 (1978)).

**RTP NO. 40**   All DOCUMENTS and ESI RELATING TO YOU or a third party using a SKIP TRACE to locate phone numbers belonging to PROPOSED BELL CLASS MEMBERS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to the request to the extent it incorporates a "third party's" actions. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the "PROPOSED BELL CLASS MEMBERS" are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

**Reason to Compel RTP NO. 40:**   As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, vagueness, and confidentiality are improper and should be overruled. In addition, Bell's objection that the request incorporates documents related to a third party's actions is improper as discussed in Reason to Compel RTP NO. 39.

**RTP NO. 41**   All COMMUNICATIONS RELATING TO YOU or a third party obtaining or attempting to obtain PROPOSED BELL CLASS MEMBERS' phone numbers through NUMBER TRAPPING.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to the request to the extent it incorporates a "third party's" actions. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the "PROPOSED BELL CLASS MEMBERS" are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing, no responsive documents are believed to exist.

      **Reason to Compel RTP NO. 41:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. In addition, Bell's objection that the

request incorporates documents related to a third party's actions is improper as discussed in

Reason to Compel RTP NO. 39.

**RTP NO. 42**  All DOCUMENTS and ESI RELATING TO YOU or a third party obtaining or attempting to obtain PROPOSED BELL CLASS MEMBERS' phone numbers through NUMBER TRAPPING.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to the request to the extent it incorporates a "third party's" actions. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the "PROPOSED BELL CLASS MEMBERS" are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing, no responsive documents are believed to exist.

      **Reason to Compel RTP NO. 42:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, vagueness, and

confidentiality are improper and should be overruled. In addition, Bell's objection that the

request incorporates documents related to a third party's actions is improper as discussed in

Reason to Compel RTP NO. 39.

**RTP NO. 43**   All DOCUMENTS and ESI containing the phone number "(305) 519-3000" or "3055193000".

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

  **Reason to Compel RTP NO. 43:**   As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this phone number belongs to Plaintiff Carlos Cabrera. Should any documents containing this phone number also include confidential information about other consumers, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate any such documents as confidential pursuant to the Parties' Protective Order. Accordingly, its objection is unsustainable and should be overruled.

**RTP NO. 44**   All COMMUNICATIONS containing the phone number "(305) 519-3000" or "3055193000".

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

  **Reason to Compel RTP NO. 44:**   As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this phone number belongs to Plaintiff Carlos Cabrera. Should any documents containing this phone number also include confidential information about other consumers, Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate any communications as confidential pursuant to the Parties' Protective Order.

**RTP NO. 45**   All COMMUNICATIONS containing the names "Carlos Cabrera" or "Carlos Cabrerra."

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

      **Reason to Compel RTP NO. 45:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and confidentiality are

improper and should be overruled. Further, this phone number belongs to Plaintiff Carlos

Cabrera. Should any documents containing this phone number also include confidential

information about other consumers, Defendant Bell can either redact the information, *see Balfour*

*Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate any communications as confidential

pursuant to the Parties' Protective Order.

**RTP NO. 46**   All DOCUMENTS and ESI containing the names "Carlos Cabrera" or "Carlos Cabrerra."

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

      **Reason to Compel RTP NO. 46:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and confidentiality are

improper and should be overruled. Further, this phone number belongs to Plaintiff Carlos

Cabrera. Should any documents containing this phone number also include confidential

information about other consumers, Defendant Bell can either redact the information, *see Balfour*

*Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the documents as confidential pursuant

to the Parties' Protective Order.

**RTP NO. 47**   All COMMUNICATIONS containing the GEICO claim number 0356770440101028.

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

      **Reason to Compel RTP NO. 47**   As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this claim number is associated with Plaintiff Carlos Cabrera. Should any documents containing this claim number also include confidential information about other consumers, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the communications as confidential pursuant to the Parties' Protective Order.

**<u>RTP NO. 48</u>**   All DOCUMENTS and ESI containing the GEICO claim number 0356770440101028.

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

      **Reason to Compel RTP NO. 48:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this claim number is associated with Plaintiff Carlos Cabrera. Should any documents containing this claim number also include confidential information about other consumers, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the documents as confidential pursuant to the Parties' Protective Order.

**<u>RTP NO. 49</u>** All COMMUNICATIONS containing BELL tracking number 20111958.

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

   **Reason to Compel RTP NO. 49:**  As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this tracking number is associated with Plaintiff Carlos Cabrera. Should any documents containing this tracking number also include confidential information about other consumers, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the communications as confidential pursuant to the Parties' Protective Order.

**RTP NO. 50**  All DOCUMENTS and ESI containing BELL tracking number 20111958.

**Objection:** Defendant incorporates the objections above. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks potential disclosure of confidential information regarding persons other than Plaintiff.

   **Reason to Compel RTP NO. 50:**  As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and confidentiality are improper and should be overruled. Further, this tracking number is associated with Plaintiff Carlos Cabrera. Should any documents containing this tracking number also include confidential information about other consumers, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the documents as confidential pursuant to the Parties' Protective Order. (Dkt. 33.)

