# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FT. LAUDERDALE DIVISION

CARLOS CABRERA, individually
and all others similarly situated,

CASE NO.: 12-cv-61390-KMW

*Plaintiff*,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY and
BELL, LLC,

*Defendants*.
_____/

**PLAINTIFF'S FIRST SET OF INTERROGATORIES TO
DEFENDANT BELL, LLC**

Plaintiff Carlos Cabrera, pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby requests that Defendant Bell, LLC answer the following Interrogatories under oath within thirty (30) days of service hereof.

## *I.   Definitions*

1. "COMPLAINT" shall mean Plaintiff's Class Action Complaint filed in this action.

2. "COMPUTER" or "COMPUTER EQUIPMENT" means all data processing equipment, INCLUDING central processing units (CPUs), whether contained in a server or free standing computer or laptop or PDA or similar device that may contain data storage capabilities, irrespective of whether such computing platform, infrastructure or storage is virtualized, whether that data be structured or unstructured, and also INCLUDING any equipment where computer files (INCLUDING without limitation, records, DOCUMENTS, logs, and any other contiguous

1

of non-contiguous bit strings), hidden system files or METADATA presently reside such as hard disk drives, optical disk drives, removable MEDIA, such as floppy disk drives, CD-ROM and DVD drives, Zip drives, Jaz drives, Maxtor drives or snap drives, data processing cards, computer magnetic tapes, backup tapes, drum and disk storage devices or any other similar electronic storage MEDIA or system of whatever name or description. "COMPUTER OR COMPUTER EQUIPMENT" also means all digital image evidence that may be stored on any type of hardware used to store or manipulate electronic images, INCLUDING microfilm, microfiche and their repositories and readers, or design or engineering computer systems and regardless of any digital image's format, INCLUDING .jpg, .bmp, or some other advanced or proprietary form of digital image format, such as CAD layered drawings. "COMPUTER OR COMPUTER EQUIPMENT" also refers to sources of digital evidence that may not presently be in use by YOU or may have been deleted from YOUR active systems, whether the source is a backup tape or disk, some other data retention system or some form of disaster recovery system. "COMPUTER OR COMPUTER EQUIPMENT" also refers to places where digital evidence may reside that may have been deleted from YOUR active files and which may not be readily recoverable from a backup medium, such as METADATA.

    3.    "COMPUTER SYSTEM" refers to free standing servers, COMPUTERS and laptops, and also refers to YOUR network infrastructure and computer support systems of the or subject to YOUR possession, custody or control, such as YOUR subsidiaries, predecessors, successors, assigns, joint ventures, partners, parents, agents or affiliates (in this country or throughout the world), INCLUDING the following:

    (a)    YOUR LAN, WAN or other network systems, regardless of methods of connectivity (e.g., by T1, T3 or optical lines), domains, INCLUDING PDCs,

network OS (such as Novell, Microsoft, UNIX, Citrix or some other similar type) or protocols, backup and disaster recovery hardware and media, regardless of the physical location of those electronic storage systems.

(b) YOUR email servers and any repository of email (INCLUDING within the inbox, sent box, deleted box or some similar file of the COMPUTERS of employees or management), or in any backup form whatsoever, regardless of whether you use Microsoft Exchange, Outlook, Outlook Express, Lotus Notes or some combination of email management software or some alternative commercial or proprietary email management software.

(c) YOUR administrative offices, INCLUDING backup and disaster recovery restoration plans and repositories, data retention plans and repositories, purge plans and repositories, training plans and repositories, and libraries of hardcopy materials of any description (regardless of where located) and online training and operation manuals that have been scanned to disk.

(d) YOUR offsite technical and service bureau support systems, INCLUDING ASP (application service provider) support, scanning or data conversion support, offsite data storage or archive support.

(e) YOUR web hosting and administration services, INCLUDING intranet and extranet sites, regardless of whether they are now publicly posted or exist in English, or some other language.

4. "DATE" means the exact year, month and day, if known, or, if not known, YOUR best approximation thereof.

5. "DESCRIBE" or "DESCRIBING" when used in relation to any process, policy,

act or event means to explain the process, policy, act or event in complete and reasonable detail, stating the time, DATE, and location, IDENTIFYING all PERSONS participating or present, and IDENTIFYING all DOCUMENTS RELATING thereto.

