# Exhibit 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 09-61164-CIV-UNGARO

JEFFREY D. BIANCHI,
    Plaintiff,

v.

BRONSON & MIGLIACCIO, LLP,
    Defendant.
_____/

## ORDER ON THE PARTIES' MOTIONS
## FOR JUDGMENT AS A MATTER OF LAW

THIS CAUSE is before the Court upon Defendant's Motion for Judgment as a Matter of Law as to Count VIII at the conclusion of Plaintiff's case-in-chief and at the conclusion of Defendant's case. Also before the Court is Plaintiff's Motion for Judgment as a Matter of Law as to Count VIII. The Court has carefully considered all the evidence in the light most favorable to Plaintiff.

For the reasons set forth below, Defendant's Motions are DENIED. Plaintiff's Motion is GRANTED IN PART as to Count VIII (Violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in so much as the Court finds that Defendant is a "person" (as that term is defined by the TCPA) and that Defendant made sixty-seven (67) calls to Plaintiff's cellular telephone using an "automatic telephone dialing system" (as that term is defined by the TCPA). The Court, however, declines to find as a matter of law whether Plaintiff expressly consented to any such calls.

### Background

Plaintiff Jeffrey Bianchi ("Bianchi") defaulted on making payments to his Bank of

1

America credit card, and Defendant Bronson & Migliaccio, LLP ("Bronson") purchased this debt from its client Collect America Collection Agency ("Collect America"). As part of Bronson's agreements with Collect America, Collect America directs Bronson to use a dialer system called 'LiveVox.' LiveVox maintains a password-protected website, which Bronson directly accesses and inputs account information for the debtors that it wishes to LiveVox to call. Bronson also specifies the frequency with which it would like LiveVox to dial any particular debtor. LiveVox then automatically begins dialing the debtors and continues to do so at the frequency Bronson requested. There is no employee or person involved on LiveVox's end of this process.

When Bronson directs a particular account to be contacted by the LiveVox dialer, a note is generated on Bronson's system. As the testimony and Bronson's system notes (Exhibit 1) demonstrate, LiveVox dialed Bianchi's cellular telephone sixty-seven times at Bronson's direction. Bronson's corporate representative, Johnathon P. Cawley ("Cawley"), testified that Bronson received Bianchi's cellular telephone number from Collect America, and he believed that Collect America received it from Bank of America.

Bronson presented no documentary evidence that Bianchi consented to such calls being placed to his cellular telephone. Meanwhile, Bianchi testified that he had not given Bank of America his cellular telephone number and that, in general, he would provide the residential telephone number for the place he was living and his work telephone number when applying for credit. He also testified that he has had the same cellular telephone number for approximately the last ten years, but that he could not recall the last time he had a residential telephone number registered in his name. He also could not recall whether he had a residential telephone number at the time he applied for his Bank of America credit card. Finally, Bianchi testified that his

2

cellular phone service charged him a flat rate for a limited number of minutes and that he could not recall whether any of the subject calls were received after his minute limit had been reached.

Bianchi filed this suit against Bronson alleging violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et. seq.* (Counts I-V), the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55, *et. seq.* (Counts VI-VII) and the TCPA (Count VIII).

## Legal Standard

Rule 50 of the Fed. R. Civ. P. provides:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may (A) resolve the issue against the party; and (B) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

Fed. R. Civ. P. 50(a).

In considering a motion for judgment as a matter of law, all evidence and all reasonable inferences from the evidence must be considered in the light most favorable to the nonmoving party. *Nebula Glass Int'l, Inc., v. Reichhold, Inc.*, 454 F.3d 1203, 1210 (11th Cir. 2006); *Ledbetter v. Goodyear Tire & Rubber Co., Inc.,* 421 F.3d 1169, 1177 (11th Cir. 2005) ("When the merits of the motion turn on the sufficiency of the evidence, we review the entire record, examining all evidence, by whomever presented, in the light most favorable to the nonmoving party, and drawing all reasonable inference in the nonmovant's favor.") However, "the non-movant must put forth more than a mere scintilla of evidence suggesting that reasonable minds could reach differing results." *Id.* (citation omitted). The motion can be granted "only if the facts and inferences point overwhelmingly in favor of the [movant], such that reasonable people

3

could not arrive at a contrary verdict." *Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (citation omitted).

