## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CARLOS CABRERA, individually
and all others similarly situated,

                Plaintiff,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

           Defendants.

_____/

**CLASS ACTION**

**CASE NO.: 12-cv-61390-KMW**

## DEFENDANT GOVERNMENT EMPLOYEES INSURANCE
## COMPANY'S MEMORANDUM IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR CLASS CERTIFICATION

Defendant, Government Employees Insurance Company ("GEICO"), respectfully submits the Memorandum in Opposition to Plaintiff's Combined Motion and Memorandum of Law in Support of Class Certification (Dkt. 66) ("Plaintiff's Current Motion").

### I.    SUMMARY

The class Plaintiff seeks to certify under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA"), has been a moving target. The class Plaintiff now attempts to certify is the seventh different class definition that he has proposed.[1]

The alleged calls at issue were not made by GEICO. They were allegedly made through LiveVox, an entity that GEICO has had no relationship or dealings with. LiveVox is not even mentioned in Plaintiff's Complaint.[2]

---

[1] Plaintiff's Class Action Complaint (Dkt. 1)("Complaint") proposes four separate classes. *See* Complaint, pg. 6. Plaintiff's original motion for class certification (Dkt. 40) then proposed two different classes. Plaintiff then withdrew his original motion for class certification, and his Current Motion proposes yet a different class.

[2] Plaintiff attempts to hold GEICO vicariously liable for calls it undisputedly did not make. However, there is no "on behalf of" liability under Section 227 (b) of the TCPA. *See Mais v. Gulf Coast Collection Bureau*, No. 11-61936, 2013 WL 1899616, at *11-12 (S.D. Fla. May 8, 2013); *see also Mey v. Pinnacle Sec., LLC*, 2012 WL 4009718, at *3-4 (N.D.W.Va.

                                          (footnote cont'd)

Plaintiff must satisfy a high evidentiary burden to certify a class. Yet Plaintiff's Motion relies on unsupported statements and mischaracterizations of the record in this case. The actual facts and record show that Plaintiff has failed to meet his burden for several reasons:

1.    *Plaintiff's Complaint does not support his purported class claims.* His Complaint does not assert the class he is now attempting to certify. Nor does his Complaint allege the facts that his Current Motion is based on.

2.    *Plaintiff's proposed class is not ascertainable.* Under Plaintiff's current proposed class definition, a person must have never provided prior express consent under the TCPA to be a class member. Whether or not different individuals ever provided consent can only be determined by separate individual inquiries.

3.    *Plaintiff did not have a residential line.* He therefore does not have standing, and his claim is not typical, for TCPA claims based on alleged calls to residential lines. Moreover, Plaintiff's Current Motion does not distinguish between alleged calls to cellular numbers as opposed to residential lines.

4.    *Plaintiff does not satisfy numerosity.* His Current Motion only shows an approximate total number of claims that were allegedly referred to Defendant Bell, LLC ("Bell") relating to GEICO and other related entities. But Plaintiff does not show how many of these referrals related to the actual Defendant - Government Employees Insurance Company. Moreover, the record is clear that not all referrals involved calls placed through LiveVox and Plaintiff offers no evidence of the number that actually involved calls placed through LiveVox.

5.    *Individual inquiries predominate consent under the TCPA.* Separate individual inquires would be necessary to determine whether each purported class member provided consent under the TCPA. This would first require discovery concerning the individual facts and circumstances applicable to each proposed class member, and then separate factual determinations based upon those individual facts and circumstances.

---

2012); *Thomas v. Taco Bell Corp.,* 879 F.Supp.2d 1079, 1084 (C.D. Cal. 2012). Plaintiff's apparent reliance on a recent declaratory ruling by the Federal Communications Commission is misplaced. *See* Plaintiff's Current Motion, pg. 11 (citing *In re Dish Network, LLC et al.,* 28 F.C.C.R. 6574, 6584 ¶ 28 (F.C.C. May 9, 2013). This ruling on its face applies in the telemarketing context. Nevertheless, the facts would not support a finding of vicarious liability in any event. GEICO will fully pursue and present this issue through summary judgment proceedings.

6.    *Individual issues predominate damages, defenses and potential counterclaims.* Plaintiff seeks actual damages for himself and purported class members.  These issues can only be determined on an individual basis.  And the Court would further have to determine separate counterclaims, setoff defenses, and other unique defenses as to each purported class member.

7.    *Plaintiff does not satisfy superiority.*  Class treatment would not be efficient or manageable given the individual issues that predominate.

8.    *Plaintiff and the proposed class seek money damages that are not incidental.* Class certification under Rule 23(b)(2) is therefore not appropriate.

## II.    BACKGROUND

GEICO is an insurance company.  As part of its business, it sometimes pursues subrogation claims.  *See* Christopher Bateman Deposition at 9:6-10:3 ███████████████

████████████████████████████████████████████████ *See* Bateman Dep. at 14:2-4.



