**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CARLOS CABRERA, individually
and all others similarly situated,

        **CLASS ACTION**

    Plaintiff,

vs.        **CASE NO.: 12-cv-61390-KMW**

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

    Defendants.
_____/

**DEFENDANT GOVERNMENT EMPLOYEES INSURANCE COMPANY'S
MOTION AND SUPPORTING MEMORANDUM FOR SUMMARY JUDGMENT**

Defendant, Government Employees Insurance Company ("GEICO"), moves for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. The grounds and authority for this motion are set forth in GEICO's Local Rule 56.1 Statement of Material Facts ("Statement of Material Facts"), the Declaration of Christopher Bateman in support of this motion, the applicable depositions and record in this case, and the following supporting memorandum.

The Statement of Material Facts, Declaration, applicable depositions and record, and supporting memorandum are incorporated as part of this motion.[1]

---

[1] The current deadline for filing dispositive motions is January 24, 2014. *See* Order Granting Extension of Time (Dkt. 92). The parties have filed a Joint Motion and Supporting Memorandum to Extend Dispositive Motions and Trial-Related Deadlines (Dkt. 95). GEICO reserves the right to supplement or amend its motion and memorandum for summary judgment should the dispositive motion deadline be extended.

**SUPPORTING MEMORANDUM**

GEICO respectfully submits the following memorandum of law in support of its Motion for Summary Judgment.

## I. SUMMARY

The alleged calls to Plaintiff at issue in this case were not made by GEICO. They were allegedly made by LiveVox, a separate entity that is not a party in this case. Moreover, LiveVox is not even mentioned in Plaintiff's Complaint.

LiveVox was retained by Defendant Bell, LLC ("Bell"), not by GEICO. GEICO has had no dealings or relationship with LiveVox. Nor did GEICO have any direction or control over how Bell conducted its debt collection efforts.

Nevertheless, Plaintiff's Class Action Complaint and Jury Demand (Dkt. 1) ("Complaint") seeks to hold GEICO liable under the Telephone Consumer Protection Act, 47 U.S.C. § 227 et. seq. ("TCPA").[2] Count I alleges that GEICO violated Section 227(b)(1)(A)(iii) of the TCPA (prohibiting calls to cellular phones using an automatic telephone dialing system). Count III alleges that GEICO violated Section 227(b)(1)(B) of the TCPA (prohibiting calls to residential lines using an artificial or prerecorded voice).[3] GEICO is entitled to judgment as a matter of law on both of these counts for several reasons:

1. *GEICO made no call to Plaintiff using an automatic telephone dialing system or artificial or prerecorded voice.* It is undisputed that GEICO made no call to Plaintiff using an

---

[2] Plaintiff has also filed a Motion for Class Certification (Dkt. 66). GEICO and Bell have filed their Oppositions to this motion (Dkts. 78 and 76). The class certification issue is fully briefed and remains pending before the Court. Should any class be certified, GEICO reserves the right to move for summary judgment on any class claims.

[3] Counts II and IV of Plaintiff's Complaint are against Bell.

automatic telephone dialing system. It is similarly undisputed that GEICO made no call to Plaintiff using an artificial or prerecorded voice. There is therefore no direct liability under the TCPA against GEICO.

2.      *Plaintiff did not have a residential line*. Section 227(b)(1)(B) of the TCPA addresses calls to residential lines. Plaintiff did not have a residential line. He therefore does not have standing to bring a claim under this section of the TCPA.

3.      *GEICO did not make the alleged calls, and there is no "on behalf of" liability under Section 227(b) of the TCPA*. Despite the fact that GEICO did not make the alleged calls to Plaintiff, Plaintiff alleges that Bell made the calls on GEICO's behalf. This claim fails for two reasons. First, Bell did not make the alleged calls - - LiveVox did. Since Bell did not make the calls, Bell could not have made the calls on GEICO's behalf.

Second, there is nevertheless no "on behalf of" liability under Section 227(b) of the TCPA. The plain language of Section 227(b)(1)(A)(iii) makes it unlawful "to make any call" without consent to a cellular phone using an automatic telephone dialing system. The plain language of Section 227(b)(1)(B) makes it unlawful "to initiate any telephone call" without consent to any residential telephone line using an artificial or prerecorded voice. Accordingly, a party must "make" or "initiate" the call to be liable under these sections. It is undisputed that GEICO did not make or initiate the calls at issue.

