**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**FT. LAUDERDALE DIVISION**

CARLOS CABRERA, individually
and on behalf of all others similarly situated,

        Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, a Maryland
corporation, and BELL, LLC, a Florida
limited liability company,

        Defendants.
_____/

**CLASS ACTION**

**CASE NO.: 12-cv-61390-KMW**

**JOINT STATUS REPORT REGARDING THE PARTIES'
MEET AND CONFER ON PLAINTIFF'S MOTION TO COMPEL**

Plaintiff Carlos Cabrera and Defendant Bell, LLC ("Bell") (collectively, the "Parties") hereby submit this joint status report in accordance with the Court's January 16, 2014 Order requiring them to meet and confer regarding Plaintiff's pending motion to compel and to identify each outstanding discovery request (and Bell's objections thereto) on which they have been unable to reach agreement. (Dkt. 94.) Per the Court's Order, the Parties (through counsel) engaged in a telephonic meet and confer on January 23, 2014. Their respective positions regarding the outstanding discovery following that discussion are as follows:

**Plaintiff's Position:** Despite the Court's Order requiring that the Parties confer "as to each and every request for production of documents, interrogatory, and request for admission at issue in . . . Plaintiff's Motion to Compel," Bell refused to engage in such a discussion. Instead, during the Parties January 23rd meet and confer, Bell's counsel stated that (in his view) the Parties had already discussed Bell's positions on the outstanding discovery requests "enough"

(e.g., prior to filing the parties' joint status report, during the initial case management conference, after Plaintiff served his requests, and when Plaintiff initially filed his motion to compel). As a result, counsel stated that Bell would stand on each of its objections, without discussion of any potential compromise.

Having made no headway on Bell's primary objections, Plaintiff's counsel requested that Bell at least produce a privilege log of all documents and information withheld on the basis of its claimed privileges and protections. Bell refused this request as well, claiming (i) that its privilege objections were sufficiently detailed such that a log was not required,[1] (ii) that the production of a log may somehow waive privileges and protections that were Defendant GEICO's alone to assert (and/or waive)—because the debt collection referrals and all related files at issue here were prepared by GEICO in relation to its purported subrogation claims against the putative class, and (iii) that under Local Rule 26.1(g)(3)(C) it need not create a log for "work product material created after the commencement of an action…."[2]

In light of the foregoing and for the reasons described in his motion to compel, Plaintiff requests a ruling from the Court on the following requests:

- Request to Produce Nos. 3-16, 19-27, 29, 31-34, 37-56;

---

[1] Bell did confirm, however, that it has produced *all* documents related to Cabrera, regardless of whether it has previously claimed a privilege regarding the same. Accordingly, Bell's privilege objections with respect to information regarding Plaintiff Cabrera should be considered waived.

[2] On this point, when asked whether he knew which GEICO referrals had related lawsuits pending, Bell's counsel admitted (as he had to) that he had no idea. But, he claimed that whether a lawsuit was actually pending was irrelevant because GEICO's mere assertion that it had a viable subrogation claim—filed or not—constitutes an "action" sufficient to invoke L.R. 26.1. That is not the case. *See, e.g., See Aidone v. Nationwide Auto Guard, LLC*, No. 13-cv-60893, 2013 WL 6284283, at *5 (S.D. Fla. Nov. 26, 2013) (finding that an FLSA "action commences on the date when the complaint is filed" and ordering "a privilege log for all documents withheld on the basis of privileged created *after the initial charge* of discrimination and prior to [the filing date]") (emphasis added).

- Interrogatory Nos. 4-9, 11, 13; and

- Request to Admit Nos. 1-8, 11-12, 14-15, 18, 20, 23, 25-26, 30, 36, 43-45, 49-52, 57-64, 68-69.

And, because Bell has yet to provide substantive responses to each of these requests—all of which may ultimately bear on Defendants' liability in this case—Plaintiff believes that an extension of the expert discovery deadlines is necessary and appropriate. In that way, he may have sufficient time to review and analyze any additional information produced by Bell, retain all necessary experts and produce their reports, and otherwise appropriately prepare to move forward with dispositive motion practice and trial.

**Defendant's Position:**   This Court's January 16 order required the filing of a "Joint Status Report identifying the specific discovery requests that remain for the Court's consideration." The order simply requires advising the court of what remains pending in dispute. The order does not require, or permit, additional argument on the merits of Plaintiff's pending motion to compel. Defendant disagrees with Plaintiff's perspective that any statement of "Plaintiff's perspective" is required or appropriate to comply with this Court's January 16 Order. Nothing more is required or appropriate other than identifying which requests remain in dispute. Nevertheless, Plaintiff's counsel has insisted on attempting to reargue points in his motion to compel, and has advised "We will not agree to file the statement as you've revised it. You're certainly entitled to your position, but not to determine what ours will be nor how we present it to the Court. If you would like to insert Bell's position (whatever that may be) into the statement I circulated--without revising Plaintiff's position--please do so immediately. If not, that's fine. But if we don't receive something from you by 5:00 p.m. ET, we'll file our portion of the statement and note that Bell refused to participate."

