UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS CABRERA, individually
and on behalf of all others similarly
situated,

           Plaintiff,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

           Defendants.
_____/

**CLASS ACTION**

**CASE NO.: 12-cv-61390-KMW**

**PLAINTIFF'S MOTION AND MEMORANDUM OF LAW IN SUPPORT OF
REQUEST TO SET REVISED SCHEDULE OF EXPERT DISCLOSURE DEADLINES
AND BRIEFING ON MOTIONS TO DISMISS AND FOR SUMMARY JUDGMENT
PENDING RULING ON MOTION TO COMPEL**

Plaintiff Carlos Cabrera, by and through his undersigned counsel, hereby respectfully moves the Court for an Order setting (i) a revised schedule of expert disclosure deadlines, and (ii) revised briefing schedules on Defendant Government Employees Insurance Company's ("GEICO") pending Motion for Summary Judgment (Dkt. 96) and Defendant Bell LLC's ("Bell") pending Motion to Dismiss and for Final Summary Judgment (Dkt. 108), pending a ruling on Plaintiff's outstanding Motion to Compel additional discovery responses and document production from Defendant Bell (the "Motion to Compel"). (Dkt. 42.) In support of the instant motion, Plaintiff states as follows:

1.    On July 24, 2013, Plaintiff filed his Motion to Compel. (Dkt. 42.) The Motion has now been fully briefed. (*See* Dkts. 42, 56, 64, 101.)

2. Since briefing on Plaintiff's Motion to Compel was completed, the Parties have also fully briefed Plaintiff's Motion for Class Certification (*see* dkts. 66, 75-76, 78, 88), and been engaged in ongoing discussions about the potential resolution of this matter—including proceeding with two private mediation sessions before third-party neutral Rodney A. Max. (*See* Dkts. 90, 104, 107.)

3. As the Parties' settlement discussions proceeded, on January 24, 2014, Defendant GEICO filed its Motion for Summary Judgment. (Dkt. 96.) On March 25, 2014, Defendant Bell filed its own Motion to Dismiss and for Final Summary Judgment. (Dkt. 108.) The current deadlines for Plaintiff to respond to Defendants' motions are April 8th and April 11th, respectively.

4. By Order entered March 27, 2014, Magistrate Judge Barry S. Seltzer (i) denied Plaintiff's Motion to Compel without prejudice in light of the Parties' ongoing settlement discussions, (ii) ordered Plaintiff, should the Parties not resolve the case, to file a notice no later than April 11th informing the Court of the same and requesting that a ruling on his Motion to Compel be issued, and (iii) ordered Plaintiff to separately move this Court for an order extending the schedule of expert disclosure deadlines. (*See* Dkt. 109.)

5. Although the Parties have continued their settlement discussions and are keeping the lines of communication open, they have not yet reached a resolution of the case. As a result, in accordance with Magistrate Judge Seltzer's Order and so as not to delay these proceedings further, Plaintiff has filed a notice requesting that a ruling be issued on his Motion to Compel. (Dkt. 110.)

6. Accordingly, Plaintiff now also seeks an Order from this Court setting (i) a revised schedule of expert disclosure deadlines, and (ii) revised briefing schedules on

Defendants' motions to dismiss and for summary judgment, pending Magistrate Judge Seltzer's anticipated ruling on his Motion to Compel.

7. Should Defendant Bell be compelled to provide supplemental discovery responses and make additional document production, it is likely that the information produced will bear directly on the issues presented in Defendants' pending motions (and the merits of Plaintiff's claims more generally), including, *inter alia*, Defendants' business relationship, the level of involvement each had in the alleged unauthorized calls at issue, the equipment used to the make the calls, and whether either Defendant obtained the requisite consent to make the calls.

8. Given that, Plaintiff believes it would benefit the Parties and the Court to have that information available—including any expert opinions regarding the same—prior to proceeding with briefing on Defendants' potentially dispositive motions.

