UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 12-cv-61390-WILLIAMS/SELTZER

CARLOS CABRERA, individually and on behalf
of a class of all others similarly situated,

    *Plaintiff*,

v.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a Maryland corporation, and BELL,
LLC, a Florida corporation,

    *Defendants*.
_____/

**PLAINTIFF'S RULE 56(d) MOTION FOR STAY OF BRIEFING ON OR DENIAL, WITHOUT PREJUDICE, OF DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT PENDING ORDER ON MOTION TO COMPEL**

Plaintiff Carlos Cabrera, by and through his undersigned counsel, pursuant to Federal Rule of Civil Procedure 56(d), hereby respectfully requests that the Court enter an Order staying briefing on or denying, without prejudice, Defendants' motions for summary judgment (the "Motions for Summary Judgment") (dkts. 96, 108) pending a ruling on his outstanding motion to compel supplemental discovery responses and document production from Defendant Bell, LLC (the "Motion to Compel"). (Dkt. 42.)

**INTRODUCTION**

This case challenges Defendant Bell, LLC's ("Bell") making of thousands of unauthorized robocalls to individuals nationwide on behalf of Defendant Government Employees Insurance Co. ("GEICO") in an effort to collect subrogation payments owed to GEICO, all in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). On January 24, 2014 and March 25, 2014, GEICO and Bell (respectively) filed Motions for Summary Judgment, arguing, *inter alia*, that neither may be held directly or vicariously liable in this case because it is "undisputed" that neither physically "made" the calls at issue and neither had any involvement with or control over the entities

1

that did. (Dkts. 96, 108.) For its part, GEICO contends that it hired Bell as an independent contractor to collect on its behalf, but that its involvement in Bell's collection efforts ends there. Bell similarly claims that it hired third-party LiveVox, Inc. ("LiveVox") to make the calls in question and that it had no involvement in or control over how LiveVox made the calls or to whom they were made.

Plaintiff disputes Defendants' positions in this regard and throughout the case has attempted to explore their factual bases through written and oral discovery, meet and confers, and informal exchanges of information between the Parties. Notwithstanding those efforts, a majority of Plaintiff's written discovery requests to Bell—requests that go to the heart of Defendants' relationship with each other and each of their involvement in the calls at issue—were met with blanket objections and refusals to produce responsive documents and information. Because Plaintiff and Bell were ultimately unable to resolve their differences on the outstanding discovery requests, on July 24, 2013, Plaintiff filed his Motion to Compel supplemental responses from Bell. (Dkt. 42.) The Motion to Compel has now been fully briefed and is awaiting a ruling from Magistrate Judge Seltzer.[1] (*See* dkts. 42, 56, 64, 101.)

Although Plaintiff was hopeful that a ruling would be issued on the Motion to Compel before his April 25, 2014 deadline to respond to Defendants' Motions for Summary Judgment—and that he would have a sufficient opportunity to obtain and review the additional information to which he is entitled from Bell—that has not yet happened. As a result and for the reasons described below, Plaintiff now requests, pursuant to Federal Rule 56(d), that the Court stay briefing on or deny, without prejudice, Defendants' Motions for Summary Judgment pending a ruling on his Motion to Compel.

---

[1] By Order entered March 27, 2014, Magistrate Judge Seltzer, *inter alia*, denied Plaintiff's Motion to Compel without prejudice in light of the Parties' ongoing settlement discussions and ordered Plaintiff, should the Parties not resolve the case, to file a notice no later than April 11th informing the Court of the same and requesting that a ruling on his Motion to Compel be issued. (Dkt. 109.) On April 4, 2014, Plaintiff filed such a notice requesting that a ruling be issued on the Motion to Compel. (Dkt. 110.)

## FACTUAL AND PROCEDURAL BACKGROUND

Throughout this case and in an effort to determine the specifics of Defendants' relationship with each other, their respective involvement in the unauthorized calls at issue, and the means by which the calls were made, Plaintiff has engaged in both written and oral discovery, including propounding written interrogatories, requests for the production of documents, and requests to admit facts on both GEICO and Bell. (*See* dkt. 42-1 at ¶ 3.) Since the very onset of discovery, however, Bell refused to meaningfully engage in the process. (*See generally id.*) In particular, it took Bell more than two extra months to serve limited—and ultimately barren—responses to Plaintiff's written requests, essentially providing little more than unsupported, blanket objections with no substantive answers. (*Id.* at ¶¶ 2-9.) And, although a series of meet and confers resulted in the production of some additional information and documents, a vast majority of Plaintiff's requests to Bell have remained unanswered. (*Id.* at ¶¶ 10-15.) Accordingly, on July 24, 2013, Plaintiff filed his Motion to Compel, which has now been fully briefed and remains pending before Magistrate Judge Seltzer. (*See* dkts. 42, 56, 64, 101.)

