UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CARLOS CABRERA, individually and on
behalf of all other similarly situated,

        Plaintiff,                        Case No. 12-CV-61390 WILLIAMS

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a Maryland corporation and BELL,
LLC, a Florida limited liability company,

        Defendants

_____ /

**DEFENDANT BELL, LLC'S RESPONSE
IN OPPOSITION TO PLAINTIFF'S RULE 56(D) MOTION FOR STAY REGARDING
DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT**

Defendant, BELL, LLC ("BELL"), hereby files its opposition to Plaintiff's Rule 56(d)

Motion for Stay of Briefing On or Denial, Without Prejudice, of Defendants' Motions for

Summary Judgment Pending Order on Motion to Compel [DE 115], and states as follows:

**INTRODUCTION**

It has been months since BELL moved to dismiss and for summary judgment on March

25, 2014 [DE 108] ("BELL's summary judgment motion"), and Co-Defendant GOVERNMENT

EMPLOYEES INSURANCE COMPANY ("GEICO") moved for summary judgment on January

26, 2014 [DE 96] ("GEICO's summary judgment motion").  Neither BELL nor GEICO opposed

Plaintiff's two extensions to respond to the motions for summary judgment.  Now, Plaintiff is

seeking to stay the summary judgment briefing again based upon a motion to compel discovery

against BELL related to unascertainable class definitions and discovery, which Plaintiff asserts is

important to somehow refute the pending motions for summary judgment directed to Plaintiff's

individual claims.  Plaintiff is wrong, and Plaintiff's motion to stay should be denied.

Case No. 12-CV-61390 WILLIAMS

Plaintiff has had plenty of time to conduct discovery and has obtained all discovery through bother written discovery, documents and depositions directed to Plaintiff's individual claims.  The discovery at issue in the motion to compel against BELL has no effect on BELL'S (or GEICO's) grounds for summary judgment.  The motions for summary judgment are directed to Plaintiff's individual claims, while the untimely motion to compel is directed to discovery Plaintiff sought related to unascertainable putative classes based upon definitions as to "classes" and "calls" and other definitions that are based upon the unascertainable classes in the complaint, which are even different than the "class" that Plaintiff seeks to certify in his second motion for class certification.  Plaintiff has essentially filed another declaration of Plaintiff's counsel to support the latest motion to stay, and that declaration of Plaintiff's counsel Richman is essentially the same as what was previously filed related to Plaintiff's motion to compel.  BELL and undersigned counsel disagrees with the assertions in Plaintiff's counsel's declaration, and stand by and incorporate BELL's prior responses to Plaintiff's motion to compel and request for enlargement of time to move to compel.  [DE 30, 56, and 58].

Nevertheless, Plaintiff has had an adequate opportunity to obtain discovery, and the information that Plaintiff sought relating to Plaintiff's individual claims has been provided by both BELL and GEICO.  BELL has responded to Plaintiff's interrogatories, requests for admissions, and document requests, and Plaintiff has deposed the corporate representatives of BELL and GEICO.  Plaintiff also sought records from non-party Livevox.  Plaintiff did not seek to compel any additional testimony from BELL or GEICO, nor did Plaintiff seek a deposition from Livevox.  Notably, the discovery deadline in this case expired over six months ago.

The disputed discovery between Plaintiff and BELL involves voluminous information regarding unidentified members of a proposed unascertainable class that has not been certified.

2

As BELL's corporate representative has testified, BELL has reiterated in its responses to Plaintiff's Motion to Compel [responses are identified at DE 30, 56, 58], and undersigned counsel has advised plaintiff's counsel on numerous occasions, BELL is unable to identify from its own records the documents that may be responsive to Plaintiff's requests because Plaintiff has filed to identify a discernible group of persons to which the discovery, and putative class(es), would be applicable to. This is due in large part to the failure of Plaintiff to identify an ascertainable class or group of persons. Defendant GEICO's corporate representative has testified similarly and objected to the same definitions Plaintiff used in the written discovery directed to GEICO. Notably, Plaintiff never moved to compel anything from GEICO. Nevertheless, Plaintiff has three times attempted to alter its putative class definition(s) and has altered its putative class definition in the renewed motion for class certification from the Complaint. Furthermore, Plaintiff's putative class definitions were only directed to the files of Defendant GOVERNMENT EMPLOYEES INSURANCE COMPANY, while BELL received various files from the "Geico Claims Center" pertaining to various unspecified "GEICO" insurers. In sum, BELL does not know which files it was given relate to Co-Defendant GEICO, as opposed to other "Geico entities." Regardless, BELL's summary judgment motion is directed to Plaintiff Cabrera's individual claims, and the documents and information relating to Plaintiff have already been produced by BELL (and Co-Defendant GEICO). Information regarding the individual circumstances of proposed unidentified class members has no bearing on Plaintiff Cabrera's circumstances at issue in BELL's summary judgment motion – which is directed to Plaintiff Cabrera's individual claims. Accordingly, Plaintiff's motion to stay should be denied.

