UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS CABRERA, individually
and on behalf of all others similarly
situated,

    *Plaintiff*,

v.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

    *Defendants*.
_____/

**CLASS ACTION**

**CASE NO.: 12-cv-61390-KMW**

**JOINT MOTION AND MEMORANDUM IN SUPPORT OF CONTINUANCE OF
TRIAL-RELATED DEADLINES PENDING RULINGS ON MOTIONS**

  Plaintiff, Carlos Cabrera, and Defendants, Government Employees Insurance Company ("GEICO") and Bell, LLC ("Bell") (collectively, the "Parties"), jointly move the Court for an Order continuing all trial-related deadlines and removing this case from the Court's July trial calendar pending rulings on (i) Plaintiff's Motion to Compel Additional Discovery Responses and Document Production from Bell (the "Motion to Compel") (dkt. 42); (ii) Plaintiff's Motion for Class Certification (dkt. 66); (iii) Defendant GEICO's Motion for Summary Judgment (dkt. 96); (iv) Defendant Bell's Motion to Dismiss and for Final Summary Judgment (dkt. 108) (GEICO's and Bell's motions are collectively referred to as the "Motions for Summary Judgment"); and (v) Plaintiff's Rule 56(d) Motion for Stay of Briefing on or Denial, Without Prejudice, of Defendants' Motions for Summary Judgment Pending Order on Motion to Compel (the "Rule 56(d) Motion"). (Dkt. 115.) In support of the instant motion, the Parties state as follows:

1. Pursuant to the Court's January 29, 2014 Order, the jury trial in this matter is set for trial on July 14, 2014, with a Calendar Call set for July 8, 2014, and a joint pretrial stipulation, joint proposed jury instructions, and the Parties' respective motions *in limine* and witness and exhibit lists due June 6, 2014. (Dkt. 98.)

2. Prior to and following the Court's January 29, 2014 Order, the Parties engaged in extensive litigation and motion practice, with several substantive motions awaiting rulings from the Court and Magistrate Judge Seltzer. The following motions are currently pending and awaiting rulings:

- Plaintiff's fully briefed Motion to Compel (dkts. 42, 56, 64, 110);
- Plaintiff's fully briefed Motion for Class Certification (dkts. 66, 75, 76, 88);
- Defendant GEICO's Motion for Summary Judgment (dkt. 96);
- Defendant Bell's Motion to Dismiss and for Final Summary Judgment (dkt. 108); and
- Plaintiff's fully briefed Rule 56(d) Motion. (Dkts. 115, 116, 201, 122.)

3. The Court's ruling(s) on these motions may affect the scope of the claims in question, whether there will be class or individual claims, the potential relief available, and the issues remaining (if any) to be addressed at trial.

4. In light of the foregoing, the Parties have conferred and agreed that a continuance of all trial-related deadlines and removal of this case from the Court's trial calendar pending orders on the Motion to Compel, Motion for Class Certification, Motions for Summary Judgment, and Rule 56(d) Motion are appropriate at this time.

5. The requested continuance is not intended for purposes of improper delay, and no party will be prejudiced as a result. Rather, a continuance will allow the Parties to better

understand the scope of the claims at issue and prepare their respective positions for trial, as well as preserve judicial resources.

6.  Therefore, the Parties respectfully request that the Court enter an Order continuing all trial-related deadlines and removing this case from the Court's trial calendar pending the Courts' orders on the Motion to Compel, Motion for Class Certification, Motions for Summary Judgment, and Rule 56(d) Motion.

7.  Pursuant to Local Rule 7.1(a)(2), a proposed order is attached as Exhibit 2 to this motion.

## MEMORANDUM OF LAW

Rule 6(b)(1)(A) provides that: "When an act may or must be done within a specified time, the court may, for good cause, extend the time: (A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires…" Fed. R. Civ. P. 6(b)(1)(A). Furthermore, a court may grant "[a] continuance of any trial, pretrial conference, or other hearing…" *See* S.D. Fla. L.R. 7.6. Accordingly, the Court has the discretion and authority to control its docket and grant a continuance for cause. *Gastaldi v. Sunvest Resort Communities, LC,* 709 F. Supp. 2d 1284, 1291 (S.D. Fla. 2010); *AT & T Mobility, LLC v. Digital Antenna, Inc.*, No. 09-cv-60639, 2010 WL 3608247, at *1 (S.D. Fla. Sept. 9, 2010)) ("the Court will grant a limited extension of time for expert discovery and the filing of summary judgment and *Daubert* motions to enable them to be considered and ruled upon *prior to the filing* of the pre-trial stipulation.") (emphasis added). The Eleventh Circuit typically considers four factors when determining whether a motion for continuance should be granted:

> (1) the moving party's diligence in its efforts to ready its case prior to the date set for hearing; (2) the likelihood that the need for a continuance would have been remedied had the continuance been granted; (3) the extent to which granting the continuance would have inconvenienced the court and the opposing party; (4) the

> extent to which the moving party might have suffered harm as a result of the district court's denial.

*Gastaldi*, 709 F. Supp. 2d at 1291 (quoting *Romero v. Drummond Co.*, 552 F.3d 1303, 1320 (11th Cir. 2008)).