**RTP NO. 51**   All DOCUMENTS and ESI sufficient to IDENTIFY the total top-line revenue YOU received as the result of making PHONE CALLS on behalf of GEICO.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", "IDENTIFY", "YOU" and "GEICO", as well as "sufficient to IDENTIFY". Defendant also objects to the extent the request seeks disclosure of confidential and proprietary information.

Defendant objects to this request because it seeks information regarding Defendant's private financial affairs and as such is not reasonably calculated to reasonable discovery of admissible evidence, it is premature, overly broad, and unduly burdensome. The internal accounting and net worth documents are proprietary and confidential. The request is also overly broad in time and scope, as a request for "all documents relating to" for four years prior to the complaint encompasses Defendant's entire accounting systems. Defendant objects to this request on the grounds that this request is premature in that the Court has not certified a class, nor has Plaintiff moved for class certification as of this time.

**Reason to Compel RTP NO. 51:**  As addressed in Reason to Compel RTP NOs. 3 and 16, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and the commercial value of its proprietary processes are improper and should be overruled. In addition, Bell's objections that RTP NO. 51 is "premature, overly broad, and unduly burdensome" are improper. That is, "[o]bjections which state that a discovery request is 'vague, overly broad, or unduly burdensome' are, by themselves, meaningless, and are deemed without merit…." *Guzman*, 249 F.R.D. at 400-01; *see also Bank of Mongolia v. M & P Global Fin. Servs., Inc.*, 258 F.R.D. 514, 519 (S.D. Fla. 2009) (general objections that discovery requests are overly broad or unduly burdensome "fail to comply with both the Local Rules and Rule 34's requirement that objections contain a statement of reasons.") (citing *Pitts v. Francis*, No. 5:07-cv-169, 2008 WL 2229524, at *2 (N.D.Fla. May 28, 2008)).  Rather, if Bell wishes to rely on these objections to withhold documents, it must provide an affidavit explaining the specific and particular way in which each Request is unduly burdensome. *Bank of Mongolia*, 258 F.R.D. at 519 (overruling defendant's objections as a result of "lack of any statement of reason" and holding that "claims of undue burden should be supported by a statement (generally an affidavit) with specific information demonstrating how the request is overly burdensome.") (citing *Benfatto v. Wachovia Bank, N.A.*, No. 08-cv-606460, 2008 WL 4938418, at *4 (S.D. Fla. Nov. 19, 2008)). This includes "a signed affidavit from their custodian of records detailing all steps taken to identify all documents responsive to Plaintiff's document requests", which should

also "specifically identify any production requests for which [d]efendants assert that they have found no responsive records within their possession, custody, or control, despite a thorough search." *Bank of Mongolia*, 258 F.R.D. at 520. Further, "[i]f there is an objection based upon an unduly broad scope, such as time frame . . . discovery should be provided as to those matters within the scope which is not disputed." *Id*.

While Bell has provided that the request is "overly broad in time and scope, as a request for 'all documents relating to' for [sic] four years prior to the complaint encompasses Defendant's entire accounting systems", the objection is improper. The federal statute of limitations for a TCPA claim is four years, 28 U.S.C. § 1658(a), making a request for four years prior to the filing of a complaint undoubtedly relevant. In addition, Bell provided no discovery for the scope in which the timeframe is undisputed. Without more than a mere assertion that a request is overly broad, its objection falls short.

Further, Bell's objection that the request is premature also falls short. As the Parties have agreed to a single discovery period, it is necessary for Plaintiff to obtain this information prior to the close of discovery and more fulsome briefing on class certification issues. Of course, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the documents as confidential pursuant to the Parties' Protective Order to the extent it has any real concerns about confidentiality.

**RTP NO. 52**   All COMMUNICATIONS sufficient to IDENTIFY the total top-line revenue YOU received as the result of making PHONE CALLS on behalf of GEICO.

**Objection:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", "IDENTIFY", "YOU", and "GEICO", as well as "sufficient to IDENTIFY". Defendant also objects to the extent that the request seeks disclosure of confidential and proprietary information. Defendant objects to this request because it seeks information regarding Defendants' private financial affairs and as such is not reasonably calculated to reasonable discovery of admissible evidence, it is premature, overly broad and unduly burdensome. The internal accounting and net worth documents are proprietary and confidential. The request is also

overly broad in time and scope, as a request for "all documents relating to" for four years prior to the complaint encompasses Defendant's entire accounting systems. Defendant objects to this request on the grounds that this request is premature in that the Court has not certified a class, nor has Plaintiff moved for class certification at this time.

**Reason to Compel RTP NO. 52:** As addressed in Reason to Compel RTP NOs. 3 and 16, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and the commercial value of its proprietary processes are improper and should be overruled. In addition, Defendant's objections based on the supposed "premature, overly broad and unduly burdensome" nature of the request are insufficient as discussed in Reason to Compel RTP NO. 51 and should therefore be overruled. Again, Defendant Bell can either redact the information, *see Balfour Beatty Rail, Inc.,* 2006 WL 3792054, at *4, or designate the communications as confidential pursuant to the Parties' Protective Order.