6. "DOCUMENT" or "DOCUMENTS" includes writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations, INCLUDING ESI—stored in any medium from which information can be obtained.

7. "ELECTRONICALLY STORED INFORMATION" or "ESI" as used herein, means and refers to COMPUTER generated information or data, of any kind, stored on COMPUTERS, file servers, disks, tape or other devices or MEDIA, or otherwise evidenced by recording on some storage MEDIA, whether real virtual, or cloud-based.

8. "GEICO" means or refers to Defendant Government Employees Insurance Company and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.

9. "IDENTIFY" when used with respect to a natural PERSON, means to state the PERSON'S full name, present or last known business affiliation and position, past and present home address and past position and business affiliation, if any, with any of the parties herein.

10. "IDENTIFY" when used with respect to a company or other business entity, means to state the company's legal name, the names under which it does business, its form (e.g., partnership, corporation, etc.), the address of its principal place of business, and to IDENTIFY its principal proprietors, officers and/or directors.

11. "IDENTIFY" when used with respect to a DOCUMENT, means to state the DATE(S) prepared, drafted or generated, the author(s), intended and actual recipient(s), type of

DOCUMENT (e.g., "letter," "Terms of Service" or "email"), and to IDENTIFY its last known custodian or location.

12. "IDENTIFY" when used in reference to an event, transaction, or occurrence, means to DESCRIBE the act in complete and reasonable detail; state the time, DATE, location; IDENTIFY all PERSONS participating or present; and IDENTIFY all DOCUMENTS RELATING thereto.

13. "IDENTIFY" when used with respect to a COMMUNICATION, means to state type of COMMUNICATION (i.e., telephone discussion, email, face-to-face, etc.), the name and present address of each PERSON present during the COMMUNICATION, or who otherwise observed or heard the COMMUNICATION and to state the subject matter of the COMMUNICATION and the DATE upon which it occurred. If the COMMUNICATION was in writing, IDENTIFY all DOCUMENTS that RELATE or are RELATED TO the COMMUNICATION in the manner provided above.

14. "INCLUDING" means "including, but not limited to;" "INCLUDES" means "includes, but not limited to."

15. "MEDIA" means an object or device, real or virtual, INCLUDING a disc, tape, COMPUTER or other device, on which data is or was stored.

16. "METADATA" means and refers to data about data, INCLUDING without limitation information embedded in a native file or other data that is not ordinarily viewable or printable from the application that generated, edited, or modified such native file which describes the characteristics, origins, usage and validity of the electronic file as well as information generated automatically by the operation of a computer or other information technology system when a native file is created, modified, transmitted, deleted or otherwise manipulated by a user

of such system, INCLUDING the following (to the extent available):

- Document number or Production number (INCLUDING the document start and document end numbers). This should use the standard Bates number in accordance with those used in previous productions.

- BeginAttach

- EndAttach

- Title/Subject

- Sent/Date and Time (for emails only)

- Last Modified Date and Time Created Date and Time (for ESI)

- Received DATE and Time (for emails only)

- Author

- Recipients

- cc:

- bcc:

- Source (custodian)

- Hash Value

- File Path

- Media (type of media that the DOCUMENT was stored on when it was collected)

- Page Count

- Original File Name

- DOCUMENT extension

- Full Text

- Accessed DATE & Time

- Last Print DATE

17. "NUMBER TRAPPING" means or refers to the practice of utilizing caller identification technology to collect a PERSON'S phone number when that PERSON places a call to Defendants GEICO and/or BELL.

18. "PERSON" or "PERSONS" means or refers to any natural person, corporation, partnership, association, organization, joint ventures, or other entity of any type or nature.

19. "PHONE CALLS" means or refers to the telephone calls described in the COMPLAINT REGARDING insurance subrogation claims.

20. "PLAINTIFF" means or refers to the plaintiff in this action, Carlos Cabrera.

21. "PROPOSED BELL CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the Bell Cellular Telephone Class and/or the Bell Robocall Class as set forth in Paragraph 25 of the COMPLAINT.