## Analysis

The TCPA provides, in pertinent part, that it is unlawful for any person to:

> to make any call (other than a call made for emergency purposes <u>or made with the prior express consent of the called party</u>) using <u>any automatic telephone dialing system</u> or an artificial or prerecorded voice-- (iii) to any telephone number assigned to a paging service, <u>cellular telephone service</u>, specialized mobile radio service, <u>or</u> other radio common carrier service, <u>or</u> any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1)(A) (emphasis added).

**A.  Bronson's Motions**

Bronson argues that it is entitled to judgment as a matter of law on Bianchi's TCPA claim for two reasons. First, Bronson argues that there has been no evidence that it placed the calls to Bianchi's telephone number; rather, LiveVox was responsible for all sixty-seven of the phone calls. Second, Bronson argues that it is not liable in any event because Bianchi was not charged for the calls.

The Court rejects both of these arguments. Bronson's argument that it is somehow insulated from TCPA liability because it did not make the calls fails on the plain reading of the statute. The statute prohibits debt collectors from *making* calls *using* automatic telephone dialing systems. The TCPA defines "automatic telephone dialing system" as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1). The FCC has stated that the basic function of such equipment is "the capacity to dial numbers without human

4

intervention." *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 132 (Fed. Commc'n Cmm'n July 3, 2003). The undisputed evidence in this case shows that LiveVox is a fully-automated dialing service, which calls debtors without any human intervention, that Bronson utilized to place sixty-seven calls to Bianchi's cellular telephone.[1] Thus, the Court finds that Bronson may be liable under the TCPA as the person who made the calls using an automatic telephone dialing system.

Further, Bronson's argument that it cannot be liable under the TCPA in any event because Bianchi was not charged for the calls is irrelevant. For support, Bronson cites to the Court a Federal Communication Commission ("FCC") Report and Order, *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 1992 WL 620228, 7 F.C.C.R. 8752, ¶ 45 (Fed. Commc'n Cmm'n Oct. 16, 1992), which states: "Based on the plain language of § 227(b)(1)(iii), we conclude that the TCPA did not intend to prohibit autodialer or prerecorded message calls to cellular customers for which the called party is not charged."

The Court is not persuaded by this FCC Order where the statute reads: "It shall be unlawful for any person . . . to *make* any call . . . .[to any] cellular telephone service, . . . *or* any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1). The statute does not require that the call be received or that the cellular telephone service charge the person called. Instead, the unambiguous language of the statute prohibits the making of any such call to any cellular phone <u>or</u> to any other service for which the called party is charged for the call.

---

[1] The undisputed evidence was that Bronson had what is akin to a license, subscription, or other legal right to use the LiveVox automatic dialing system.

Moreover, whatever persuasive value Bronson's FCC Order may have had was minimized by FCC's recognition in 2003 that cellular telephone customers are "charged for incoming calls whether they pay in advance or after the minutes are used" and that callers have no way to determine how consumers are charged for their cellular service. *In the Matter of Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991,* 2003 WL 21517583, 18 F.C.C.R. 14014, ¶ 165 (Fed. Commc'n Cmm'n July 3, 2003); *see also Satterfield v. Simon & Schuster,* 569 F.3d 946, 943-44 (9th Cir. 2009) (stating that Congress intended to regulate the use of automatic telephone dialing systems to "communicate *or try to get into communication* with a person by a telephone" (emphasis added)).

For the foregoing reasons, the Court denies Bronson's Motions for Judgment as a Matter of Law.

**B.      Bianchi's Motion**

Bianchi moves for judgment as a matter of law on his TCPA claim and seeks statutory damages as provided under 47 U.S.C. § 227(b)(3)(B). Bianchi argues that there is no dispute on the number of the calls made by Bronson through LiveVox and that it is undisputed that he did not consent to any such calls.