████████ *See* Bateman  Dep. 11:11-16, 14:5-19.

██████████████████████████████ *See* Bateman Dep. 11:17-24.

████████ *See* Bateman Dep. 12:3-11.

Q. ████████████████████████████████████

A. ████████████████████

Q. ████████████

A. ████████████████████████

---

[3] Plaintiff has filed a copy of the Deposition of Christopher Bateman (Dkt. 66).

*See* Bateman Dep. at 17:15-23:4



These communications occurred in Plaintiff Cabrera's case. ▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮ *See* Deposition of Carlos Cabrera, Exhibits 7 and 8;[5] Bateman

Dep. at 61:20-62:2. While Cabrera testified that ▮▮▮▮▮▮▮▮▮▮

▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Cabrera Dep. 52:8-54:7. ▮▮▮▮

▮▮▮▮▮▮▮▮▮▮ *See* Cabrera Dep. 51:6-25.

### A.      Plaintiff's Complaint and First Motion for Class Certification.

Plaintiff's Complaint attempts to bring claims under the TCPA. His Complaint seeks certification of four separate proposed classes. *See* Complaint, pg. 6. It also contains four separate counts, and each count is asserted on behalf of one of these four specific proposed classes. *Id.* at pgs. 8-12.

Plaintiff later filed his original Motion for Class Certification (Dkt. 40). This motion sought certification of two different classes, neither of which is pled in his Complaint. Plaintiff then withdrew his original Motion for Class Certification (Dkt. 65).

### B.      Plaintiff's Current Motion.

Plaintiff has now filed his Current Motion. And his Current Motion seeks certification of yet a different proposed class:

> All persons in the United States to whom (1) a telephone call was placed through LiveVox that featured an artificial or prerecorded voice; (2) to a phone number provided to LiveVox by Bell LLC; (3) whose contact information was provided to Bell LLC by GEICO; and (4) who never provided Bell LLC, GEICO, or any third party acting on their behalf, prior express consent to place telephone calls to the phone number called.

*See* Plaintiff's Current Motion, pg. 1. This proposed class is not one of the four classes asserted in his Complaint. Moreover, it is based on alleged calls placed through LiveVox. But Plaintiff's

---

[4] ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ for the Defendant in this case (Government Employees Insurance Company), as well as for affiliated insurance entities. *See* Declaration of Joel Bouvier, ¶¶ 11-12 (Dkt. 55-1); Deposition of Joel Bouvier at 61:1-24 (objections omitted). These affiliated entities include GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company

[5] The Deposition of Carlos Cabrera is attached as Exhibit 1.

Complaint contains no allegations concerning alleged calls placed through LiveVox. In fact, his Complaint makes no reference to LiveVox at all.

### C.   Plaintiff Mischaracterizes Key Testimony.

In addition to being inconsistent with his Complaint, Plaintiff's Current Motion mischaracterizes key testimony. For example, Plaintiff tells the Court that:

> However, the contact information that GEICO provides to Bell doesn't come from and certainly isn't given by those individuals directly. Instead, GEICO collects it through various sources including: ████████████████

Plaintiff then cites to specific testimony of Christopher Bateman. *See* Plaintiff's Current Motion, pg. 3 (citing Bateman Dep. at 20:15-18, 24:7-16).

But Plaintiff does not show the Court the actual testimony he cites to support his contention that contact information "doesn't come from and certainly isn't given by those individuals directly." Contrary to Plaintiff's characterization of the testimony, the actual testimony shows that in some instances contact information is, in fact, provided directly by the individuals:



*See* Bateman Dep. at 20:12-21:4 (emphasis added).

Plaintiff also tells the Court that "GEICO admits that the circumstances surrounding Plaintiff's and the Class's claims are essentially the same." Plaintiff again cites to specific testimony of Christopher Bateman. *See* Plaintiff's Current Motion, pg. 15 (citing Bateman, at

69:19-20).   But contrary to Plaintiff's characterization of the testimony, it makes no such admission.  Mr. Bateman actually testified:



*See* Bateman Dep. at 69:14-20 (objections omitted) (emphasis added).

Plaintiff also tells the Court that "GEICO readily admits " *See* Plaintiff's Second Motion, pg. 13 (citing Bateman, at 22:24, 23:18 and Bateman at 102:8).  Again, the actual testimony contains no such admission:



*See* Bateman Dep. at 22:20-24; 23:13-24 (objections omitted).  Accordingly, this testimony in no way shows that "GEICO readily admits ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ And it shows that it differs depending upon the situation.

### III.   ARGUMENT

A Court may certify a class action only if it is satisfied, after a rigorous analysis, that the prerequisites of Rule 23 have been met.  *Gilchrist v. Bolger*, 733 F.2d 1551, 1555 (11th Cir.