Unlike Section 227(b) of the TCPA, Section 227(c) of the TCPA (addressing violations of the "Do Not Call" Registry) imposes liability for multiple calls made "by or on behalf of" a party. It is presumed that Congress acts intentionally and purposely when it includes particular language in one section of a statute and omits it in another section. This is exactly what

3

Congress did in this case. The plain language of the TCPA therefore precludes "on behalf of" liability under the sections of the TCPA at issue in this case.

4. *Plaintiff does not plead vicarious liability.* Even though there is no "on behalf of" liability, Plaintiff's reply on class certification indicates that Plaintiff is seeking to hold GEICO vicariously liable for the alleged calls at issue. But Plaintiff's Complaint does not plead vicarious liability. Summary judgment is appropriate on an apparent claim for vicarious liability when a plaintiff fails to allege vicarious liability in the complaint.

Plaintiff's Complaint contains no count for vicarious liability. Nor does it allege any facts to establish vicarious liability against GEICO. In fact, it does not include the word "vicarious" at all. Plaintiff therefore cannot rely upon any vicarious liability theory.

5. *The recent FCC declaratory ruling does not apply.* Even though Plaintiff does not plead vicarious liability in his Complaint, his reply on class certification indicates that he is nevertheless attempting to rely upon a recent Federal Communications Commission ruling[4] in arguing that GEICO can be vicariously liable for the alleged calls under Section 227(b) of the TCPA. Plaintiff's apparent reliance on this declaratory ruling is misplaced.

This ruling applies in the telemarketing context. The calls at issue were not telemarketing calls. Moreover, to the extent the ruling could be applied, it is not entitled to deference under the facts of this case.

6. *There could be no vicarious liability in any event.* Regardless of the fact that Plaintiff does not plead vicarious liability and vicarious liability does not apply in this context, there could be no vicarious liability against GEICO in any event. The undisputed facts establish

---

[4] See *In re Dish Network, LLC et al.*, 28 F.C.C.R. 6574, 6584 ¶ 28 (F.C.C. May 9, 2013) (the "FCC Order").

that there could be no "formal agency" vicarious liability in this case. GEICO did not direct or control the actions of LiveVox or Bell.

The undisputed facts similarly show that there could be no "apparent authority" vicarious liability in this case. GEICO made no representations to Plaintiff that Plaintiff relied upon. And Plaintiff therefore did not change his position based upon any such reliance.

Finally, the undisputed facts also show that there could be no "ratification" vicarious liability in this case. GEICO received no benefit resulting from the alleged calls to Plaintiff. Plaintiff has not paid any portion of the subrogation claim owed to GEICO. Furthermore, GEICO was not fully informed of the material facts surrounding the calls allegedly made by LiveVox, nor did it fully approve of those actions.

## II.   FACTUAL BACKGROUND

GEICO is an insurance company. As part of its business, it sometimes pursues subrogation claims. *See* Statement of Material Facts*,* ¶ 7; Christopher Bateman Deposition 9:6-10:3.[5] These claims are pursued through a payment recovery department, which is also referred to as the subrogation department (the "subrogation department"). *See* Statement of Material Facts, ¶ 8; Bateman Dep. 14:2-4; Declaration of Christopher Bateman ("Bateman Declaration"), ¶ 3.[6]

Adjusters within the subrogation department directly pursue recovery of subrogation claims. They will often send letters and make manually dialed telephone calls to pursue these claims. *See* Statement of Material Facts, ¶ 9; Bateman Dep. 11:11-16, 14:5-19.

---

[5] A copy of the Deposition of Christopher Bateman has been filed in this case as Exhibit 1 to Dkt. 66.

[6] The Bateman Declaration is attached as Exhibit C to Defendant Government Employee Insurance Company's Local Rule 56.1 Statement of Material Facts.

5

The adjusters within the subrogation department may also refer claims to third-party collection agencies for attempted recovery.[7] *See* Statement of Material Facts, ¶ 10; Bateman Dep. 11:17-24. Bell is one of those agencies. *See* Statement of Material Facts, ¶ 11; Bateman Dep. 12:3-11. These referrals are made only after the subrogation department has exhausted its internals efforts based upon the individual facts and circumstances of each claim. *See* Statement of Material Facts, ¶ 12; Bateman Dep. at 17:15-23:4.[8]

These communications occurred in Plaintiff's case. The subrogation department sent two letters and manually called him. *See* Statement of Material Facts, ¶ 13; Deposition of Carlos Cabrera, Exhibits 7 and 8;[9] Bateman Dep. at 61:20-62:2. While Cabrera testified that he did not recall seeing the specific letters, he confirmed that he did in fact receive letters from GEICO. *See* Statement of Material Facts, ¶ 14; Cabrera Dep. 52:8-54:7. He also confirmed that he spoke by telephone with someone from GEICO. *See* Statement of Material Facts, ¶ 14; Cabrera Dep. 51:6-25.