Given that Plaintiff will not agree to simply limit the joint status report as required by the Order, Defendant advises the court as follows: Defendant disagrees that a meaningful meet and confer did not occur during the January 23 2014 telephone conference, which lasted approximately one hour and ten minutes. The fact that Plaintiff counsel does not get his way does not mean that Defendant should give into Plaintiff's demands and not stand by its objections. As explained in detail (once again) to Plaintiff's counsel on January 23, Bell cannot identify which files it handled relate to the Defendant Government Employees Insurance Company (as opposed to other "GEICO entities" that had subrogation claims referred to Bell by the "Geico Claims Center" that handled various insurers' claims, including insurers not at issue in this litigation). Accordingly, undersigned counsel once again reiterated that the definitions in the Plaintiff's discovery requests that drive almost each and every discovery request at issue were unascertainable, and that Bell did not have the requisite knowledge of the information to identify the files that would relate to Defendant Government Employees Insurance Company, as opposed to other entities' subrogation claims. Bell cannot identify from its own records who is in the alleged classes (whether what is in the Complaint and referred to in the discovery requests, or in Plaintiff's motion for class certification, or in Plaintiff's Renewed Motion for Class Certification). Bell also reiterates that it did not make the calls at issue, and such was disclosed long ago, and confirmed in discovery. It is undisputed that the alleged calls at issue were made by a non-party, Livevox, of which Bell severed its contractual relationship shortly after being sued in this action. Thus, Bell stands on its objections and its response to Plaintiff's motion to compel. Nevertheless, undersigned counsel offered to discuss any and all objections and discovery requests that are the subject to the motion to compel, and the January 23, 2014

conference proceeded along those lines, with Plaintiff's counsel identifying those requests Plaintiff's counsel wished to address.

Defendant Bell has also confirmed that all non-privileged responsive documents related to requests pertaining to communications with or about Carlos Cabrera, including the account file pertaining to Carlos Cabrera have been produced, and therefore, the requests that simply relate to Plaintiff Cabrera have been resolved.

Additionally, as alleged in the complaint, the claims asserted are alleged to have arisen out of subrogation claims handled by Bell. It is undisputed that Bell was the agency used by the "Gieco claims center" as a last resort for attempts at resolution prior to having to file the lawsuits similar to the one filed against Carlos Cabrera, and that those claims files were assigned related to various claims for numerous insurers who are not Defendants. Accordingly, the very nature of the claims files handled by Bell are in anticipation of litigation and work product. Accordingly, by its very nature, the Complaint alleges, and the Requests contemplate the revelation of work product pertaining to the subrogation claims handled by Bell. Additionally, without identifying which persons would be putative class members, Bell cannot identify the files that would relate to the unascertainable class members that then would even lead to identify the documents in the claims files, which is what Plaintiff is pressing for by seeking a "privilege log" related to the subrogation claims files at issue in this litigation. Nevertheless, Defendant also notes that Plaintiff has already moved for class certification twice, of which the renewed motion for class certification is pending. Those motions for class certification asserted that class certification was appropriate based upon the record referred to in the motions. Accordingly, Plaintiff cannot claim that the discovery is necessary to support Plaintiff's motion, which has already been filed and fully briefed.

5

Finally, Defendant disagrees that an extension of the expert deadlines is necessary or appropriate. Plaintiff has not identified what expert opinion testimony Plaintiff needs to support Plaintiff's position.

Respectfully submitted,

**CARLOS CABRERA**, individually and on behalf of all others similarly situated,

Dated: January 30, 2014        By: *s/ Scott D. Owens*
One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Tel: 312.589.6370
Fax: 312.589.6378

Scott D. Owens
scott@scottdowens.com
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: 954.589.0588

Brett L. Luskin
blusskin@lusskinlaw.com
1001 North Federal Highway, Suite 106
Hallandale Beach, Florida 33009
Tel: 954.454.5841
Fax: 954.454.5844

**BELL, LLC**,

Dated: January 30, 2014        By: /s/ David P. Hartnett
One of Defendant's Attorneys

6

        David P. Hartnett
        dhartnett@hinshawlaw.com
        Barbara Fernandez
        bfernandez@hinshawlaw.com
        Hinshaw & Culbertson
        2525 Ponce de Leon Boulevard, 4th Floor
        Coral Gables, Florida 33134
        Telephone: (305) 358-7747
        Facsimile: (305) 577-1063

### CERTIFICATE OF SERVICE

I, Scott D. Owens, an attorney, certify that on January 30, 2014 I served the foregoing ***Joint Status Report Regarding the Parties' Meet and Confer on Plaintiff's Motion to Compel***, by causing true and accurate copies of the same to be filed and served on all counsel of record via the Court's CM/ECF electronic filing system, on this the 30th day of January 2014.

        By: *s/ Scott D. Owens*
            Scott D. Owens, Esq.