9. Thus, Plaintiff respectfully requests that in the event Defendant Bell is required to serve supplemental discovery responses and/or produce additional documents, that the schedule of expert disclosure deadlines and briefing on Defendants' motions be continued as follows:

| Event | Proposed Deadline |
| --- | --- |
| *Plaintiff's Deadline to Serve Rule 26(a)(2) Disclosures* | Four (4) weeks after deadline for Defendant Bell to serve supplemental discovery responses and/or document production. |
| *Defendants' Deadline to Serve Rebuttal Rule 26(a)(2) Disclosures* | Four (4) weeks after Plaintiff serves Rule 26(a)(2) disclosures. |
| *Plaintiff's Deadline to File Responses to Defendants' Pending Motions to Dismiss and for Summary Judgment* | Four (4) weeks after deadline for Defendant Bell to serve supplemental discovery responses and/or document production. |
| *Defendants' Deadline to Reply in Support of Pending Motions to Dismiss and for Summary Judgment* | Three (3) weeks after Plaintiff files responses to motions. |

10. The above-proposed schedule would allow the Parties sufficient time to review and analyze any additional information produced by Defendant Bell—including providing it to their respective experts, if any—and appropriately incorporate it into their briefing for the Court's consideration.

11. In the alternative and in the event that Plaintiff's Motion to Compel is denied in its entirety, Plaintiff respectfully requests that his Rule 26(a)(2) disclosures be served and his responses to Defendants' pending motions be filed no later than seven (7) days after the ruling on the Motion to Compel.

12. The requested extensions will not unnecessarily delay this case or prejudice any party. In addition, it will also allow the Parties to continue to pursue a parallel track of discussions in an effort to reach a resolution of the claims at issue.

13. In light of the foregoing, Plaintiff respectfully requests that the Court enter an Order setting the revised schedule outlined in Paragraph 8, above.

14. Pursuant to Local Rule 7.1(a)(2), a proposed order is attached as Exhibit 1 hereto.

## MEMORANDUM OF LAW

Federal Rule of Civil Procedure 6(b)(1)(A) provides that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires. . . ." Accordingly, the Court has the discretion and authority to control its docket and grant extensions of time for the filing of pleadings, briefs and other documents for good cause. *See id.*; *J.D. Pharm. Distrib., Inc. v. Save-On Drugs and Cosmetics Corp.*, 893 F.2d 1201, 1209 (11th Cir. 1990); *Verizon Trademark Svcs. LLC v. The Producers, Inc.*, 2010 WL 3368790, *1 (M.D. Fla. 2010).

For the reasons described above, good cause exists for, and no party will be prejudiced by, the entering of the requested revised schedule outlined in Paragraph 8, above.

### RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for Plaintiff conferred with counsel for Defendant Bell on April 3, 2014 and that Bell has not yet confirmed whether it will oppose the relief requested herein. Likewise, counsel for Plaintiff has attempted to contact counsel for Defendant GEICO by telephone and informed counsel (via voicemail) of Plaintiff's intention to make the instant request for relief, but has not yet received a response.

WHEREFORE, Plaintiff Carlos Cabrera respectfully requests that the Court enter an Order setting (i) a revised schedule of expert disclosure deadlines, and (ii) revised briefing schedules on Defendant GEICO's Motion for Summary Judgment (Dkt. 96) and Defendant Bell's Motion to Dismiss and for Final Summary Judgment (Dkt. 108), pending a ruling on Plaintiff's Motion to compel, and (iii) providing such other and further relief as the Court deems reasonable and just.

Respectfully submitted,

**CARLOS CABRERA**, individually and on behalf of all others similarly situated,

Dated: April 4, 2014                    By:  _s/ Scott D. Owens_
                                              One of Plaintiff's Attorneys

        Rafey S. Balabanian (Admitted *Pro Hac Vice*)
        rbalabanian@edelson.com
        Benjamin H. Richman (Admitted *Pro Hac Vice*)
        brichman@edelson.com
        Christopher L. Dore (Admitted *Pro Hac Vice*)
        cdore@edelson.com
        EDELSON PC
        350 North LaSalle Street, Suite 1300
        Chicago, Illinois 60654
        Tel: 312.589.6370
        Fax: 312.589.6378

        Scott D. Owens
        scott@scottdowens.com
        LAW OFFICE OF SCOTT D. OWENS, ESQ.
        664 E. Hallandale Beach Blvd.
        Hallandale, Florida 33009
        Tel: 954.589.0588

        Bret Leon Lusskin, Jr.
        blusskin@lusskinlaw.com
        BRET LUSSKIN, P.A.
        1001 N. Federal Hwy, Ste 106
        Hallandale Beach, FL 33009
        Tel: 954.454.5841

## **CERTIFICATE OF SERVICE**

      I certify that on April 4, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF System.

        *s/ Scott D. Owens*
        SCOTT D. OWENS, Esq.