Since briefing on Plaintiff's Motion to Compel was completed, the Parties have also fully briefed Plaintiff's Motion for Class Certification (*see* dkts. 66, 75-76, 78, 88), and engaged in discussions about the potential resolution of this matter—including proceeding with two private mediation sessions before third-party neutral Rodney A. Max of Upchurch Watson White and Max Mediation Group. (*See* dkts. 90, 104, 107.) As the Parties' settlement discussions proceeded, on January 24, 2014, Defendant GEICO filed its Motion for Summary Judgment. (Dkt. 96.) On March 25, 2014, Defendant Bell filed its own Motion to Dismiss and for Final Summary Judgment. (Dkt. 108.) By agreement of the Parties and Order of the Court, Plaintiff's deadline to respond to both Motions is currently April 25, 2014. (Dkt. 114.)

By Order entered March 27, 2014, and in light of the Parties' ongoing settlement discussions, Magistrate Judge Seltzer, *inter alia*, denied Plaintiff's Motion to Compel without prejudice, and ordered Plaintiff, should the Parties not resolve the case, to file a notice no later than April 11th informing the Court of the same and requesting that a ruling on his Motion to Compel be issued. (*See* dkt. 109.) Although the Parties had continued their settlement discussions and kept the lines of communication open, they had not yet reached a resolution of the case by April 4, 2014, and a result, Plaintiff filed a notice requesting that Magistrate Judge Seltzer issue a ruling on his Motion to Compel. (Dkt. 110.)

To date, no order has been issued on the Motion to Compel. With his deadline to respond to Defendants' Motions for Summary Judgment upon him, Plaintiff has no choice but to file the instant motion and seek a stay of briefing on, or a denial without prejudice of, Defendants' Motions for Summary Judgment pending a ruling from Magistrate Judge Seltzer on his Motion to Compel.

## ARGUMENT

**I.      Standard for Granting a Rule 56(d) Motion.**

When faced with a motion for summary judgment, the party opposing the motion "should be permitted an adequate opportunity to complete discovery prior to consideration of the motion." *Ventrassist Pty Ltd. v. Heartware, Inc.*, 377 F. Supp. 2d 1278, 1288 (S.D. Fla. 2005) (citing *Jones v. City of Columbus, Ga.*, 120 F.3d 248, 253 (11th Cir. 1997)). Thus, under Rule 56(d), when a plaintiff cannot present all of the "facts essential to justify its opposition, the court may (1) defer considering the motion or deny it; (2) allow time to . . . take discovery; or (3) issue any other appropriate order." Fed. R. Civ. P. 56(d); *see also Celotex Corp. v. Catrett*, 47 U.S. 317, 326 (1986) (recognizing that Rule 56[(d)] "allows a summary judgment motion to be

4

denied, or the hearing on the motion to be continued, if the non-moving party has not had an opportunity to make full discovery."). The Eleventh Circuit has held that, as in this case, it would be error for a "district court to decide a summary judgment motion before ruling on an outstanding motion to compel." *Vining v. Runyon*, 99 F.3d 1056, 1058 (11th Cir. 1996) (reversing court's grant of summary judgment and corresponding denial of motion to compel as moot and requiring district court to rule on motion to compel before considering summary judgment) (citing *Snook v. Trust Co. of Ga. Bank of Savannah, N.A.*, 859 F.2d 865, 871 (11th Cir. 1988)); *see also Fernandez v. Banker Nat. Life Ins. Co.*, 906 F.2d 559, 571 (11th Cir. 1990) (finding that "[t]he district court's failure to rule on the motion to compel deprived plaintiff[] of the right to use the discovery process in order to obtain the facts necessary to oppose [defendant's] renewed summary judgment motion and constitute[d] reversible error."). Indeed, "failure to rule on [a] motion to compel [would] circumvent[] the policy underlying discovery in cases in which a summary judgment motion is filed." *Snook*, 859 F.2d at 865.