## <u>MEMORANDUM OF LAW</u>

A district court is not barred from ruling on a motion for summary judgment when there is pending discovery. *See Florida Power & Light Co. v. Allis Chalmers Corp.*, 893 F. 2d 1313,

Case No. 12-CV-61390 WILLIAMS

1316 (11th Cir. 1990) (holding that a "district court is not required to await the completion of discovery before ruling on a motion for summary judgment."); *Reflectone, Inc. v. Farrand Optical Co., Inc.*, 862 F.2d 841, 843 (11th Cir. 1989) (refusing to adopt a blanket prohibition on the granting of summary judgment motions before discovery is complete); *see also Deer v. Saltzman, Tanis, Pittell, Levin & Jacobson, Inc.*, 10-61588-CIV, 2011 WL 3584470, at *2 (S.D. Fla. Aug. 15, 2011) (noting that an "argument that summary judgment was premature because the time for discovery had not yet lapsed misses the mark."); *Nawab v. Unifund CCR Partners*, 13-12820, 2013 WL 6823109 (11th Cir. Dec. 27, 2013)(holding that "the district court properly exercised its discretion when it granted summary judgment before the completion of discovery.").

Moreover, summary judgment is appropriate where the record shows no material disputed facts and where outstanding discovery requests or motions are unlikely to produce a genuine issue of material fact, which is the case here. *Ernie Haire Ford, Inc. v Ford Motor Co*., 260 F.3d 1285, 1290 (11th Cir. 2001) (summary judgment was appropriate where discovery was unlikely to produce a genuine issue of material fact); *Harbert Int'l, Inc. v. James*, 157 F. 3d 1271, 1279-80 (11th Cir. 1998) (affirming summary judgment notwithstanding requests for further discovery, where further discovery was not likely to establish missing elements of the claim); *Patterson v. United States Postal Serv*., 901 F. 2d 927 (11th Cir. 1990)(affirming summary judgment where there was no prima facie claim and where stayed discovery was not likely to produce a material fact); *Amey, Inc. v. Gulf Abstract & Title. Inc*., 758 F. 2d 1486 (11th Cir. 1985) (affirming summary judgment notwithstanding non-moving parties additional discovery requests).

14937048v1 0938497

Plaintiff merely contends, without specificity, that he lacks the facts necessary to adequately prepare an opposition.  However, a party seeking to use Federal Rule of Civil Procedure 56(d), must "specifically demonstrate 'how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.'"  *Reflectone, Inc. v. Farrand Optical Co., Inc*., 862 F.2d 841, 843 (11th Cir. 1989) (refusing to adopt a blanket prohibition on the granting of summary judgment motions before discovery is complete).  Plaintiff fails to make this showing here.

Plaintiff has had ample time to conduct discovery.  The proper Rule 56(d) inquiry is whether a party has had an "adequate opportunity for discovery."  *Florida Power & Light*, 893 F. 2d at 1316 (citing C*elotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)); *Reflectone*, 862 F. 2d at 843.  This case has been pending for nearly two years. Plaintiff served discovery requests on Defendant BELL, to which BELL responded nearly a year ago.  BELL not only responded to Plaintiff's discovery requests, but also produced responsive documents related to Plaintiff. Plaintiff has deposed BELL's corporate representative.  The discovery deadline in this case expired over long ago, and Plaintiff has not identified anything Plaintiff needs related to his own account, and the calls at issue that he alleges BELL made to him (which were actually made by Livevox).

More importantly, Plaintiff does not need the discovery he seeks for purposes of BELL's Motion for Summary Judgment.  The disputed discovery seeks voluminous information regarding unidentified members of a proposed class that has not been certified.  But BELL's summary judgment motion is directed to Plaintiff Cabrera's individual claims, and the documents and information relating to Plaintiff Cabrera already have been produced by BELL, and the corporate representatives for BELL and GEICO were deposed fully.   Information and

records regarding the proposed unidentified class members have no bearing on Plaintiff Cabrera's individual claims at issue in BELL's motion to dismiss and for summary judgment (or GEICO's).  The information Plaintiff is seeking to compel from BELL does not help Plaintiff in responding to BELL's summary judgment motion.  Plaintiff has all the records and information relating to his individual claims, and therefore, BELL's motion to dismiss and for summary judgment on Plaintiff's individual claims should not be delayed. *See FEC v. Reform Party of the U.S.*, 479 F. 3d 1302, 1309 (11th Cir. 2007) (holding summary judgment was appropriate where the non-moving party failed to show that additional discovery would have unearthed genuine issues of fact).