With respect to the first factor, the Parties have been diligent in their efforts to move this case to trial. By way of example, Cabrera timely moved for an order compelling Bell to produce additional documents and information nearly one year ago and for an order certifying the action as a class action nine months ago. (*See* dkts. 42, 66.) Since that time, he has also requested that Magistrate Judge Seltzer issue an order on his Motion to Compel (dkt. 100), and Defendants timely moved for summary judgment on Cabrera's individual claims. (Dkts. 96, 108.)

As to the second and third factors, if the Court allows the requested continuance the Parties' need in this regard will obviously be remedied. Specifically, it will give the Parties the opportunity to obtain rulings on their pending motions, fully understand the scope of the claims to be tried, and, if the proposed class is certified, provide the notice required by Rule 23(c)(2). *See Eisen v. Carlisle and Jacquelin*, 417 U.S. 156, 157 (1974) (finding that "individual notice to identifiable class members is not a discretionary consideration to be waived in a particular case . . . [but] rather, an unambiguous requirement of Rule 23" and recognizing that notice is sent out prior to a decision on the merits because a final judgment will bind all class members); *Washington v. Vogel*, 158 F.R.D. 689, 691 (M.D. Fla. 1994) (recognizing that class certification requires notice to the class prior to trial and that such notice may require a continuance of the trial date). It will allow them to comply with the Federal Rules, properly prepare for trial, and ensure that the Court's (and the Parties') time and resources are used efficiently.

Finally, as to the fourth factor, all Parties will be prejudiced absent a continuance on the trial-related deadlines. That is, if the motion is not granted, the Parties will be unable to

4

effectively prepare a joint pretrial stipulation, proposed jury instructions, witness and exhibit lists or motions *in limine*, since they are awaiting rulings that may be dispositive of Cabrera's individual claims or bind a class of individuals. *See, e.g. Palazzo v. Gulf Oil Corp.*, 764 F.2d 1381, 1383 (11th Cir. 1985) (recognizing that the district court "granted a continuance of trial in order that pending motions could be resolved."); *see also McLean v. GMAC Mortgage Corp.*, No. 06-cv-22795, 2008 WL 938894, at *2 (S.D. Fla. Apr. 7, 2008) (refusing to grant further extensions on motion for summary judgment "since th[e] matter must be ruled on in advance of the trial date.") (citation omitted). And if the scheduled trial is not removed from the Court's trial calendar, the Parties will be left with insufficient time to adequately prepare for it.

For the reasons described above, good cause exists for, and no party will be prejudiced by, the requested extension.

## RULE 7.1(a)(3) CERTIFICATION

Pursuant to Local Rule 7.1(a)(3), the Parties have conferred regarding the continuance requested by this motion. All Parties agree and jointly request the continuance.

WHEREFORE, the Parties respectfully request that the Court enter an Order (i) continuing all trial-related deadlines and removing this case from the Court's trial calendar pending rulings on the outstanding Motion to Compel, Motion for Class Certification, Motions for Summary Judgment, and Rule 56(d) Motion and (ii) providing such other and further relief as the Court deems reasonable and just.

*                 *                 *

Respectfully submitted,

Dated: June 6, 2014            */s/* Scott D. Owens

Rafey S. Balabanian (Admitted *Pro Hac Vice*)
rbalabanian@edelson.com

Benjamin H. Richman (Admitted *Pro Hac Vice*)
brichman@edelson.com
Christopher L. Dore (Admitted *Pro Hac Vice*)
cdore@edelson.com
EDELSON PC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60654
Tel: 312.589.6370
Fax: 312.589.6378

Scott D. Owens
scott@scottdowens.com
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, Florida 33009
Tel: 954.589.0588

Bret Leon Lusskin, Jr.
blusskin@lusskinlaw.com
BRET LUSSKIN, P.A.
1001 N. Federal Hwy, Ste 106
Hallandale Beach, FL 33009
Tel: 954.454.5841

*Attorneys for Plaintiff Carlos Cabrera*

Dated: June 6, 2014                     /s/ John P. Marino

John P. Marino (FBN 814539)
EMAIL:  jmarino@fowlerwhite.com
Edward K. Cottrell (FBN 013579)
EMAIL:  ecottrell@fowlerwhite.com
Lindsey R. Trowell  (FNB 678783)
EMAIL:  lindsey.trowell@fowlerwhite.com
SMITH, GAMBRELL & RUSSELL, LLP.
50 N. Laura Street, Suite 2600
Jacksonville, FL  32202
Telephone:   904-598-6100
Facsimile:    904-598-6300

*Attorneys for Defendant, Government Employees Insurance Company*

6

Dated: June 6, 2014                                 /s/ David P. Hartnett

David P. Hartnett, Esq. (FBN: 946631)
dhartnett@hinshawlaw.com
Barbara Fernandez (FBN: 493767)
bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida  33134
Tel: 305.358.7747
Fax: 305.577.1063

*Attorneys for Defendant Bell, LLC*

**CERTIFICATE OF SERVICE**

I certify that on June 6, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the counsel of record, either via transmission of Notices of Electronic filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via the CM/ECF System.

 /s/ Scott D. Owens
SCOTT D. OWENS, Esq.

7