**RTP NO. 53**   All DOCUMENTS and ESI RELATED TO YOU making ROBOCALLS to the PROPOSED BELL ROBOCALL CLASS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "ROBOCALLS", and "PROPOSED BELL ROBOCALL CLASS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 53:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Further, Bell's response that "no responsive documents are believed to exist" is hard to comprehend given that Bell has publicly touted its "innovative use of technology," and that the fact that it was "one of the first companies to add computerized systems into the subrogation process". *See* http://www.bellcorp.com/aboutUs.asp

38

(last accessed April 26, 2013). Not to mention its counsel's admission that it utilized a LiveVox

predictive dialer system "in the past."

**RTP NO. 54**   All COMMUNICATIONS RELATED TO YOU making ROBOCALLS to the
PROPOSED BELL ROBOCALL CLASS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU",
"ROBOCALLS", and "PROPOSED BELL ROBOCALL CLASS". Defendant objects to this
request to the extent that it seeks materials protected by the work product doctrine and attorney
client privilege. The Request also seeks disclosure of confidential information regarding persons
other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the
PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be
defined without individual inquiries, and Defendant is therefore unaware of the persons (if any)
who may comprise these proposed classes. Subject to and without waiver of the foregoing
objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 54:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, confidentiality, and

vagueness are improper and should be overruled. Further, Bell's response that "no responsive

documents are believed to exist" is hard to comprehend given that Bell has publicly touted its

"innovative use of technology," and that the fact that it was "one of the first companies to add

computerized systems into the subrogation process". *See* http://www.bellcorp.com/ aboutUs.asp

(last accessed April 26, 2013). Not to mention its counsel's admission that it utilized a LiveVox

predictive dialer system "in the past."

**RTP NO. 55**   All DOCUMENTS and ESI RELATED TO YOU creating recordings and/or
utilizing an artificial voice for ROBOCALLS.

**Objection**: Defendant incorporates the objections above, including use of the terms "YOU",
"ROBOCALLS", and "PROPOSED BELL ROBOCALL CLASS". Defendant objects to this
request to the extent that it seeks materials protected by the work product doctrine and attorney
client privilege. The Request also seeks disclosure of confidential information regarding persons
other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the
PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be
defined without individual inquiries, and Defendant is therefore unaware of the persons (if any)
who may comprise these proposed classes. Subject to and without waiver of the foregoing
objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 55:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Further, Bell's response that "no responsive documents are believed to exist" is hard to comprehend given that Bell has publicly touted its "innovative use of technology," and that the fact that it was "one of the first companies to add computerized systems into the subrogation process". *See* http://www.bellcorp.com/ aboutUs.asp (last accessed April 26, 2013). Not to mention its counsel's admission that it utilized a LiveVox predictive dialer system "in the past."

**RTP NO. 56**  All COMMUNICATIONS RELATED TO YOU creating recordings and/or utilizing an artificial voice for ROBOCALLS.

**Objection:** Defendant incorporates the objections above, including use of the terms "YOU", "ROBOCALLS", AND "PROPOSED BELL ROBOCALL CLASS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Subject to and without waiver of the foregoing objections, no responsive documents are believed to exist.

**Reason to Compel RTP NO. 56:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Further, Bell's response that "no responsive documents are believed to exist" is hard to comprehend given that Bell has publicly touted its "innovative use of technology," and that the fact that it was "one of the first companies to add computerized systems into the subrogation process". *See* http://www.bellcorp.com/ aboutUs.asp (last accessed April 26, 2013). Not to mention its counsel's admission that it utilized a LiveVox predictive dialer system "in the past."

B.       **Reasons to Compel Bell to Answer Cabrera's Interrogatories**

**INTERROG. NO. 4**   IDENTIFY all PROPOSED BELL CLASS MEMBERS by name, and for each such PERSON, IDENTIFY his or her phone number, the source from which YOU obtained his or her phone number, the DATE you obtained the phone number, and the DATE(s) YOU made PHONE CALLS to each such PERSON, or that PHONE CALLS were made to such PERSON on YOUR behalf.

**Answer:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes.

**Reason to Compel INTERROG. NO. 4:** As addressed in Reason to Compel RTP NO.

3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality,

and vagueness are improper and should be overruled. Further, Defendant Bell has provided

absolutely no support for its contention that the "calls were not made as alleged to be related to

the defined terms and putative classes." Without any support for this contention, Bell's objection

falls flat and should be overruled.

**INTERROG. NO. 5**   If YOU contend that YOU obtained PROPOSED BELL CLASS MEMBERS' phone numbers from any third party PERSON, DESCRIBE all facts surrounding YOUR verification that the PROPOSED BELL CLASS MEMBERS consented to have their telephone numbers transferred to YOU and for the PHONE CALLS to be made to them.

**Answer:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes.

**Reason to Compel INTERROG. NO. 5:** As addressed in Reason to Compel INTERROG. NO. 4, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, vagueness and that "calls were not made as alleged to be related to the defined terms and putative classes" are improper and should be overruled.

**INTERROG. NO. 6**   DESCRIBE YOUR business relationship with GEICO as its RELATES to the acquisition of the PROPOSED GEICO CLASS MEMBERS' phone numbers and as its RELATES to YOU making the PHONE CALLS at the direction of GEICO, INCLUDING IDENTIFYING all contracts, written agreements or any other understandings between YOU and GEICO, and DESCRIBING all instructions and directives GEICO provided to YOU applicable to the PHONE CALLS.