22. "PROPOSED BELL ROBOCALL CLASS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the Bell Robocall Class as set forth in Paragraph 25 of the COMPLAINT.

23. "PROPOSED GEICO CLASSES" or "PROPOSED GEICO CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the GEICO Cellular Telephone Class and the GEICO Robocall Class as set forth in Paragraph 25 of the COMPLAINT.

24. "REGARDING", "RELATING", "RELATING TO", "RELATE" or "RELATED" means discussing, mentioning, addressing, referring to, analyzing, comprising, underlying, memorializing, describing, or showing the subject indicated.

25. "RELEVANT TIME PERIOD" means or refers to the time period between July 13, 2008 and the present.

26. "ROBOCALL" means or refers to telephone calls utilizing a pre-recorded or artificial voice rather than a live person.

27. "TCPA" means the Telephone Consumer Protection Act (47 U.S.C. § 227).

28. "TELEPHONE DIALING EQUIPMENT" means or refers to the telecommunications equipment, other telemarketing systems and/or COMPUTERS or COMPUTER SYSTEMS used to make the PHONE CALLS.

29. "YOU," "YOUR," "DEFENDANT," or "BELL" means or refers to Defendant Bell, LLC and its divisions, subsidiaries, RELATED companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.

## II. Instructions

1. The PERSON responding to an Interrogatory should have knowledge to answer said Interrogatory. If another PERSON has superior knowledge of the information requested in a specific Interrogatory, that other PERSON should respond to that Interrogatory and be so designated. If such PERSON is unavailable, that PERSON should be fully IDENTIFIED and the nature and scope of their knowledge and the reasons that such PERSON'S knowledge is or is believed to be superior, explained fully.

2. In responding to these Interrogatories, furnish all information, however obtained, INCLUDING hearsay that is available to YOU and any information known by YOU, or that is within YOUR possession, custody or control.

3. These are intended as continuing Interrogatories, having within them a duty to timely supplement YOUR responses until and during the course of trial. Information sought by these Interrogatories that YOU obtain after YOU serve YOUR responses hereto must be

disclosed to PLAINTIFF by supplementary responses.

4. It is intended by this set of Interrogatories to elicit information not merely within YOUR knowledge, but obtainable by YOU or on YOUR behalf.

5. YOU may not claim lack of information or knowledge as grounds for failing to respond to any Interrogatory or as grounds for giving an incomplete or partial response to any Interrogatory without exercising due diligence to secure the full information needed to respond. Where YOU rely or respond based on information provided to YOU from any other PERSON, fully IDENTIFY that PERSON and how YOU obtained the information from them. Where YOU rely on information in any DOCUMENT, specifically IDENTIFY the DOCUMENT and IDENTIFY the PERSON who has custody of that DOCUMENT.

6. If YOU cannot respond to an Interrogatory in full after exercising due diligence to secure the full information needed to do so, so state and respond to the extent possible, specifying YOUR inability to respond to the remainder, stating whatever information or knowledge YOU have concerning the un-responded to portion and detailing what YOU did in attempting to secure the unknown information.

7. If any Interrogatory is objected to on the basis that the time period covered by the Interrogatory is irrelevant, burdensome, or otherwise inappropriate, state what time period YOU consider proper for that Interrogatory and answer the Interrogatory for that time period, preserving YOUR objection to the remainder of the time period.

8. If YOU object or otherwise refuse to respond to any portion of any Interrogatory, YOU shall (i) state the nature and basis of the objection or reason for such refusal in sufficient fashion to permit the Court to rule on the validity of the objection, and (ii) answer all portions of such Interrogatory that are not claimed to be objectionable.