Bronson objects to any finding as a matter of law on the issue of consent, arguing that (1) Cawley's testimony supports a finding that Bianchi provided his cellular telephone number to either Bank of America or Collect America, which evinces his consent to be called, and (2) the jury should consider whether Bianchi's testimony is credible on the issue of whether he did not consent to the calls.

The Court finds that Cawley's testimony about how Bank of America or Collect America

6

obtained Bianchi's cellular telephone number is pure speculation. Cawley did not testify as a corporate representative for either Bank of America or Collect America, and, therefore, he is not competent to testify as to how those entities acquire such information.

The Court, however, agrees with Bronson that the jury should determine whether Bianchi's testimony is credible proof of a lack of consent.[2] It is well-established that it is within the province of the jury to determine the credibility of a witness and the weight to be given his testimony. *Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 627-28 (1944). "[T]he mere

---

[2] Bianchi argues that the burden of establishing consent, rather, rests on Bronson and cites for support a FCC declaratory ruling, *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991: Request of ACA Int'l for Clarification & Declaratory Ruling*, 23 F.C.C.R. 559, ¶ 11 (Fed. Commc'n Cmm'n Dec. 28, 2007). In this ruling, the FCC clarified the meaning of "prior express consent" – a term not defined in the TCPA – and, in doing so, went further to state: "*Should* the question arise as to whether express consent was provided, the burden will be on the creditor to show that it obtained the necessary express consent." (emphasis added). The FCC's pronouncement regarding who bears the burden, however, is merely dicta as it does clarify the meaning of prior express consent.

Further, the Court finds that because the TCPA is silent on the issue of who carries the burden of establishing consent, it falls to Bianchi. *See Thomas v. George, Hartz, Lundeen, Fulmer, Johnstone, King & Stevens, P.A.*, 525 F.3d 1107, 1110 (11th Cir. 2008) (citing *Schaffer v. Weast*, 546 U.S. 49, 56 (2005) for the general rule that when a statute is silent as to who bears the burden of proof, the default is that the plaintiff carries the risk of proving his claims). Similar to the statute at issue in the Eleventh Circuit case, *Thomas*, here the TCPA sets forth in a straightforward fashion four elements: (1) that a person made a call (2) without the plaintiff's consent (3) using any automatic telephone dialing system (4) to plaintiff's cellular telephone. 47 U.S.C. § 227(b)(1). In *Thomas*, one of the statutory elements was whether the defendant had obtained information for an 'impermissible use,' and the statute at issue listed elsewhere what constituted permissible uses. *Id.* at 1111. The Eleventh Circuit held that it was plaintiff's burden to prove the 'impermissible use' element and rejected the argument that it was an exception to liability for which the defendant carried the burden. *Id.* Similarly, here the element is whether Bronson had Bianchi's consent to call – *i.e.,* whether the calls were 'permissible calls.' Thus, the lack of consent element is not an exception to liability for which Bronson carries the burden. Finally, the TCPA plainly sets up exceptions to liability elsewhere, and the undersigned does not believe this difference is meaningless. *Compare* 47 U.S.C. § 227(b)(1) *with* § 227(b)(1 (2); *see also Thomas,* 525 F.3d at 1113.

In any event, the Court notes that the question of consent was sent to the jury, who ultimately found in favor of Bianchi on this issue. Thus, if the Court's instruction to the jury that Bianchi carried the burden was erroneous, it constituted nothing more than harmless error.

7

fact that the witness is interested in the result in the suit is deemed sufficient to require the credibility of his testimony to be submitted to the jury as a question of fact." *Id.* at 628 (quotation and citation omitted). Thus, particularly because Bianchi is self-interested, the Court finds that the jury shall decide whether he testimony regarding lack of consent is credible.

Accordingly, the Court denies judgment as a matter of law on Count VIII as to whether Bianchi consented to the calls made to his cellular telephone.

### Conclusion

Based on the foregoing, it is hereby

ORDERED AND ADJUDGED that Defendant's Motions for Judgment as a Matter of Law is DENIED. It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Judgment as a Matter of Law is GRANTED IN PART AND DENIED IN PART in accordance with this Order.

DONE AND ORDERED in Chambers at Miami, Florida, this 26th day of May, 2010, *nunc pro tunc* for May 21, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
counsel of record