1984). A plaintiff seeking class certification carries the burden of proof. *Rutstein v. Avis Rent-A-Car Sys., Inc.*, 211 F.3d 1228, 1233 (11th Cir. 2000).

Moreover, "Rule 23 does not set forth a mere pleading standard. A party seeking class certification must affirmatively demonstrate his compliance with the Rule - - that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S.Ct. 2541, 2551, 180 L.Ed.2d 374 (2011). Plaintiff has not met this burden.

**A.   Plaintiff's Complaint Does Not Plead or Support the Proposed Class.**

Plaintiff has proposed seven different classes at various stages of this case. The class Plaintiff now seeks to certify is not asserted in his Complaint, nor is it based upon facts alleged in his Complaint. Moreover, each of the four counts in the Complaint are brought on behalf of a separate specific proposed class – none of which are the class that Plaintiff now proposes.

The Eleventh Circuit has confirmed that a district court must determine "whether [a plaintiff's] complaint, as pled, can sustain class certification under Rule 23." *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1266 (11th Cir. 2009). In *Vega* the plaintiff attempted to seek certification of a sub-class that was not pled in the complaint. *Id.* at 1263. He also simultaneously moved for leave to amend the complaint to add a proposed subclass or alternative class. *Id.* The district court denied amendment, but did certify a modified class that appears to have incorporated some of the language and issues from the proposed sub-class. *Id.* at 1263-64.

The Eleventh Circuit reversed certification of the modified class, holding that the requirements of Rule 23 were not met based on the complaint, as pled. *Id.* at 1267-1268, 1271-1272. The same is true in this case. Plaintiff's Current Motion and proposed class definition is not based on his complaint as pled.

Plaintiff cites Rule 23(c)(1)(C) and *Prado-Steiman ex. Rel Prado v. Bush*, 221 F.3d 1266 (11th Cir. 2000) for the proposition that "altering a class definition as a result of discovery is permissible under both Rule 23 and well established case law." *See* Current Motion, pg. 1, n. 1. But neither Rule 23 nor *Prado* provide that *a party* can ignore his complaint and move to certify a class not asserted in or based on facts pled in his complaint.

Rather, both recognize that *the court* (not a party) *can amend class certification orders* at any time before final judgment. *See* Fed. R. Civ. P. 23(c)(1)(C); *Prado* at 1273 (emphasis added). There is no class certification order in this case, and a party is not the Court. As the

7

Eleventh Circuit confirmed in *Vega*, a *party* must support certification based on his complaint *as pled*.

Plaintiff cannot effectively attempt to amend his Complaint through his Current Motion for class certification. *See also Cwiak v. Flint Ink Corporation*, 186 F.R.D. 494, 497 (N.D. Ill. 1999) (holding that a plaintiff's "attempt to amend the complaint through the motion for class certification is inappropriate, and the class certification issue must be decided on the definition stated in the complaint.") Plaintiff's Current Motion does not even reference, much less support, any of the four proposed classes asserted in his Complaint.

**B.   Plaintiff's Proposed Class is Not Ascertainable.**

"Before a district court may grant a motion for class certification, a plaintiff . . . must establish that the proposed class is adequately defined and clearly ascertainable." *Little v. T-Mobile USA, Inc.*, 691 F.3d 1302, 1304 (11th Cir. 2012) (internal quotation marks omitted). "[A]scertainability entails two important elements.   First, the class must be defined with reference to objective criteria.   Second, there must be a reliable and administratively feasible mechanism for determining whether putative class members fall within the class definition." *Hayes v. Wal-Mart Stores, Inc.*, 725 F. 3d 349, 354-355 (3d Cir. 2013) (internal citations omitted).

"If class members are impossible to identify without extensive and individualized fact finding or 'mini-trials,' then a class action is inappropriate." *Marcus v. BMW of North America*, LLC, 687 F.3d 583, 593 (3d Cir. 2012); *see also Hayes*, 725 F. 3d at 354-355; William B. Rubenstein, Newberg on Class Actions § 3:3 (5th ed. 2011) ("Administrative feasibility means that identifying class members is a manageable process that does not require much, if any, individual factual inquiry.")

Plaintiff's proposed class includes those individuals "who never provided Bell LLC, GEICO, or any third party acting on their behalf, prior express consent to place telephone calls to the phone number called."   There is no administratively feasible way to determine this with reference to objective criteria.   Rather, whether or not someone provided consent to place telephone calls to the phone number called is a purely subjective fact.   It can only be determined individually based on the facts and circumstances of each separate person's dealings and communications with GEICO, with Bell, and possibly with third parties.   Accordingly, the Court

8

would have to engage in extensive individual fact finding to determine who is (and who is not) a member of Plaintiff's current proposed class.