GEICO's subrogation department makes only manually dialed phone calls. *See* Statement of Material Facts, ¶ 15; Bateman Dep. 13:5-14:19; Bateman Declaration, ¶ 5. It does not make calls using automatic dialing equipment. *See* Statement of Material Facts,¶ 16;

---

[7] The subrogation department refers matters to Bell for the Defendant in this case (Government Employees Insurance Company), as well as for affiliated insurance entities. *See* Declaration of Joel Bouvier, ¶¶ 11-12 (Dkt. 55-1); Deposition of Joel Bouvier at 61:1-24 (objections omitted). These affiliated entities include GEICO General Insurance Company, GEICO Indemnity Company, and GEICO Casualty Company. A copy of the Deposition of Joel Bouvier has been filed in this case as Exhibit 2 to Dkt. 66.

[8] Bell also receives referrals from the subrogation department regarding separate insurance entities related to GEICO. *See* Declaration of Joel Bouvier, ¶ 11 (Dkt. 55-1); Bouvier Dep. 61:1-24 (objections omitted).

[9] A copy of the Deposition of Carlos Cabrera has been filed in this case as Exhibit 1 to Dkt. 75.

6

Bateman Dep. 14:10-19; Bateman Declaration, ¶ 6. Nor does it make calls which use an artificial or prerecorded voice. *See* Statement of Material Facts, ¶ 17; Bateman Declaration, ¶ 7. Accordingly, GEICO made no call to Plaintiff using an automatic telephone dialing system or an artificial or prerecorded voice. *See* Statement of Material Facts, ¶ 18; Bateman Declaration, ¶ 8.

Bell is an independent third party debt collector. GEICO's subrogation department referred subrogation collection matters to Bell, including the subrogation claim regarding Plaintiff. *See* Statement of Material Facts, ¶ 19; Bateman Dep. 11:17-12:11; Bateman Declaration, ¶ 9. GEICO does not (and did not) instruct, control or direct the manner in which Bell pursued subrogation debt, including the subrogation debt owed by Plaintiff. *See* Statement of Material Facts, ¶ 20; Bateman Dep. 12:20-24, 29:17-22; Bateman Declaration, ¶ 10.

Bell contracted with LiveVox, and LiveVox made the calls to Plaintiff at issue in this case. *See* Statement of Material Facts, ¶ 21; Bouvier Dep. 116:22-117:23. GEICO's subrogation department has had no relationship with LiveVox. *See* Statement of Material Facts, ¶ 22; Bateman Declaration, ¶ 11.[10] Accordingly, GEICO similarly did not instruct, control or direct any alleged actions of LiveVox. *Id.*

GEICO has recovered nothing on its subrogation claim against Plaintiff at issue in this case. Plaintiff has paid GEICO no portion of this claim. *See* Statement of Material Facts, ¶ 23; Bateman Declaration, ¶ 12.

---

[10] Plaintiff's Complaint does not allege that GEICO had any relationship with LiveVox. In fact, his complaint does not even mention or refer to LiveVox at all.

### III.  PLAINTIFF'S COMPLAINT

Plaintiff filed his Complaint on July 13, 2012.  GEICO filed its Answer and Affirmative Defenses to Plaintiff's Complaint (Dkt. 11) on August 31, 2012.

Count I of Plaintiff's Complaint alleges that GEICO violated Section 227(b)(1)(A)(iii) of the TCPA.  This section of the TCPA makes it unlawful:

> [T]o make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system[11] or an artificial or prerecorded voice—
>
> \*\*\*
>
> [T]o any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call;

47 U.S.C. § 227(b)(1)(A)(iii).  Plaintiff alleges that "Defendant GEICO and its agents, including Defendant Bell, made thousands of unsolicited phone calls to cellular numbers belonging to Plaintiff and the other members of the GEICO Cellular Telephone Class using equipment that had the capacity to store or produce telephone numbers to be called using a random or sequential number generator, and to dial such numbers."  *See* Complaint, ¶ 32.