Thus, when a non-movant, like Plaintiff here, is faced with a motion for summary judgment but lacks the facts necessary to oppose it, he or she may file a Rule 56(d) motion "*in lieu of* [a] formal" opposition.[2] *See Manuel v. Convergys Corp.*, No. 04-cv-1279, 2004 WL 5545025, at *4 n.2 (N.D. Ga. Oct. 18, 2004) ("The very nature of a Rule 56([d]) motion means that it is filed *in lieu of* formal responses to a motion for summary judgment and statement of undisputed material facts.") (emphasis in original); *see also Allen v. Walker*, No. 10-cv-3032,

---

[2] Notably, courts have found that the filing of a formal opposition to a motion for summary judgment "negates the basis" for allowing non-movants otherwise necessary discovery pursuant to Rule 56(d). *See Hill v. U.S. Dep't of Justice*, No. 11-cv-0273, 2012 WL 5382837, at *1 (D.D.C. Nov. 2, 2012) ("Since Rule 56(d) presupposes that a 'nonmovant' lacks sufficient facts 'to justify its opposition' to a summary judgment motion, the plaintiff's substantive opposition to the renewed summary judgment motion negates the basis for granting a continuance under Rule 56(d).").

2012 WL 3202272, at *1 (E.D. Cal. Aug. 3, 2012) ("If there is some good reason why such facts are not available to plaintiff when required to oppose a motion for summary judgment, the court will consider a request to postpone consideration of the defendant's motion.").

## II. A Stay of Briefing on or a Denial, Without Prejudice, of Defendants' Motions for Summary Judgment is Warranted Given the Pendency of Plaintiff's Motion to Compel.

Here, the crux of Defendants' Motions for Summary Judgment is (i) that the "undisputed" facts supposedly show that neither may be held directly liable for the alleged TCPA violations because they did not physically "make" the calls at issue, and (ii) that the "undisputed" facts also show that neither had the level of involvement in or control over making the calls to subject them to vicarious liability. (Dkt. 96 at 3, 10; Dkt. 108 at 4, 8-9.) By way of example, GEICO argues that it is undisputed that it hired Bell as an independent contractor to collect on its behalf and that it could not (and did not) instruct or control how Bell attempted to do so. (Dkt. 96 at 3.) For its part, Bell contends that third-party LiveVox was the entity that actually "made" the calls. (Dkt. 108 at 4.)

Based upon the limited information Plaintiff has been able to obtain, he very much disputes the positions and purported "facts" asserted in Defendants' Motions for Summary Judgment. Nevertheless, he does not have all of the evidence necessary to properly evaluate and oppose Defendants' Motions (or that he is otherwise entitled to obtain). (*See* Declaration of Benjamin H. Richman ¶¶ 26, 30, attached as Exhibit 1.) Indeed, the outstanding discovery sought through Plaintiff's Motion to Compel would shed additional (and likely definitive) light on the legal and factual questions in Defendants' Motions, including Defendants' relationship with each other, their relationships with third parties like LiveVox, and their respective involvement in and control over how and to whom the calls were made.

6

For example, Plaintiff has requested that Bell produce all documents, communications and contracts regarding its relationship with GEICO. (*See* dkt. 42 at 9-16, 18-20, 32-43) ("DESCRIBE YOUR business relationship with GEICO AS IT RELATES to . . . YOU making the PHONE CALLS at the direction of GEICO, including identifying ALL contracts, written agreements or any other understandings between YOU and GEICO, and DESCRIBING ALL instructions and directives GEICO provided to YOU applicable to the PHONE CALLS.")[3] This information will show whether GEICO knew Bell was placing prerecorded calls to purported debtors (like Plaintiff), directed Bell to call the debtors, monitored Bell's calling practices, received complaints about Bell from the debtors, directed Bell to in any way change its collection efforts, and in fact paid Bell for its efforts. (*See* dkt. 42 at 9-16, 18-20, 32-43, 47-48, 50; Richman Decl. ¶ 32.) This information will also establish whether GEICO can be held vicariously liable for violations of the TCPA as a result of Bell's conduct and if so, in what form (i.e., under a theory of formal agency, apparent authority, and/or ratification). *See Palm Beach Golf Center-Boca, Inc. v. Sarris, D.D.S., P.A.*, --- F. Supp. 2d ----, 2013 WL 5972173, at *6 (Oct. 22, 2013) (recognizing that the TCPA allows for vicarious liability under the principles of formal agency, apparent authority, and ratification); *Lee v. Stonebridge Life Ins. Co.*, No. 11-cv-43, 2013 WL 3828814, at *1 (N.D. Cal. July 19, 2013) (finding requests related to the scope of defendants' agency relationship relevant in a TCPA action given the formal agency, apparent authority, and ratification principles recognized by the Federal Communications Commission); *Mey v. Monitronics Intern., Inc.*, 959 F. Supp. 2d 927, 934 (N.D.W. Va. 2013) (denying defendants' motions for summary judgment pursuant to Rule 56(d) after finding that a limited