Moreover, Plaintiff argues in his motion for a stay that he needs the "contract" between Defendants GEICO and BELL to establish whether the calls were made under Bell's direction or control.  BELL's corporate representative, Joel Bouvier, however, testified that there was no signed contract between BELL and GEICO during the time of the calls.  Deposition of Bouvier, p. 31-32.  Also, an unsigned proposed contract between GEICO and BELL has already been produced to Plaintiff by Defendant GEICO.  Plaintiff's counsel asked numerous questions regarding the relationship between BELL and GEICO when their corporate representatives were depose.  Plaintiff, therefore, has all the evidence relating to the contractual relationship between BELL and GEICO.

BELL's Motion to Dismiss and for Summary Judgment is based on three general arguments: 1) Plaintiff does not have standing to sue under Section 227(b)(1)(B); 2) BELL did not make the alleged calls to Plaintiff; and 3) BELL cannot be held vicariously liable under the TCPA for calls made by LiveVox.  It is evident from the record that Plaintiff already has all the

evidence discoverable as to his individual claims, and it is time to respond to BELL's Motion to Dismiss and for Summary Judgment.

First, Bell argues that Plaintiff has no standing under Section 227(b)(1)(B) of the TCPA, which addresses calls to residential lines. Plaintiff's Complaint does not plead that he had a residential telephone line, and Plaintiff has admitted that he does not. *See* Cabrera Deposition at 32: 8-20. The discovery sought by Plaintiff has no bearing on whether Plaintiff has standing to sue under Section 227(b)(1)(B) of the TCPA. Therefore, there is no valid basis to stay summary judgment on this issue.

Second, the discovery sought by Plaintiff will not reveal any evidence regarding whether BELL made the alleged "calls". It is undisputed that the calls were made by LiveVox. *See* Deposition of Bouvier at p. 117, Lines 20-23. Lastly, BELL is entitled to dismissal and summary judgment because Plaintiff did not plead vicarious liability as to BELL related to calls made by another person or entity (i.e. Livexox). The Complaint solely alleges that BELL made the calls at issue, which is contradicted by the record evidence showing that LiveVox made the calls at issue. "If a plaintiff's theory of recovery against a defendant is premised upon vicarious liability, it must be alleged in the complaint." *Prager v. FMS Bonds, Inc*., 2010 WL 2950065, at *9 (S.D.Fla. July 26, 2010); *see also Palm Beach Golf Center v. Sarris, DDS, PA,* 2013 WL 5972173, *7 (S.D. Fla. Oct. 22, 2013)*. The Court does not need the disputed discovery to determine whether Plaintiff has properly pled vicarious liability.

In sum, Plaintiff's Motion for a stay should be denied, and on Bell's motion to dismiss and for summary judgment should proceed, for the reasons set forth above.

*s/ Barbara Fernandez*
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant BELL, LLC,

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 19, 2014, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

John Marino, Esq.
Edward Cottrell, Esq.
Lindsey R. Trowell, Esq.
Smith, Gambrell, Russell, LLP
50 North Laura Street - Suite 2600
Jacksonville, FL  32202
jmarino@sgrlaw.com
ecottrell@sgrlaw.com
ltrowell@sgrlaw.com
Attorneys for GEICO

Scott Owens, Esq.
Law Offices of Scott D. Owens, Esq.
664 East Hallandale Beach Boulevard
Hallandale, FL
Tel:  954-589-0588
scott@scottdowens.com
Attorneys for Plaintiff

Rafey Balabanian, Esq.
Benjamin Richman, Esq.
Christopher L. Dore, Esq.
Edelson PC
350 North LaSalle Street - Suite 1300
Chicago, IL   60654
Tel:  312-589-6370
rbalabanian@edelson.com
Attorneys for Plaintiff

Bret Lusskin, Esq.
1001 N. Federal Highway
Suite 106
Hallandale, FL  333009
Tel:  954-454-5841
Fax:  954-454-5844
blusskin@lusskinlaw.com
Attorneys for Plaintiff

*s/ David P. Hartnett*
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
Barbara Fernandez
Florida Bar No. 0493767
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON LLP
2525 Ponce de Leon Blvd.
4th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
Attorneys for Defendant BELL, LLC,