**Answer:**   Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", "GEICO", and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes. No formal "contract" has been located. Bell receives referral sheets from Defendant GEICO, and assists in pursuit of subrogated interests.

**Reason to Compel INTERROG. NO. 5:** As addressed in Reasons to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Further, Defendant Bell's response establishes that it failed to so much as read Plaintiff's Interrogatory. While Bell responds that "no formal 'contract' has been located" and that it "receives referral sheets from Defendant GEICO", it has not so much as described any instructions or directives GEICO provided it relating to the phone calls or any *informal* contracts, agreements, or understandings Bell and GEICO have entered into relating to the subrogation calls at issue. Simply put, it's unlike that Defendant GEICO failed to provide Bell with any guidance or that defendants had absolutely no business relationship beyond GEICO's referral sheets. Accordingly, Defendant Bell's answer is wholly

insufficient and should be supplemented.

**INTERROG. NO. 7**   IDENTIFY all employees or agents of GEICO or any other third party PERSON who has knowledge RELATED TO the collection and transfer to YOU of the PROPOSED BELL CLASS MEMBERS' telephone numbers. For each such employee or agent IDENTIFIED, DESCRIBE their role(s) in the collection and/or transfer of the PROPOSED GEICO CLASS MEMBERS' telephone numbers to YOU.

**Answer:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS", "GEICO", "PROPOSED BELL CLASS MEMBERS" and "PROPOSED GEICO CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS and PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes. Subject to and without waiving the foregoing objections, it appears that a person named Heather Bunch communicated with Bell regarding the file related to a person named Carlos Cabrera.

> **Reason to Compel INTERROG. NO. 5:** As addressed in Reason to Compel RTP NO.

3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Further, Defendant Bell improperly limits its response to a person who communicated with Bell concerning Plaintiff Carlos Cabrera's file, when the Interrogatory seeks identification of all employees or agents of GEICO, or any third party, who has knowledge of any and all of the Proposed Class Members' telephone numbers. This limited response is inadequate in light of Plaintiff's reasonable and relevant request. *See* Fed. R. Civ. P. 26(b)(1) (plaintiffs may properly seek "any matter, not privileged, that is relevant to the claim or defense of any party...[or] which appears reasonably calculated to lead to the discovery of admissible evidence."). Accordingly, the Court should require Bell to supplement its response in accordance with Plaintiff's actual request.

**INTERROG. NO. 8**   DESCRIBE all TELEPHONE DIALING EQUIPMENT used to make the PHONE CALLS to the PROPOSED BELL CLASS MEMBERS, INCLUDING the provisioning of any telephone numbers, the specific API used, how telephone numbers are stored, the organization and design of the database storing the telephone numbers, the software and

hardware utilized, the coded commands utilized to make the PHONE CALLS, and any automated processes that make the PHONE CALLS without human intervention.

**Answer:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant also objects to the term "API" as vague and ambiguous. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes.

**Reason to Compel INTERROG. NO. 8:** As addressed in Reason to Compel RTP NO.

3, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, and vagueness are improper and should be overruled. Simply for clarification purposes, "API", or Application Programming Interface, is defined as a set of requests or instructions used to request other software to perform functions for it. Additionally, Defendant Bell's absolute lack of support that the "calls were not made as alleged to be related to the defined terms and putative classes" renders its objection unsustainable for the reasons described in Reason to Compel INTERROG. NO. 4, and it should be overruled.

**INTERROG. NO. 9**   DESCRIBE all TELEPHONE DIALING EQUIPMENT used to make ROBOCALLS to the PROPOSED BELL ROBOCALL CLASS MEMBERS, INCLUDING the TELEPHONE DIALING EQUIPMENT utilized to record, create and play the pre-recorded ROBOCALLS and/or artificial voice based ROBOCALLS, the software and hardware utilized, the coded commands utilized to make the ROBOCALLS, and any automated processes that make the ROBOCALLS without human intervention.

**Answer:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", "ROBOCALLS", and "PROPOSED BELL ROBOCALL CLASS MEMBERS". Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Request also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes.

**Reason to Compel INTERROG. NO. 9:**   As addressed in Reason to Compel INTERROG. NO. 4, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, vagueness and that "calls were not made as alleged to be related to the defined terms and putative classes" are improper and should be overruled.

**INTERROG. NO. 11**   IDENTIFY all telephone numbers used to make the PHONE CALLS to PLAINTIFF and the PROPOSED BELL CLASS MEMBERS.

**Answer:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Defendant objects to this request to the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Interrogatory also seeks disclosure of confidential information  regarding  persons  other  than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes. Subject to and without waiver of the foregoing objections, assuming that Plaintiff is who he claims to be, the number 305-519-3000 was called related to a Carlos Cabrera.

**Reason to Compel INTERROG. NO. 11:** As addressed in Reason to Compel INTERROG. NO. 4, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, vagueness and that "calls were not made as alleged to be related to the defined terms and putative classes" are improper and should be overruled.

In addition, Bell's reading of this Interrogatory is flawed as well. In particular, Plaintiff requests the telephone numbers Defendant Bell used to *make* calls to Plaintiff and the other Class members, not what telephone numbers *received* its calls. Accordingly, Bell's response is incorrect and insufficient, and it should be supplemented pursuant to Fed. R. Civ. P. 26(e)(1).