9. If YOU object to answering all or any part of any Interrogatory on the grounds of privilege or work product, IDENTIFY the privileged matter, materials and/or DOCUMENT(S), and with respect to each, IDENTIFY:

(a) the DATE appearing on such DOCUMENT, or if no DATE appears, the DATE on which such DOCUMENT or ESI was prepared;

(b) ESI METADATA creation, revision, transmission, receipt, and last access dates;

(c) the name of each PERSON to whom such material, DOCUMENT or ESI was addressed;

(d) the name of each PERSON, other than the addressee(s) IDENTIFIED in subparagraph (b) above, to whom such material, DOCUMENT or ESI, or copy thereof was sent, or with whom such material, DOCUMENT or ESI was discussed;

(e) the name of each PERSON who signed such material, DOCUMENT or ESI, if not signed, the name of each PERSON who prepared it;

(f) the name of each PERSON making any contribution to the authorship of such material, DOCUMENT or ESI;

(g) the job title or position of each PERSON IDENTIFIED in subparagraphs (b), (c), (d), and (e) above;

(h) the DATE such material, DOCUMENT or ESI was received or discussed by each PERSON IDENTIFIED in subparagraphs (b) or (c) above;

(i) the general nature or description of such material, DOCUMENT or ESI, and where applicable, its number of pages;

    (j) the name of each PERSON who currently has custody of such material, DOCUMENT or ESI; and

    (k) the specific ground(s) upon which the privilege or work product rests.

  10. The singular form of a word shall be interpreted as plural, and the plural form of a word shall be interpreted as singular, whichever makes the Interrogatory most broad.

  11. As used herein, the present tense shall also include the past tense.

  12. For any term used herein, which is not otherwise specifically defined, the common and usual meaning of such term is intended. Any ambiguity in these Interrogatories shall be resolved so as to construe these Interrogatories as broadly as possible.

  13. When these Interrogatories refer to a "specific location," they contemplate a level of detail that would allow counsel to independently locate an item without significant assistance. Thus, when these Interrogatories request the specific location of digital MEDIA, an acceptable answer might be "in Bill Johnson's office, at 123 Main Street, Suite 100, New York, NY 10000."

  14. Unless otherwise stated, all Interrogatories pertain to the RELEVANT TIME PERIOD.

### III. Interrogatories

**INTERROGATORY NO. 1**

  IDENTIFY all PERSONS who participated in or supplied information upon which YOUR answers to these Interrogatories, the responses to Plaintiff's First Set of Requests for the Production of Documents, the answers to Plaintiff's First Set of Requests to Admit Facts, as well as YOUR Answer and Affirmative Defenses to the Plaintiff's Complaint.

**INTERROGATORY NO. 2**

For each PERSON IDENTIFIED in YOUR answer to Interrogatory No. 1 above, state the PERSON'S employer, their position or title, their job duties or responsibilities, the length of time of each such PERSON'S employment, and IDENTIFY the answers, responses or portions of DOCUMENTS that each such PERSON assisted in answering, responding to, drafting or otherwise has knowledge of.

**INTERROGATORY NO. 3**

IDENTIFY all of YOUR employees or agents who have knowledge of any of the PHONE CALLS made by YOU, INCLUDING PERSONS with knowledge of the decision to make the PHONE CALLS, the existence of PROPOSED BELL CLASS MEMBERS' prior express consent to receive the PHONE CALLS, the content of the PHONE CALLS, and/or the TELEPHONE DIALING EQUIPMENT used to make the PHONE CALLS. For each such PERSON, DESCRIBE the reason and basis for him or her being IDENTIFIED.

**INTERROGATORY NO. 4**

IDENTIFY all PROPOSED BELL CLASS MEMBERS by name, and for each such PERSON, IDENTIFY his or her phone number, the source from which YOU obtained his or her phone number, the DATE you obtained the phone number, and the DATE(s) YOU made PHONE CALLS to each such PERSON, or that PHONE CALLS were made to such PERSON on YOUR behalf.

**INTERROGATORY NO. 5**

If YOU contend that YOU obtained PROPOSED BELL CLASS MEMBERS' phone numbers from any third party PERSON, DESCRIBE all facts surrounding YOUR verification that the PROPOSED BELL CLASS MEMBERS consented to have their telephone numbers transferred to YOU and for the PHONE CALLS to be made to them.

**INTERROGATORY NO. 6**

DESCRIBE YOUR business relationship with GEICO as its RELATES to the acquisition of the PROPOSED GEICO CLASS MEMBERS' phone numbers and as its RELATES to YOU making the PHONE CALLS at the direction of GEICO, INCLUDING IDENTIFYING all contracts, written agreements or any other understandings between YOU and GEICO, and DESCRIBING all instructions and directives GEICO provided to YOU applicable to the PHONE CALLS.