Class treatment is therefore not appropriate. *See Kirts v. Green Bullion Financial Services, LLC,* Case No. 10-20312, 2010 WL 3184382, at *6 (S.D. Fla. Aug. 3, 2010) (holding that where individual determinations are required to determine a party's class membership, class certification is inappropriate.); *Perez v. Metabolife Int'l, Inc.,* 218 F.R.D. 262, 269 (S.D. Fla. 2003) (noting that "[a] court should deny class certification where the class definitions are overly broad, amorphous, and vague, or where the number of individualized determinations required to determine class membership becomes too administratively difficult."); *Kelecseny v. Chevron, U.S.A., Inc.,* 262 F.R.D. 660, 667 (S.D. Fla. 2009) (denying class certification where "[s]imply to determine whether certain individuals may be in the class, detailed individual inquiry is required."); *O'Neill v. The Home Depot, USA, Inc.,* 243 F.R.D. 469, 478 (S.D. Fla. 2006) (denying motion for class certification where "individual investigations or testimony will ... be necessary."); *see also infra* Section III.E.

### C.   Plaintiff Did Not Have a Residential Line.

"[A]ny analysis of class certification must begin with the issue of standing." *Griffin v. Dugger,* 823 F.2d 1476, 1482 (11th Cir. 1987). "Only after the court determines the issues for which the named plaintiffs have standing should it address the question whether the named plaintiffs have representative capacity, as defined by Rule 23(a), to assert the rights of others." *Id.*

Plaintiff apparently attempts to bring purported class claims for alleged violations of both 227(b)(1)(A)(iii) and 227(b)(1)(B) of the TCPA. Section 227(b)(1)(A)(iii) makes it unlawful:

> [T]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—
>
> ***
>
> [T]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. Section 227(b)(1)(A)(iii).

Section 227(b)(1)(B), on the other hand, specifically addresses residential lines.  It makes it unlawful:

> [T]o initiate any telephone call **to any residential telephone line** using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. Section 227(b)(1)(B) (emphasis added).  Plaintiff does not plead that he had a residential telephone to which any call was made. ██████████████████████████████ ██████ *See Cabrera* Dep. at 32:8-20.

"It is not enough that a named plaintiff can establish a case or controversy between himself and the defendant by virtue of having standing as to one of many claims he wishes to assert.  Rather, 'each claim must be analyzed separately, and a claim cannot be asserted on behalf of a class unless at least one named plaintiff has suffered the injury that gives rise to that claim." *Prado*, 221 F.3d at 1280 (citing *Griffin*, 823 F.2d at 1483).

Plaintiff suffered no call to a residential telephone line.  He therefore cannot bring class claims based on alleged calls to residential telephone lines.

Plaintiff's claim is further not typical for claims based on alleged calls to residential lines.  *See Thorne v. Accounts Receivable Management, Inc.*, 282 F.R.D. 684, 694-695 (S.D. Fla. 2012) (holding the typicality requirement is not satisfied where the Plaintiff did not have a cognizable claim under section of the Fair Debt Collections Practices Act included in the proposed class claims.)

Moreover, Plaintiff's Current Motion makes no distinction between alleged calls to cellular phones and alleged calls to residential telephone lines.  Nor has he shown any objective administratively feasible way to do this.  His current proposed class is further not ascertainable for this reason.

### D.     Plaintiff Has Not Satisfied the Numerosity Requirement.

Plaintiff's Current Motion tells the Court that "GEICO referred approximately ███ claim files to Bell."  *See* Plaintiff's Current Motion, pg. 9.  Yet Plaintiff is aware that not all these referrals related to the Defendant Government Employees Insurance Company:

Q. ██████████████████████████████████████████
█████████████████████████



*See* Bouvier Dep. at 149:24-150:12 (objections omitted).  The record is also clear that not all referrals involved calls placed through LiveVox:



*See* Bouvier Dep. at 119:20-25.  Plaintiff also tells the Court that:

> Though Bell has refused to state the exact number of GEICO files for which it used LiveVox's technology, that can be readily determined through both its and LiveVox's records.  (See Bouvier, at 149:7-12 (when asked if Bell could produce a list of all GEICO files it referred to LiveVox, Joel Bouvier testified, ███████████)

*See* Plaintiff's Current Motion, pg. 9.  But again, Plaintiff is mischaracterizing the actual testimony.  The actual testimony shows



*See* Bouvier Dep. at 149:6-22.  Accordingly this could not be "readily determined" as Plaintiff suggests.