Count III alleges that GEICO violated Section 227(b)(1)(B) of the TCPA.  This section of the TCPA makes it unlawful to:

---

[11] The TCPA defines the term "automatic telephone dialing system" as "equipment which has the capacity – (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers.  See 47 U.S.C. § 227(a)(1).

> [T]o initiate any telephone call **to any residential telephone line** using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes or is exempted by rule or order by the Commission under paragraph (2)(B).

47 U.S.C. Section 227(b)(1)(B) (emphasis added).[12] Plaintiff alleges that "Defendant GEICO made, or had made on its behalf, unsolicited and unauthorized calls using a prerecorded or artificial voice to the telephone numbers of Plaintiff and the other members of the GEICO Robocall Class." *See* Complaint, ¶ 44.

Plaintiff's Complaint does not contain a count against GEICO for vicarious liability. Nor does it contain any factual allegations seeking to establish vicarious liability against GEICO for the actions of LiveVox or Bell. Plaintiff's Complaint does not even contain the word "vicarious."

## IV. ARGUMENT

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(a). Under this standard, "[o]nly disputes over facts that might affect the outcome of the suit under the governing [substantive] law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505 (1986). Any such dispute is genuine only "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id*.

"Rule 56 'mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the

---

[12] Counts II and IV of Plaintiff's Complaint are against Bell.

9

burden of proof at trial.'" *Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, 702 F.3d 1312, 1316 (11th Cir. 2012) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 317, 322 (1986) and *Welding Servs., Inc. v. Forman*, 509 F.3d 1351, 1356 (11th Cir. 2007)). In this regard, "courts may 'isolate and dispose of factually unsupported claims,' which is '[o]ne of the principal purposes of the summary judgment rule.'" *Miller's Ale House, Inc.*, 702 F.3d at 1317 (citing *Celotex*, 477 U.S. at 323–24).

### A. GEICO Made No Call to Plaintiff Using an Automatic Telephone Dialing System or an Artificial or Prerecorded Voice.

As established above, GEICO does not make calls using automatic dialing equipment or an artificial or prerecorded voice. Accordingly, GEICO did not make any such calls to Plaintiff. It is therefore undisputed that GEICO did not make or initiate the calls at issue in this case to Plaintiff. There is no evidence to the contrary.

Because GEICO did not make or initiate the calls at issue in this case, there can be no direct liability against GEICO under the TCPA.

### B. Plaintiff Did Not Have a Residential Line.

Count III seeks recovery under Section 227(b)(1)(B) of the TCPA. As shown above, this section addresses calls to residential lines.

Plaintiff "must demonstrate standing for each claim he seeks to press and for each claim of relief sought." *See Palm Beach Golf Center-Boca, Inc. v. Sarris, D.D.S., P.A.,* No. 12-80178, 2013 WL 5972173, at *7 (S.D. Fla. Oct. 22, 2013) (K. Williams) (internal quotations omitted). Accordingly, standing is a threshold jurisdictional question which must be addressed prior to, and independent of, the merits of a party's claim. *See Palm Beach Golf,* 2013 WL 5972173, at *7 (noting that standing is an initial consideration and "[a]n analysis of standing requires an examination of "whether the particular plaintiff is entitled to an adjudication of the particular

10

claims asserted."); *see also DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (holding that "[i]n order to satisfy Article III requirements of standing, a plaintiff must show that: (1) he has suffered an injury in fact which is concrete and particularized as well as actual or imminent; (2) the injury is fairly traceable to the challenged conduct of the defendant; and (3) the injury is likely to be redressed by a favorable ruling."); *see also Harris v. Evans*, 20 F.3d 1118, 1121 (11th Cir. 1994).

Plaintiff does not plead that he had a residential telephone line. Moreover, Plaintiff has specifically confirmed that he did not have a residential telephone line. *See* Statement of Material Facts, ¶ 24; Cabrera Dep. 32:8-20. Plaintiff suffered no call to a residential telephone line, and has no injury that is "fairly traceable" to a violation of Section 227(b)(1)(B) of the TCPA. He therefore lacks standing to pursue this claim.