---

[3] For the sake of efficiency and so as not to burden the Court with duplicative briefing, Plaintiff will not repeat herein, and instead incorporates by reference, each of the arguments raised in his memorandum of law in support of his Motion to Compel. (*See* dkt. 42.)

discovery order prevented plaintiff from obtaining information "highly germane" to her theory of ratification).

Plaintiff has similarly requested that Bell produce all documents and communications concerning its agents—if any—who participated in making the calls (dkt. 42 at 20-22, 25-26, 29, 38-41, 43-45), how Bell made or directed the calls to be made by its agents (*id.* at 18-19, 21-25, 27-28, 32-41), what equipment was used to make them (*id.* at 22, 25-26, 29, 38-40, 43-45), and if they received complaints as a result of the calls. (*Id.* at 21-22, 25, 28-29.) From a factual perspective, this information will establish whether—as Plaintiff alleges—Bell made the unauthorized calls by utilizing automatic telephone dialing equipment or, in the alternative, whether—as Bell contends—an independent third party made the calls free from Bell's direction or control.[4] (*See* dkt. 42 at 18-29, 32-41, 43-51, 54, 56-61; Richman Decl. ¶ 35.) From a legal perspective, this information will establish whether Bell can be held directly or vicariously liable (under the theories of formal agency, apparent authority, or ratification) for the calls at issue. *See Sarris,* 2013 WL 5972173, at *6, 8-12; *Lee,* 2013 WL 3828814, at *1.

As he anticipated, without the information he has requested from Bell (and sought to compel), Plaintiff is unable to adequately prepare his opposition to Defendants' Motions for Summary Judgment. Accordingly, he respectfully requests that the Court stay briefing on or deny, without prejudice, Defendants' Motions pending a ruling from Magistrate Judge Seltzer on his Motion to Compel, as well as provide him a sufficient period of time to review and analyze any additional information produced by Bell as a result.

---

[4] As with the relationship between GEICO and Bell, the information requested will show whether Bell, *inter alia*, had input on or approved of the prerecorded messages used in the calls, monitored how the unauthorized calls were made, and/or communicated with any third parties (including LiveVox) that made the calls on its behalf. (*See* dkt. 42 at 18-29, 32-41, 43-51, 54, 56-61; *see also* Richman Decl. ¶¶ 33-35.)

## CONCLUSION

For the foregoing reasons, Plaintiff Carlos Cabrera respectfully requests that the Court enter an Order (i) staying briefing on or denying, without prejudice, Defendants' Motions for Summary Judgment pending a ruling on his Motion to Compel and (ii) providing such other and further relief as the Court deems equitable and just.

## RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the undersigned hereby certifies that counsel for Plaintiff conferred via telephone with counsel for Defendants on April 22, 2014, and is authorized to state that Defendants oppose the relief requested herein.

Respectfully submitted,

**CARLOS CABRERA**, individually and on behalf of all others similarly situated,

Dated: April 25, 2014

By:   /s/  Scott D. Owens
One of Plaintiff's Attorneys

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com
Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Scott D. Owens
scott@scottdowens.com
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: 954.589.0588

                Bret Leon Lusskin, Jr.
                blusskin@lusskinlaw.com
                BRET LUSSKIN, P.A.
                1001 N. Federal Hwy, Ste 106
                Hallandale Beach, FL 33009
                Tel: 954.454.5841

**CERTIFICATE OF SERVICE**

  I certify that on April 25, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF System.

               /s/ Scott D. Owens
               Scott D. Owens, Esq.