**INTERROG. NO. 13**   State the total number of PHONE CALLS made to PROPOSED BELL CLASS MEMBERS.

**Answer:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", and "PROPOSED BELL CLASS MEMBERS". Defendant objects to this request to

the extent that it seeks materials protected by the work product doctrine and attorney client privilege. The Interrogatory also seeks disclosure of confidential information regarding persons other than Plaintiff. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes. Defendant states that calls were not made as alleged to be related to the defined terms and putative classes.

   **Reason to Compel INTERROG. NO. 13:** As addressed in Reason to Compel INTERROG. NO. 4, Bell's objections based on the work product doctrine, attorney client privilege, confidentiality, vagueness and that "calls were not made as alleged to be related to the defined terms and putative classes" are improper and should be overruled.

   **C. Reasons to Compel Bell to Answer Cabrera's Requests to Admit**

**RTA NO. 1** YOU made PHONE CALLS to PLAINTIFF.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU" and "PHONE CALLS". Denied as phrased. Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff.

   **Reason to Compel RTA NO. 1:** Despite Plaintiff's production of the phone recording with Plaintiff Cabrera in which the Bell representative admits that Bell called Plaintiff, Bell denies making phone calls to Plaintiff. Without question, Defendant is being untruthful and the Court should compel an accurate response.

**RTA NO. 2** YOU made PHONE CALLS to PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS" and "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

      **Reason to Compel RTA NO. 2:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 3** YOU made PHONE CALLS to PROPOSED BELL CELLULAR TELEPHONE
CLASS MEMBERS' cellular telephones.

**Response:** Defendant incorporates the objections above, including use of the terms
"YOU", "PHONE CALLS" and "PROPOSED BELL CELLULAR TELEPHONE CLASS
MEMBERS". As noted above, this request further calls for the revelation of matters protected by
the work product doctrine, and possibly the revelation of attorney client privileged matters.
Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL
CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined
without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may
comprise this proposed classes. Subject to and without waiver of these objections and upon a
reasonable inquiry, Defendant is without knowledge and therefore cannot admit or deny this
request.

      **Reason to Compel RTA NO. 3:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 4** YOU were instructed by GEICO to make PHONE CALLS to PLAINTIFF.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU",
"GEICO", and "PHONE CALLS". As noted above, this request further calls for the revelation of
matters protected by the work product doctrine, and possibly the revelation of attorney client
privileged matters. Subject to and without waiver of these objections and upon a reasonable
inquiry, Defendant denies the request as phrased.

      **Reason to Compel RTA NO. 4:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine and attorney client privilege are improper and

should be overruled. In addition, Bell admits in INTERROG. NO. 6 that it makes calls based on

referral sheets GEICO provides it, and Bell produced a police report it received from GEICO

with Cabrera's telephone number. Thus, Bell's denial of this Request appears wholly inaccurate

at best. Accordingly, Bell's objections should be overruled and the Court should compel Bell to accurately respond.

**RTA NO. 5**  YOU were instructed by GEICO to make PHONE CALLS to PROPOSED GEICO CLASS MEMBERS

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS" and "PROPOSED GEICO CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request as phrased.

**Reason to Compel RTA NO. 5:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine and attorney client privilege are improper and should be overruled. In addition, Bell admits in INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it. Thus, Bell's denial of this Request appears wholly inaccurate at best. Accordingly, its objections should be overruled and the Court should compel it to accurately respond.

**RTA NO. 6**  YOU were instructed by GEICO to make PHONE CALLS to PROPOSED GEICO CELLULAR TELEPHONE CLASS MEMBERS' cellular telephones.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS" and "PROPOSED GEICO CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request as phrased.

**Reason to Compel RTA NO. 6:** Bell admits in INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it. Thus, Bell's denial of this Request appear wholly inaccurate at best. Accordingly, its objections should be overruled and the Court should compel it to accurately respond.

**RTA NO. 7**  YOU made PHONE CALLS to PLAINTIFF on behalf of GEICO.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS" and "GEICO". Denied as phrased. Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff.

> **Reason to Compel RTA NO. 7:** Bell admits in INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it, and Bell produced a police report it received from GEICO with Cabrera's telephone number. Thus, Bell's denial of this Request appears wholly inaccurate at best. Accordingly, its objections should be overruled and the Court should compel it to accurately respond.

**RTA NO. 8**   YOU made PHONE CALLS TO PROPOSED GEICO CLASS MEMBERS on behalf of GEICO.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "GEICO", "PHONE CALLS" and "PROPOSED GEICO CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED GEICO CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request as phrased.

> **Reason to Compel RTA NO. 8:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled. In addition, Bell admits in INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it. Thus, its denial of this Request appears wholly inaccurate at best. Accordingly, Bell's objections should be overruled and the Court should compel it to accurately respond.

**RTA NO. 11**   PLAINTIFF did not provide YOU with prior express consent to make PHONE CALLS to him on his cellular telephone.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU" and "PHONE CALLS". Denied as phrased. Additionally, Defendant has made a reasonable inquiry

and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff.