**INTERROGATORY NO. 7**

IDENTIFY all employees or agents of GEICO or any other third party PERSON who has knowledge RELATED TO the collection and transfer to YOU of the PROPOSED BELL CLASS MEMBERS' telephone numbers. For each such employee or agent IDENTIFIED, DESCRIBE their role(s) in the collection and/or transfer of the PROPOSED GEICO CLASS MEMBERS' telephone numbers to YOU.

**INTERROGATORY NO. 8**

DESCRIBE all TELEPHONE DIALING EQUIPMENT used to make the PHONE CALLS to the PROPOSED BELL CLASS MEMBERS, INCLUDING the provisioning of any telephone numbers, the specific API used, how telephone numbers are stored, the organization and design of the database storing the telephone numbers, the software and hardware utilized, the coded commands utilized to make the PHONE CALLS, and any automated processes that make the PHONE CALLS without human intervention.

**INTERROGATORY NO. 9**

DESCRIBE all TELEPHONE DIALING EQUIPMENT used to make ROBOCALLS to the PROPOSED BELL ROBOCALL CLASS MEMBERS, INCLUDING the TELEPHONE

DIALING EQUIPMENT utilized to record, create and play the pre-recorded ROBOCALLS and/or artificial voice based ROBOCALLS, the software and hardware utilized, the coded commands utilized to make the ROBOCALLS, and any automated processes that make the ROBOCALLS without human intervention.

**INTERROGATORY NO. 10**

DESCRIBE how YOU, or any third party PERSON acting on YOUR behalf, update the contact information for PERSONS to whom the PHONE CALLS are made, INCLUDING any reasons for any updates, the PERSON(s) responsible for making such changes, the process and systems YOU have in place to ensure that outdated phone numbers are removed, and the process utilized to "opt-out" PERSONS who have requested to no longer receive phone calls from YOU.

**INTERROGATORY NO. 11**

IDENTIFY all telephone numbers used to make the PHONE CALLS to PLAINTIFF and the PROPOSED BELL CLASS MEMBERS.

**INTERROGATORY NO. 12**

DESCRIBE the policies and procedures YOU have in place to ensure that YOU and any PERSONS acting on YOUR behalf are aware of and comply with the TCPA.

**INTERROGATORY NO. 13**

State the total number of PHONE CALLS made to PROPOSED BELL CLASS MEMBERS.

**INTERROGATORY NO. 14**

State the total number of PHONE CALLS made to PROPOSED GEICO CLASS MEMBERS.

\*         \*         \*

14

                        **CARLOS CABRERA**, individually and on behalf of all those similarly situated,

Date: January 4, 2013                    By: /s/ Christopher L. Dore
                                                           One of Plaintiff's Attorneys

Rafey S. Balabanian (Admission *pro hac vice* pending)
Benjamin H. Richman (Admission *pro hac vice* pending)
Christopher L. Dore (Admission *pro hac vice* pending)
EDELSON MCGUIRE LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
rbalabanian@edelson.com
brichman@edelson.com
cdore@edelson.com

Scott D. Owens
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: 954.589.0588
scott@scottdowens.com

Bret Leon Lusskin , Jr.
BRET LUSSKIN, P.A.
1001 N. Federal Hwy, Ste 106
Hallandale Beach, FL 33009
(954) 454-5841
blusskin@lusskinlaw.com

## CERTIFICATE OF SERVICE

I, Christopher L. Dore, an attorney, hereby certify that on January 4, 2013, I served the above and foregoing *Plaintiff's First Set of Interrogatories to Defendant Bell, LLC,* by causing a true and accurate copy of such paper to be transmitted to the persons shown below via electronic mail and further, by placing a true and accurate copy of such paper in a postage prepaid envelope addressed to the persons shown below and depositing such envelope in the U.S. Mailbox located at 350 North LaSalle Street, Chicago, Illinois 60654, on this the 4th of January 2013.

John P. Marino
Fowler White Boggs
50 North Laura Street, Suite 2800
Jacksonville, Florida 32202
jmarino@fowlerwhite.com

David P. Hartnett
Hinshaw & Culbertson
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33134
dhartnett@hinshawlaw.com

By: /s/ Christopher L. Dore

16