11

Nevertheless, Plaintiff has offered no evidence of the actual number of GEICO claims that had calls placed through LiveVox. The Eleventh Circuit confirmed in *Vega* that a court cannot find numerosity based on assumptions and inferences:

> We have noted that, "[a]lthough mere allegations of numerosity are insufficient to meet this prerequisite, a plaintiff need not show the precise number of members in the class." Nevertheless, a plaintiff still bears the burden of making *some* showing, affording the district court the means to make a supported factual finding, that the class actually certified meets the numerosity requirement. Vega has not cited, and we cannot locate in the record, any evidence whatsoever (or even an allegation) of the number of retail sales associates T-Mobile employed during the class period *in Florida* who would comprise the membership of the class, as certified by the district court.
>
> Yes, T-Mobile is a large company, with many retail outlets, and, as such, it might be tempting to assume that the number of retail sales associates the company employed in Florida during the relevant time period can overcome the generally low hurdle presented by Rule 23(a)(1). However, a plaintiff still bears the burden of establishing every element of Rule 23, and a district court's factual findings must find support in the evidence before it. In this case, the district court's inference of numerosity for a Florida-only class without the aid of a shred of Florida-only evidence was an exercise in sheer speculation. Accordingly, the district court abused its discretion by finding the numerosity requirement to be satisfied with respect to a Florida-only class when the record is utterly devoid of any showing that the certified class of T-Mobile sales representatives "in Florida" is "so numerous that joinder of all members is impracticable."

*Vega*, 564 F. 3d at 1267-1268 (emphasis in original). The Third Circuit recently relied upon the Eleventh Circuit's *Vega* decision, confirming that "where a putative class is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone." *Hayes*, 725 F. 3d at 358.

This is exactly what Plaintiff is asking the Court to do in this case. Plaintiff wants the Court to make unsupported inferences and speculate based upon the size of the larger pool of the total approximate referrals to Bell. But he has offered no evidence of the number of claims involving the actual defendant in this case (Government Employees Insurance Company). Nor has he offered any evidence of the number of claims that involved calls made by LiveVox.

Further, Plaintiff cannot satisfy his burden by complaining about discovery disputes with Bell. Plaintiff had ample time to conduct discovery and pursue discovery disputes prior to the time his class certification motion was due. And the Court cannot take a "wait and see" approach to see if Plaintiff can later meet his burden:

> [T]he trial court cannot take a wait-and-see approach to numerosity or any other requirement of Rule 23.  Certification may not be granted because the plaintiff promises the class will be able to fulfill Rule 23's requirements, with the caveat that the class can always be decertified if it late proves wanting.  To certify a class in this manner is effectively to certify the class conditionally, which 23 does not permit.

*Hayes,* 725 F. 3d 349.  Plaintiff has therefore failed to establish numerosity.

### E.    Individual Issues Predominate Consent Under the TCPA.

In *Hicks v. Client Services, Inc.*, Judge Dimitrouleas denied certification of a similar proposed TCPA class. No. 07-61822, 2008 WL 5479111, at *7 (S.D. Fla. Dec. 11, 2008).  Judge Dimitrouleas recognized that:

> Several courts have held that proof of consent is an essential individual issue under the TCPA that makes class certification inappropriate. *E.g. Gene & Gene, LLC v. Biopay, LLC*, 541 F. 3d 318, 326-27 (5th Cir. 2008); *Levitt v. Fax.com,* 2007 U.S. Dist. LEXIS 83143 at *11-13 (D. Md. May 25, 2007); *Kenro, Inc. v. Fax Daily, Inc.*, 962 F.Supp. 1162, 1169-70 (S.D. Ind. 1997) (ruling that the consent issue made class certification inappropriate because of lack of typicality, commonality, and predominance); *Forman v. Data Transfer, Inc.,* 164 F.R.D. 400, 404 (E.D. Pa. 1995)(same).

2008 WL 5479111, at *7.  Judge Cohn relied on the *Hicks* decision and reached the same conclusion in *Balthazor v. Central Credit Services, Inc.*, No. 10-62435, 2012 WL 6725872, at *3-4 (S.D. Fla. Dec. 27, 2012):

> Judge Dimitrouleas considered whether a plaintiff was entitled to certification of a TCPA class.  The Court held that certification of a TCPA class would be improper under Rule 23(a)(2) and 23(b)(3) because 'consent is an issue that would have to be determined on an individual basis at trial.'  Similarly, in *Gene & Gene, LLC v. BioPay, LLC*, the Fifth Circuit reversed a district court's certification of a TCPA class action because the plaintiff had failed to establish that the issue of consent would be established via classwide proof.  The court held that the plaintiff had failed to meet its burden of demonstrating facts or arguments which indicated that the issue of consent would not dissolve into a series of mini trials.  *Id.; see also Conrad v. Gen. Motors Acceptance Corp.,* 283 F.R.D. 326, 330 (N.D. Tex. 2012)(denying motion to certify TCPA class because "the consent issue would necessitate individual inquiries regarding each putative class member's account and the circumstances surrounding each call or contact. Additionally, this individual issue has the potential to separate class members from each other, the class lacks the cohesiveness necessary for the Court to certify a class under Rule 23(b)(2).").