### C. There is No "On Behalf Of" Liability Under Section 227(b) of the TCPA.

Plaintiff is attempting to sue for alleged violations of Section 227(b) of the TCPA. The plain language of this section imposes liability for autodialed calls to wireless or residential numbers only against those who "make" or "initiate" the calls. *See* 47 U.S.C. §§ 227(b)(l)(A) and 227(b)(1)(B). The section providing a private right of action for violations of these sections of the TCPA does not contain "on behalf of" language. *See* 47 U.S.C. § 227(b)(3).

On the other hand, the section that provides a private right of action for violations of Section 227(c) of the TCPA (addressing the "Do Not Call" Registry), does contain "on behalf of" language. *See* 47 U.S.C. § 227(c)(5). However, Plaintiff has not asserted any claims under Section 227(c) of the TCPA in this case.

Statutory construction and interpretation principles require that a Court assume the Legislature's distinct choice of words was deliberate. *See Jama v. Immigration &Customs*

11

*Enforcement,* 543 U.S. 335, 357 (2005) (holding that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion.").

This Court recently addressed this issue in *Mais v. Gulf Coast Collection Bureau, Inc.*, 944 F. Supp. 2d 1226, 1242 (S.D. Fla. 2013), *appeal filed on other grounds*, No. 13-14008 (11th Cir. Sep. 4, 2013). Noting the difference in language between the two sections of the statute, this Court acknowledged that "[w]here Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Id.* at 1242 (citing *Russello v. United States,* 464 U.S. 16 (1983)). The Court therefore held that "Congress provided for 'on behalf of' liability only in section 227(c)(5), not in section 227(b)(1)(A), the provision relevant here." *Mais*, 944 F. Supp. 2d at 1241.

Other courts have similarly held that there is no "on behalf of" liability under Section 227(b) of the TCPA. *See Thomas v. Taco Bell Corp.*, 879 F. Supp. 2d 1079, 1084 (C.D. Cal. 2012 (holding that "the language Ms. Thomas draws upon in support of her assertion is found in a different section of the TCPA, relating to penalties for multiple calls, §227(c)(5), and is insufficiently related to the section at issue in this action, §227(b)(1)(A)(iii)."); *Mey v. Pinnacle Sec., LLC,* 2012 WL 4009718, at *3-4 (N.D. W.Va. Sept. 12, 2012) (refusing to read the "on behalf of" language into Section 227(b) of the TCPA because the court could not "ignore the obvious difference in language between §227(c)(5) and §227(b)(3).").

It is undisputed that GEICO did not make the calls at issue. And there is no "on behalf of" liability under Section 227(b) of the TCPA.

### D. Plaintiff Does Not Plead Vicarious Liability.

Even though there is no "on behalf of" liability, Plaintiff's Motion for Class Certification indicates that he is seeking to hold GEICO vicariously liable for the alleged calls at issue. But Plaintiff's Complaint does not plead this.

In order to hold a party vicariously liable, this theory of liability "must be pled specifically in a separate cause of action." *Prager v. FMS Bonds, Inc.*, Case No. 09-80775-CIV, 2010 WL 2950065, *9 (S.D. Fla. July 26, 2010) (citing *Goldschmidt v. Holman*, 571 So. 2d 422, 423–24 (Fla. 1990) (holding that plaintiffs were barred from relief as complaint failed to allege "ultimate facts that establish either actual or apparent agency or any other basis for vicarious liability")). This Court therefore recently noted that:

> If a plaintiff's theory of recovery against a defendant is premised upon vicarious liability, it must be alleged in the complaint. Summary judgment is appropriate in instances where a plaintiff fails to allege vicarious liability in the complaint and where, in fact, the conduct alleged in the complaint was not defendant's, but rather that of defendant's agents. A plaintiff may not make a claim of vicarious liability for the first time in its response to defendant's motion for summary judgment.

*Palm Beach Golf,* 2013 WL 5972173, at *7 (internal citations omitted).

Plaintiff's Complaint does not contain a count (or any factual allegations) seeking to establish a claim for vicarious liability against GEICO. His Complaint does not even contain the word "vicarious." As this Court has held, this is "fatal at the summary judgment stage." *See Palm Beach Golf,* 2013 WL 5972173, at *7.

### E. The Recent FCC Order Does Not Apply.

Even though Plaintiff does not plead vicarious liability in his Complaint, his Amended Reply And Memorandum of Law in Support of Motion of Class Certification (Dkt. 88) indicates that he is nevertheless attempting to rely upon the recent FCC Order in arguing that GEICO can

be vicariously liable for the alleged violations of the TCPA. Plaintiff's apparent reliance on this declaratory ruling is misplaced.