      **Reason to Compel RTA NO. 11:** Bell raised the affirmative defense of prior express consent in its Answer to Plaintiff's Complaint. (Dkt. 14.) If Bell actually obtained consent, it should have documentation of that consent and should be required to produce it.

**RTA NO. 12**  PLAINTIFF did not provide GEICO with prior express consent to make PHONE CALLS to him on his cellular telephone.

**Response:** Defendant incorporates the objections above, including use of the terms "GEICO" and "PHONE CALLS". Denied as phrased. Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff.

      **Reason to Compel RTA NO. 12:** Bell raised the affirmative defense of prior express consent in its Answer to Plaintiff's Complaint. (Dkt. 14.) If Bell or GEICO actually obtained consent, Bell should have documentation of that consent and should be required to produce it.

**RTA NO. 14**  YOU made ROBOCALLS to PLAINTIFF on GEICO'S behalf.

**Response:** Defendant incorporates the objections above, including use of the terms "GEICO". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Subject to and without waiver of the foregoing objections, the request is Denied.

      **Reason to Compel RTA NO. 14:** Bell admits in INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it, and Bell produced a police report it received from GEICO with Cabrera's telephone number. Thus, Bell's denial of this Request appears wholly inaccurate at best. Accordingly, its objections should be overruled and the Court should compel it to accurately respond.

**RTA NO. 15**  YOU made ROBOCALLS to PROPOSED BELL ROBOCALL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL ROBOCALL CLASS MEMBERS". Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of the foregoing objections, the request is Denied.

**Reason to Compel RTA NO. 15:** As addressed in Reason to Compel RTP NO. 3, Bell's

objection based on vagueness is improper and should be overruled. In addition, Bell admits in

INTERROG. NO. 6 that it makes calls based on referral sheets GEICO provides it. Thus, Bell's

denial of this Request appears wholly inaccurate at best. Accordingly, Bell's objections should

be overruled and the Court should compel it to accurately respond.

**RTA NO. 18**   PROPOSED BELL CLASS MEMBERS did not provide YOU with prior express consent to make PHONE CALLS to them.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CLASS MEMBERS", "YOU" and "PHONE CALLS". Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of the foregoing objections, the request is Denied.

**Reason to Compel RTA NO. 18:** As addressed in Reason to Compel RTP NO. 3, Bell's

objection based on vagueness is improper and should be overruled. In addition, Bell raised the

affirmative defense of prior express consent in its Answer to Plaintiff's Complaint. (Dkt. 14.) If

Bell actually obtained consent, it should have documentation of that consent and should be

required to produce it.

**RTA NO. 20**   PROPOSED BELL ROBOCALL CLASS MEMBERS did not provide YOU with prior express consent to make ROBOCALLS to them.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL ROBOCALL CLASS MEMBERS", and "YOU". Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of the foregoing objections, the request is Denied.

**Reason to Compel RTA NO. 20:** As addressed in Reason to Compel RTP NO. 3, Bell's objection based on vagueness is improper and should be overruled. In addition, Bell raised the affirmative defense of prior express consent in its Answer to Plaintiff's Complaint. (Dkt. 14.) If Bell actually obtained consent, it should have documentation of that consent. Accordingly, the Court should compel Bell to respond truthfully to this Request.

**RTA NO. 23**   PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS' did not provide YOU with prior express consent to make PHONE CALLS to them on their cellular telephone.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS", "YOU" and "PHONE CALLS". Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of the foregoing objections, the request is Denied.

**Reason to Compel RTA NO. 23:** As addressed in Reason to Compel RTP NO. 3, Bell's objection based on vagueness is improper and should be overruled. In addition, Bell raised the affirmative defense of prior express consent in its Answer to Plaintiff's Complaint. (Dkt. 14.) If Bell actually obtained consent, it should have documentation of that consent and should be required to produce it.

**RTA NO. 25** PLAINTIFF did not provide YOU with his telephone number.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Subject to and without waiver of the foregoing objections, the request is Denied.

**Reason to Compel RTA NO. 25:**  Despite Bell's production of the police report from which it obtained Plaintiff's telephone number, Bell denies that Plaintiff provided it himself based on its inability to discern whether Plaintiff is who he claims to be. If Plaintiff Cabrera did

in fact provide Bell his telephone number, Bell should have documentation of that disclosure.

Accordingly, the Court should compel Bell to respond truthfully to this Request.

**RTA NO. 26**   PLAINTIFF did not provide GEICO with his telephone number.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Subject to and without waiver of the foregoing objections, the request is Denied.

      **Reason to Compel RTA NO. 26:**  For the reasons described in Reason to Compel RTA

NO. 25, the Court should compel Bell to respond truthfully to this Request.

**RTA NO. 30**   YOU acquired PLAINTIFF'S phone number from a police report.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Subject to and without waiver of the foregoing objections, the request is Denied.

      **Reason to Compel RTA NO. 30:**  Unless Bell obtained Plaintiff's phone number from

somewhere other than the police report it produced to Plaintiff, Bell should have admitted this

request. Accordingly, the Court should compel Bell to respond truthfully to this Request.