The Court finds the reasoning of *Hicks* and *Gene & Gene, LLC* persuasive. Resolution of each putative class member's TCPA claim would necessarily involve an individual assessment of whether each class member consented to receive telephone calls on their cellular telephone. The Court rejects Plaintiff's argument that consent is not an obstacle to class certification.

2012 WL 6725872, at *3-4.

The same is true in this case. Resolution of each putative class member's TCPA claim would necessarily involve individual assessments of whether each purported class member consented.

Plaintiff apparently argues that the Court can certify a class because defendants have the ultimate burden of proving consent and "that simply can't happen if the calls are about a debt the recipient does 'not yet know [an insurance company] believed she owed.'" Plaintiff's Current Motion, pg. 12 (internal citations omitted).

While there is a split of authority concerning whether a plaintiff or defendant has this burden at trial, that issue is irrelevant for purposes of class certification. Judge Dimitrouleas specifically rejected this argument in *Hicks*:

Plaintiff stresses that it is Defendant's burden to produce evidence of lack of consent. Like the court in *Gene & Gene*, we feel that it is irrelevant who has the burden. Whether the burden is on the Plaintiff or the Defendant, ultimately consent is an issue that would have to be determined on an individual basis at trial.

2008 WL 5479111, at *8. Moreover, the record in this case shows that there were in fact communications prior to referral of subrogation claims to Bell. ███████████████████ ████████████ as established above. *See supra* Section II.

Plaintiff also attempts to rely upon Judge Scola's recent class certification decision in *Manno v. Healthcare Recovery Group, LLC,* 289 F.R.D. 674 (S.D. Fla. 2013). In *Manno*, Judge Scola determined that individualized consent was not an issue that prevented certification because:

Here, the Magistrate Judge required the Defendants to conduct class discovery on numerosity and to specifically identify only those accounts where HRRG's records showed that the class party did not communicate in any way with HRRG prior to HRRG's automated call. Obviously, if the putative class members did not communicate with HRRG before HRRG called them, there is no way those class members could have provided consent to HRRG.

289 F.R.D. at 686. This is not the circumstance in this case. ████████████ ████████████ in this case. And it was the normal course for the subrogation department to communicate with and attempt recovery from persons prior to any referral to Bell as established above. *See supra* Section II. *Manno* is therefore not on point and does not support class certification in this case.

Plaintiff's reliance upon *Thrasher-Lyon v. CCS Commercial, LLC* is similarly misplaced. *See* No. 11-04473, 2012 WL 3835089, at *1 (N.D. Ill. Sept. 4, 2012) *recons. denied, cert. granted,* No. 11-04473, 2012 WL 5389722, at *1 (N.D. Ill. Nov. 2, 2012). The opinion issued in *Thrasher-Lyon* was not on class certification. *Id.* Rather, it addressed partial summary judgment on the consent issue concerning the named plaintiff's individual claim. *Id* at *4. In doing so, the court reviewed specific testimony relating to the communications that had occurred between the named plaintiff and defendants and discussed the source of the particular telephone number at issue. *Id.* Based on these individual facts specific to the named plaintiff, the *Thrasher-Lyon* court concluded that the interactions between the parties were not "sufficient to reasonably evidence express consent to be robo-called about a subrogation claim." *Id.* That same detailed review and analysis of the interactions between the parties would be necessary as to each individual purported class member in this case.

GEICO disagrees with the *Thrasher-Lyon* court's holding regarding its interpretation of the consent necessary under the TCPA. And Plaintiff neglects to cite the subsequent history and inform this Court that the court in *Thrasher-Lyon* recognized that "its interpretation of 'prior express consent' presents 'substantial ground for difference of opinion.'" No. 11-04473, 2012 WL 5389722, at *1 (N.D. Ill. Nov. 2, 2012). It therefore certified this issue to the Seventh Circuit Court for review by interlocutory appeal before even addressing class certification. *See Thrasher-Lyon,* 2012 WL 5389722, at *1. The Seventh Circuit never reached this issue. The case was settled and dismissed. *See* Thrasher-Lyon, No. 1:11-CV-04473 (7th Cir. June 18, 2013). Nevertheless, class certification was never addressed.