The FCC Order applies on its face to *telemarketing* activities on behalf of *sellers*. There are no telemarketing activities at issue in this case. Nor was anything being sold. This case deals with attempted collection of subrogation claims, not telemarketing.

The sections in the FCC Order that outline the principles of vicarious liability as applied to the TCPA are specifically titled "Sellers Generally Do Not 'Initiate' Calls Made by Third-Party *Telemarketers*" and "Sellers Can Be Held Vicariously Liable For Certain Calls Made By Third-Party *Telemarketers*." *In re Dish Network, LLC et al.*, 28 F.C.C.R. at 6584 (emphasis added).

Accordingly, the analysis and holdings in the FCC Order specifically address and relate to telemarketing activities that are made for the purpose of selling a product or service. For instance, the FCC Order states that:

> For even when a *seller* does not "initiate" a call under the TCPA, we conclude that it may be held vicariously liable for certain third-party *telemarketing calls*. In particular, we find that the *seller* may be held vicariously liable under federal common law principles of agency for TCPA violations committed by third-party *telemarketers*.

*Id.* at 28 F.C.C. Rcd. at 6583 ¶ 28 (emphasis added). Moreover, the FCC rules specifically define the terms "telemarketing" and "seller":

> The term telemarketing means the initiation of a telephone call or message for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

> The term seller means the person or entity on whose behalf a telephone call or message is initiated for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services, which is transmitted to any person.

47 C.F.R. §§ 64.1200(f)(9) and (f)(12).

14

There is no "telemarketing" at issue in this case. And GEICO was not a "seller" in the context of this case. The recent FCC Order therefore does not apply.[13]

### F. There Could Be No Vicarious Liability In Any Event.

Even if Plaintiff had pled vicarious liability and the FCC Order did apply, there could nevertheless be no vicarious liability against GEICO under federal common law principles of agency.

**Formal Agency**

Formal agency liability requires a showing that a principal "manifests assent" to an agent that the agent act on behalf of the principal and subject to the principal's control. *See Palm Beach Golf,* 2013 WL 5972173, at *8; *see also* Restatement § 1.01. For Plaintiff to demonstrate a formal agency relationship between GEICO and LiveVox or Bell, the facts must show that GEICO agreed to and had control of their actions. *See Mais,* 944 F. Supp. 2d at 1245; *Lobegeiger v. Celebrity Cruises, Inc.,* 869 F.Supp.2d 1350, 1356 (S.D. Fla. 2012). This level of control is absent when the principal has retained a third party as an "independent contractor." *Id.* at 1245 (citing *Hunt v. Liberty Lobby*, 720 F.2d 631, 649 (11th Cir.1983)).

As established above, GEICO did not direct or control the manner and methods by which Bell conducted its independent debt collection efforts. Nor did it have any relationship with LiveVox, and therefore similarly did not direct or control its actions. As this Court has held:

---

[13] Additionally, this Court has rule that the FCC Order is not entitled to deference because "'[w]here the court finds that the statute is clear, as it does here [with Section 227(b)(1)(A)], no deference is accorded to the agency's interpretation.'" *Mais,* 944 F. Supp. 2d at 1243 (quoting *Koch Foods, Inc. v. Sec'y, U.S. Dept. of Labor,* 712 F. 3d 476, 480 (11th Cir. 2013)).

> [T]he primary factor to be decided with regard to whether an entity is an independent contractor is the degree of control exercised over the details of the work." Indeed, "[t]he right of control as to the mode of doing the work is the principal consideration," because where "a person is subject to the control or direction of another as to his results only, he is an independent contractor; if he is subject to control as to the means used to achieve the results, he is an employee."

*Mais,* 944 F. Supp. 2d at 1243-1244.

The undisputed facts show that Bell acted as an independent contractor, rather than as an agent of GEICO. And LiveVox apparently acted as an independent contractor of Bell, and certainly not as an agent of GEICO. *See Mais,* 944 F. Supp. 2d at 1245; *Palm Beach* Golf, 2013 WL 5972173, at *1. Bell held full control over the manner and methods by which it pursued its debt collection efforts. Accordingly, neither LiveVox nor Bell was GEICO's formal agent and GEICO therefore cannot be held liable for their alleged actions or conduct. *See Mais,* 944 F. Supp. 2d at 1245; *see also Nat'l R.R. Passenger Corp. v. Rountree Transp. & Rigging, Inc.,* 286 F.3d 1233, 1248 (11th Cir. 2002) (holding that a party cannot be held liable for an independent contractor), *certified question answered sub nom. Am. Home Assur. Co. v. Nat'l R.R. Passenger Corp.,* 908 So. 2d 459 (Fla. 2005)).