**RTA NO. 36**   GEICO acquired PLAINTIFF'S phone number from a police report.

**Response:** Defendant incorporates the objections above, including use of the terms "GEICO". Additionally, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time, whether Plaintiff is the person he alleges to be, and whether the telephone number it is alleged to have called belonged to Plaintiff. Subject to and without waiver of the foregoing objections, Defendant has made a reasonable inquiry and is without knowledge as to, and therefore cannot admit or deny at this time.

      **Reason to Compel RTA NO. 36:**   Unless GEICO provided some other source of

acquisition of Cabrera's phone number in its referral to Bell, Bell should have admitted this

request. Accordingly, the Court should compel Bell to respond truthfully to this Request.

**RTA NO. 43**   Since July 13, 2008, YOU made more than 10,000 PHONE CALLS to PROPOSED BELL CLASS MEMBERS.

**Response:** Denied. Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS" and "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

  **Reason to Compel RTA NO. 43:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 44**   Since July 13, 2008, YOU made more than 50,000 PHONE CALLS to PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS" and "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

  **Reason to Compel RTA NO. 44:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 45**   Since July 13, 2008, YOU made more than 100,000 PHONE CALLS to the PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PHONE CALLS" and "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of

the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 45:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 49**  There are more than 10,000 PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 49:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 50**  There are more than 50,000 PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation o attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 50:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 51**  There are more than 100,000 PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 51:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled.

**RTA NO. 52**  There are more than 500,000 PROPOSED BELL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "PROPOSED BELL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 52:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled.

**RTA NO. 57**   YOU used TELEPHONE DIALING EQUIPMENT to make PHONE CALLS to PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 57:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled.

**RTA NO. 58**   The PHONE CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS were not manually or individually made from a telephone.

**Response:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 58:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled.

**RTA NO. 59**   The PHONE CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS were made, in part, without human intervention.

**Response:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". Defendant also objects to the use of the phrase "in part, without human intervention", as vague and ambiguous in both time and scope. As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 59:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled. Further, to the extent Bell asserts that "in part, without human intervention" is "vague and ambiguous in both time and scope", it should have provided (and

now be required to provide) a response pertaining to whatever time and scope it did not dispute.

*Bank of Mongolia*, 258 F.R.D. at 520.

**RTA NO. 60**  The PHONE CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS were made to telephone number(s) contained in a list, spreadsheet or database.

**Response:** Defendant incorporates the objections above, including use of the terms "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

       **Reason to Compel RTA NO. 60:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 61**  The TELEPHONE DIALING EQUIPMENT that was used to make the PHONE CALLS to PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS had the capacity to generate numbers in a random or sequential fashion.

**Response:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

       **Reason to Compel RTA NO. 61:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 62**  The TELEPHONE DIALING EQUIPMENT that was used to make the PHONE

CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS had the capacity to store numbers in a random or sequential fashion.

**Response:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 62:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 63**. The TELEPHONE DIALING EQUIPMENT that was used to make the PHONE CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS had the capacity to dial numbers in a random or sequential fashion.

**Response:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 63:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 64**   The TELEPHONE DIALING EQUIPMENT that made the PHONE CALLS to the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS had the capacity to dial telephone numbers as part of an automated process.

**Response:** Defendant incorporates the objections above, including use of the terms "TELEPHONE DIALING EQUIPMENT", "PHONE CALLS", and "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS". Defendant also objects to the use of the

phrase "as part of an automated process", as vague and ambiguous in both time and scope. As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

    **Reason to Compel RTA NO. 64:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled. Further, to the extent Defendant asserts that "as part of an

automated process" is "vague and ambiguous in both time and scope", it should have provided

(and now be required to provide) a response pertaining to whatever time and scope it did not

dispute. *Bank of Mongolia*, 258 F.R.D. at 520.

**RTA NO. 68**   YOU created, or had created for YOU, pre-recorded messages for the purpose of making ROBOCALLS to PROPOSED BELL ROBOCALL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PROPOSED BELL ROBOCALL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

    **Reason to Compel RTA NO. 68:** As addressed in Reason to Compel RTP NO. 3, Bell's

objections based on the work product doctrine, attorney client privilege, and vagueness are

improper and should be overruled.

**RTA NO. 69**   YOU created, or had created for YOU, recordings utilizing an artificial voice for the purpose of making ROBOCALLS to PROPOSED BELL ROBOCALL CLASS MEMBERS.

**Response:** Defendant incorporates the objections above, including use of the terms "YOU", "PROPOSED BELL ROBOCALL CLASS MEMBERS". As noted above, this request further calls for the revelation of matters protected by the work product doctrine, and possibly the revelation of attorney client privileged matters. Defendant also objects to this request as vague

and ambiguous because the PROPOSED BELL ROBOCALL CLASS MEMBERS are not definable groups and cannot be defined without individual inquiries, and Defendant is therefore unaware of the persons (if any) who may comprise this proposed classes. Subject to and without waiver of these objections and upon a reasonable inquiry, Defendant denies the request.

**Reason to Compel RTA NO. 69:** As addressed in Reason to Compel RTP NO. 3, Bell's objections based on the work product doctrine, attorney client privilege, and vagueness are improper and should be overruled.

### III.   The Court Should Continue Plaintiff's Deadline to Make Expert Disclosures Pending a Ruling on the Instant Motion to Compel.