Plaintiff also attempts to rely upon *telemarketing* cases involving text messages and facsimiles that were transmitted *en masse,* so there was no evidence of prior communications between the parties. *See* Plaintiff's Current Motion, pg. 13; *see also Silbaugh v. Viking Magazine Servs.,* 278 F.R.D. 389, 390-391 and 393 (N.D. Ohio 2012)(holding that consent is a common issue where a magazine subscription service used an automatic telephone dialing

system to send thousands of marketing text messages to unknown parties on cellular phone numbers that were obtained through a list broker); *Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 561 and 567-568 (W.D. Wash. 2012)(noting that "speculation that customers may have given their express consent ... is not sufficient to defeat class certification" where franchisees had sent thousands of unsolicited text messages marketing their pizza products); *Landsman & Funk PC v. Skinder-Strauss Assoc.*, 640 F.3d 72, 94 (3d Cir. 2011)(discussing whether consent to receive marketing facsimile transmissions is an individualized question sufficient to defeat class certification and comparing competing class certification decisions on that issue); *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 806-07 (N.D. Ill. 2008)(stating that although other courts have determined that consent is an individualized inquiry, the issue may be considered a common question in the specific circumstances of a defendant engaging in a standardized course of conduct where marketing facsimiles were "transmitted *en masse* based on the 'leads' list compiled several years earlier.").

These cases are clearly distinguishable from the facts in this case. This is not a case involving *en masse* marketing through unsolicited faxes or text messages. The facts in this case show that there were prior communications and unique circumstances applicable to each purported class member.

Finally, Plaintiff himself essentially acknowledges that individual inquiries into consent would be necessary. Along with his Current Motion Plaintiff filed a declaration attesting that:

> I never provided my telephone number to either Bell or GEICO, nor did I consent to receive calls from them or on their behalf. Likewise, I did not give any other person or entity permission to provide my telephone number to Bell or GEICO, or to give permission to give consent on my behalf to receive calls from or on behalf of Defendants.

*See* Declaration of Carlos Cabrera, ¶ 7 (Dkt. 66-1).

Plaintiff therefore recognizes that these issues will be directly relevant to his individual TCPA claims. These same types of issues would similarly be directly relevant to TCPA claims of all purported class members. Like with Plaintiff, resolving these issues will require separate discovery and factual determinations by the Court, based upon unique individual facts and circumstances. Plaintiff therefore fails to satisfy the commonality, typicality and predominance requirements.

**F.      Individual Issues Predominate Damages and Defenses.**

Section 227(b)(3)(B) of the TCPA states that a person or entity may bring "an action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater . . ." 47 U.S.C. § 227(b)(3)(B). Plaintiff argues that "they need not show that they suffered actual damages as a result of receiving the calls in question in order to recover." Plaintiff's Current Motion, pg. 14.

However, regardless of whether Plaintiff and the class must show actual damages, each of the four counts in his Complaint allege actual damages. *See* Complaint, ¶¶ 35, 41, 47 and 53. Plaintiff's prayer for relief further specifically seeks "an award of actual and statutory damages" on a class-wide basis. Complaint, pg. 13. Plaintiff further specifically confirmed during his deposition



*See* Cabrera Dep. at 142:10-16.

Earlier this year the Supreme Court confirmed that class certification was not appropriate when a plaintiff has not established that damages were capable of measurement on a class-wide basis, because without such a methodology "[q]uestions of individual damage calculations will inevitably overwhelm questions common to the class." *See Comcast Corp. v. Behrend*, 133 S.Ct. 1426, 1433 (2013).6 Plaintiff has offered no methodology, and actual damages are not capable of being measured on a class-wide basis in this case. Rather, they could only be determined on an individual basis.

---

6 Prior to the Supreme Court's *Comcast* decision many courts held that individual damages issues should not defeat class certification. However, the Supreme Court has now clarified that a plaintiff must establish that damages can be measured on a class-wide basis.

Moreover, Plaintiff and the purported class members in this case are subject to counterclaims and/or setoff defenses for the amounts owed to GEICO on its subrogation claims. In Plaintiff's own case GEICO had already sued Plaintiff for these amounts before he brought this case.[7] Since the previous case was already (and remains) pending, GEICO did not assert the claim as a counterclaim in this case. Rather, it properly raised an affirmative defense that Plaintiff's claims against GEICO are barred or waived to the extent they are compulsory counterclaims in the previous litigation, and also asserted a setoff defense. *See* GEICO's Answer and Affirmative Defenses, pgs. 9 and 11 (Dkt. 11).

GEICO has the right to assert counterclaims and setoff defenses against Plaintiff and each purported class member. These claims would have to be separately litigated and determined. Moreover, because some purported class members likely owe more than they could possibly recover in this case, they could end up losing – even if Plaintiff wins. And if Plaintiff loses his case against GEICO – a realistic possibility given the dubious nature of his vicarious liability theory – then purported class members could end this case with judgments against them. This is another good reason to deny class certification. *See Heaven v. Trust Co. Bank*, 118 F. 3d 735, 738 (11th Cir. 1997)(upholding denial of class certification where purported class members' "exposure as counterclaim defendants could well exceed the amount they might recover for statutory penalties as class members").