### Apparent Authority

The undisputed facts similarly show that GEICO may not be held vicariously liable under an apparent authority theory. This theory of vicarious liability requires "proof of three elements: '(1) a representation by the purported principal; (2) reliance on that representation by a third party; and (3) a change in position by a third party in reliance upon such a relationship.'" *Palm Beach Golf,* 2013 WL 5972173, at *9-10 (citing *Nat'l Auto Lenders, Inc. v. SysLOCATE, Inc.,* 686 F.Supp.2d 1318, 1322 (S.D. Fla.2010)). "The reliance of a third party on the apparent authority of the principal's agent must be reasonable and rest in the actions of or appearances created by the principal." *Id.* at *9.

16

There is no allegation or evidence in this case that GEICO made any representation to Plaintiff that Plaintiff relied upon. Nor is there any allegation or evidence that Plaintiff changed his position in reliance upon any such representation. He indisputably did not - - he has paid no portion of the subrogation debt owed to GEICO at issue in this case.

**Ratification**

The undisputed facts further show that GEICO could not be vicariously liable under a ratification theory. Under this theory, the plaintiff has the burden of showing that "'the benefits of the purportedly unauthorized acts are accepted [by Defendant] with full knowledge of the facts under circumstances demonstrating the intent to adopt the unauthorized arrangement.'" *Palm Beach Golf,* 2013 WL 5972173, at *10 (citing *Nat'l Auto Lenders, Inc.,* 686 F.Supp.2d at 1323); *see also In re Securities Group*, 926 F.2d 1051, 1054 (11th Cir.1991)); *see also Restatement* § 4.01. Ratification of an unauthorized act by a principal may not be inferred unless the evidence indicates that "the principal was fully informed and he approved of the act.'" *Id.*

There are no such allegations or evidence in this case to support this theory. It is undisputed that GEICO has received no benefit resulting from the alleged unauthorized calls to Plaintiff. Plaintiff has not paid any portion of the subrogation claim owed to GEICO. The undisputed facts in this case further show that GEICO was not fully informed of the material facts surrounding the alleged calls at issue in this case, nor did it fully approve of the alleged actions at issue. *Id.*

## V. CONCLUSION

GEICO is entitled to judgment as a matter of law, and the Court should therefore grant GEICO's motion for summary judgment, for the reasons set forth above.

Respectfully submitted,

/s/ John P. Marino
John P. Marino (FBN 814539)
EMAIL: jmarino@fowlerwhite.com
Edward K. Cottrell (FBN 013579)
EMAIL: ecottrell@fowlerwhite.com
Lindsey R. Trowell (FNB 678783)
EMAIL: lindsey.trowell@fowlerwhite.com
SMITH, GAMBRELL & RUSSELL, LLP.
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

Attorneys for Defendant Government Employees Insurance Company

## **CERTIFICATE OF SERVICE**

I certify that on January 24, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the following, either via transmission of Notices of Electronic Filing via CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via CM/ECF:

| | |
|---|---|
| Scott D. Owens, Esq.<br>LAW OFFICE OF SCOTT D. OWENS, ESQ.<br>664 E. Hallandale Beach Blvd.<br>Hallandale, FL 33009<br>Email: don@scottdowens.com | Rafey S. Balabanian<br>Benjamin H. Richman<br>Christopher L. Dore<br>Edelson McGuire LLC<br>350 North LaSalle Street, Suite 1300<br>Chicago, Illinois 60604<br>Email: rbalabanian@edelson.com<br>         brichman@edelson.com<br>         cdore@edelson.com |
| Brett L. Luskin, Esq.<br>1001 North Federal Hwy., Suite 106<br>Hallandale Beach, FL 33009<br>Email: blusskin@lusskinlaw.com | David P. Hartnett, Esq.<br>Barbara Fernandez<br>Hinshaw & Culbertson  LLP<br>2525 Ponce de Leon Boulevard<br>4th Floor<br>Coral Gables, Florida  33134<br>Email: dhartnett@hinshawlaw.com<br>         bfernandez@hinshawlaw.com |

*/s/ John P. Marino*
Attorney