Finally, Plaintiffs seeks an Order continuing his deadline to make the disclosures required by Fed. R. Civ. P. 26(a)(2), until Bell has supplemented its discovery responses and produced all of the information and documents to which he is entitled in discovery. Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified "for good cause and with the judge's consent." *Florida Pediatric Soc. v. Sec'y of Florida Agency for Health Care Admin.*, No. 05-23037CIV-JORDAN/M, 2008 WL 4072805, at * 6 (S.D. Fla. July 30, 2008). "[T]he good cause inquiry turns on whether the party seeking modification of the pretrial schedule was diligent in attempting to meet the pretrial scheduling order deadlines."). *Id.* (citing *Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998)). Federal Rule 6 similarly echoes this standard. *See* Fed. R. Civ. P. 6(b)(1)(a) ("When an act may or must be done within a specific time, the court may, for good cause, extend the time with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires"). Here, good cause exists to enlarge the period for Plaintiff to make his expert disclosures.

Foremost, he has diligently worked to meet the established deadlines in this case. As described above, the he has been actively engaged in attempting to obtain formal discovery from Bell and to resolve any outstanding disputes between the parties without the need for motion

practice. Despite his efforts and as described above, however, he has been met with little more than Bell's blanket refusals to produce relevant and responsive information, which ultimately necessitate the instant motion to compel. *See Weiss v. Standard Ins. Co.*, No. 08-80712-CIV, 2009 WL 1833963, at * 5 (S.D. Fla. June 25, 2009) (granting plaintiff's request for an extension and stating that the "purpose of discovery under the Federal Rules is to require the disclosure of all relevant information so that the ultimate resolution of disputed issues…may be based on a full and accurate understanding of the true facts….") (citing *United States v. Proctor & Gamble Co.*, 356 U.S. 677, 682 (1958)).

Moreover, it bears noting that assuming Bell is required to produce the requested information in short order, Plaintiff does not seek to amend any of the other currently scheduled deadlines in this case—i.e., the deadlines to complete fact discovery, file dispositive motions, or proceed with trial. As such, the requested extension may not delay the ultimate disposition of this case. *See* Appendix A to the Southern District of Florida Local Rules, Discovery Practices Handbook, Section (I)(E)(2) (stating that "[m]otions for extension of discovery…will normally be granted only if it clearly appears that any scheduled trial will not have to be continued as a result of the extension.").

Likewise, the instant request is made for the purpose of ensuring that the Plaintiff has sufficient time to disclose and review information that will likely be instrumental in informing the ultimate disposition of the issues in this case (e.g., the contours of the putative class and Bell's ultimate liability). *See Florida Pediatric Soc.*, 2008 WL 1833963, at * 6 (considering that "[p]laintiffs have been diligent in their prosecution of this lawsuit and have not carelessly allowed court-ordered deadlines to pass" in granting plaintiff's motion to extend the pretrial scheduling deadlines); *see also Estate of Washington v. Carter's Retail, Inc.*, No. 3:10-CV-1136-

J-32TEM, 2011 WL 2731291, at *3-4 (M.D. Fla. July 13, 2011) (granting request to extend where the motion was "one day late, discovery was still ongoing," and "[p]laintiff's counsel notified [d]efendant forthwith of her intention to file the instant motion").

Finally, the requested extension is made in good faith and not prejudice any of the parties. Conversely, if Plaintiff is not afforded the requested extension, he may suffer prejudice from his inability to present the necessary expert reports and testimony at the time of briefing on class certification or trial. *See Weiss v.* 2009 WL 1833963, at *4-5.

Accordingly, good cause exists for the Court to enlarge the period for Plaintiff to make expert disclosures until after the disposition of the instant motion to compel.

## CONCLUSION

WHEREFORE, Plaintiff Carlos Cabrera respectfully requests that the Court enter an Order: (i) overruling Defendant Bell's objections to Plaintiff's outstanding discovery requests, (ii) directing Defendant Bell to supplement its discovery responses, (iii) continuing the deadline for Plaintiff to make his expert disclosures as appropriate, and (iv) providing such other and further relief as the Court deems reasonable and just.

## Certification Pursuant to L.R. 7.1(a)(3)

The undersigned hereby certifies that prior to filing the instant motion, counsel for Plaintiff and Defendant Bell conferred, but were unable to reach agreement with respect to the relief requested herein.

Respectfully submitted,

**CARLOS CABRERA**, individually and on behalf of all those similarly situated,

Date: July 24, 2013

By:     *s/ Scott D. Owens*
One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
Christopher L. Dore (Admitted *Pro Hac Vice*)
Benjamin H. Richman (Admitted *Pro Hac Vice*)
EDELSON LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: (312) 589-6370
Fax: (312) 589-6378
rbalabanian@edelson.com
cdore@edelson.com
brichman@edelson.com

Scott D. Owens (Fla. Bar No. 0597651)
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Boulevard
Hallandale, Florida 33009
Scott@ScottDOwens.com

Bret Leon Lusskin , Jr.
BRET LUSSKIN, P.A.
1001 N. Federal Hwy, Ste. 106
Hallandale Beach, FL 33009
Tel:  954-454-5841
Fax: 954-454-5844