### G.    A Class Action is Not Superior.

A class action would not be superior in this case given the predominance of individual issues as established above. *See Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1184 (11th Cir. 2010) (noting that the predominance analysis has a significant impact on the superiority analysis because "the less common the issues, the less desirable a class action will be as a vehicle for resolving them.")

Individual issues concerning consent and damages predominate in this case. *See supra* Section III.E. A class action would therefore not be efficient or manageable. *See Vega*, 564 F. 3d at 1278 (noting that a class action was not superior where central individualized issues would require the presentation of substantial class member-specific evidence, which posed serious

---

[7] GEICO sued Plaintiff in the County Court for Broward County, Florida on May 10, 2012. *See GEICO v. Carlos Cabrera*, Case No. COWE12005884.

challenges to the efficiency and manageability of a class action); *see also Sacred Heart Health Sys., Inc.,* 601 F. 3d at 1184 (citing *Gen. Tel. Co. of Sw. v. Falcon,* 457 U.S. 147, 155 (1982)) (holding that "[p]rincipally, the lack of predominance belies any suggestion that a fair administration of the class claims could 'save[ ] the resources of both the court[ ] and the parties.'")

### H.   Monetary Damages are Not Incidental.

Rule 23(b)(2) provides that certification is appropriate where "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief is appropriate respecting the class as a whole..." *See Dukes,* 131 S. Ct. at 2557; *In re Florida Cement and Concrete Antitrust Litigation,* 278 F.R.D. 674, 681 (S.D. Fla. 2012).

Certification of a class for equitable relief pursuant to Rule 23(b)(2) is only appropriate if "the *predominant relief* sought is injunctive or declaratory." *Hicks,* 2008 WL 5479111, at *10 (emphasis added). Monetary damages can therefore only be "incidental" to the equitable relief sought for certification under Rule 23(b)(2). *See Hammett v. Amer. Bankers Ins. Co.,* 203 F.R.D. 690 (S.D. Fla. 2001); *Holmes v. Continental Can Co.,* 706 F. 2d 1144 (11th Cir. 1983).

The monetary damages sought by Plaintiff and the purported class in this case are not incidental. They are the primary relief sought. *See* Complaint, ¶¶ 35, 41, 47 and 53, pg. 13; *see also Hicks,* 2008 WL 5479111, at *10 (holding that where monetary damages are specifically provided by statute and declaratory relief is merely incidental to the monetary damages, certification of a Rule 23(b)(2) action is inappropriate.)

Monetary damages are further not incidental in this case because GEICO has the right to pursue counterclaims and setoff defenses against Plaintiff and purported class members. *See DWFII Corp. v. State Farm Mut. Auto. Ins. Co.,* 469 Fed. Appx. 762, 765 (11th Cir. 2012) (holding that a Rule 23(b)(2) class was properly denied because "monetary damages [were] not incidental to the requested equitable relief" where individualized calculations (including applying set off defenses) were necessary); *see also In re Cement,* 278 F.R.D. at 682 (noting that monetary damages were not incidental to the equitable relief sought where individualized calculations of damages would be required). Certification under Rule 23(b)(2) is therefore not proper.

## IV.    CONCLUSION

Plaintiff's Current Motion treats class certification as though it should be routinely and easily granted.  It should not.  "The class action is 'an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only.'" *Dukes*, 131 S.Ct at 2550 (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-01 (1979)).  It can be granted only if the Court finds, after a "rigorous analysis" of the law and particular facts of the case, that the plaintiff has satisfied all four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b). *See id* at 2551.  Plaintiff has not satisfied this burden in this case.  Class certification should therefore be denied.

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino (FBN 814539)
EMAIL:  jmarino@fowlerwhite.com
Edward K. Cottrell (FBN 013579)
EMAIL:  ecottrell@fowlerwhite.com
Lindsey R. Trowell  (FNB 678783)
EMAIL:  lindsey.trowell@fowlerwhite.com
SMITH, GAMBRELL & RUSSELL, LLP.
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:  904-598-6100
Facsimile:   904-598-6300

Attorneys for Defendant Government Employees
Insurance Company

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on October 7, 2013, I caused the foregoing Memorandum in Opposition to Plaintiff's Motion for Class Certification to be filed conventionally with the Clerk of the Court. I further certify that copies were forwarded by United States Mail and electronic mail to the following:

Scott D. Owens, Esq.
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Email: don@scottdowens.com

Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Email: rbalabanian@edelson.com
       brichman@edelson.com
       cdore@edelson.com

Brett L. Luskin, Esq.
1001 North Federal Hwy., Suite 106
Hallandale Beach, FL 33009
Email: blusskin@lusskinlaw.com

David P. Hartnett, Esq.
Barbara Fernandez
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Email: dhartnett@hinshawlaw.com
       bfernandez@hinshawlaw.com

/s/ John P. Marino
Attorney

21