UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CARLOS CABRERA, individually
and all others similarly situated,

        Plaintiff,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

        Defendants.
_____/

CLASS ACTION

CASE NO.: 12-cv-61390-KMW

**DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants, Government Employees Insurance Company ("GEICO") and Bell, LLC ("Bell"), respectfully submit this Notice of Supplemental Authority in support of GEICO's Memorandum in Opposition to Plaintiff's Renewed Motion for Class Certification (Dkt. 78), Bell's Memorandum in Opposition to Plaintiff's Renewed Motion for Class Certification (Dkt. 76), GEICO's Motion and Supporting Memorandum for Summary Judgment (Dkt. 96), and Bell's Motion to Dismiss and for Summary Judgment (Dkt. 108).

The Eleventh Circuit Court of Appeals recently published its opinion in *Breslow v. Wells Fargo*. The *Breslow* decision holds that the term "called party" means the "subscriber to the cell phone service" for purposes of Section 227(b)(1)(A)(iii) under the Telephone Consumer Protection Act. *See* No. 12-14564, 2014 WL 2565984, at *1-2 (11th Cir. June 9, 2014) (quoting *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242, 1251 (11th Cir. 2014)). A copy of the *Breslow* decision is attached as Exhibit A.

Respectfully submitted,

/s/ John P. Marino
John P. Marino (FBN 814539)
EMAIL: jmarino@sgrlaw.com
Edward K. Cottrell (FBN 013579)
EMAIL: ecottrell@sgrlaw.com
Lindsey R. Trowell (FNB 678783)
EMAIL: lindsey.trowell@sgrlaw.com
SMITH, GAMBRELL & RUSSELL, LLP.
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

Attorneys for Defendant Government Employees Insurance Company


s/ David P. Hartnett
David P. Hartnett, Esq. (FBN: 946631)
EMAIL: dhartnett@hinshawlaw.com
Barbara Fernandez (FBN: 493767)
EMAIL: bfernandez@hinshawlaw.com
HINSHAW & CULBERTSON, LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33134
Phone: (305) 358-7747
Fax: (305) 577-1063

Attorneys for Defendant Bell, LLC

## CERTIFICATE OF SERVICE

I certify that on July 21, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the following, either via transmission of Notices of Electronic Filing via CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via CM/ECF:

Scott D. Owens, Esq.
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Email: don@scottdowens.com

Rafey S. Balabanian, Esq.
Benjamin H. Richman, Esq.
Christopher L. Dore, Esq.
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Email: rbalabanian@edelson.com
       brichman@edelson.com
       cdore@edelson.com

Brett L. Luskin, Esq.
1001 North Federal Hwy., Suite 106
Hallandale Beach, FL 33009
Email: blusskin@lusskinlaw.com

David P. Hartnett, Esq.
Barbara Fernandez, Esq.
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard, 4th Floor
Coral Gables, Florida 33134
Email: dhartnett@hinshawlaw.com
       bfernandez@hinshawlaw.com

/s/ John P. Marino
Attorney

# EXHIBIT A

Breslow v. Wells Fargo Bank, N.A., --- F.3d ---- (2014)
2014 WL 2565984, 24 Fla. L. Weekly Fed. C 1405

2014 WL 2565984
United States Court of Appeals,
Eleventh Circuit.

Lynn BRESLOW, individually and on behalf of "R.B.," a minor, Plaintiff–Appellee,
v.
WELLS FARGO BANK, N.A., a national bank, d.b.a. Wachovia Bank N.A., Defendant–Appellant.

No. 12–14564.    |    June 9, 2014.

**Synopsis**
**Background:** Cell phone subscriber, both individually and on behalf of minor son who used cell phone in question, brought suit against bank for autodialing cell phone number in alleged violation of provision of the Telephone Consumer Protection Act (TCPA). The United States District Court for the Southern District of Florida, No. 1:11–cv–22681–RNS, Robert N. Scola, Jr., J., 857 F.Supp.2d 1316, granted plaintiffs' motion for partial summary judgment, and bank appealed.

**Holding:** The Court of Appeals held that bank violated the TCPA.

Affirmed.

Opinion, 2014 WL 2523091, vacated and superseded.

West Headnotes (1)

[1]    Telecommunications
        ⟶ Illegal or Improper Purposes

Bank that autodialed cell phone number with consent of individual to whom that number had previously been assigned, but without consent of current user of that cell phone number or his mother, the subscriber who paid bills associated with that number, thereby violated provision of the Telephone Consumer Protection Act (TCPA) that prohibited the autodialing of cell phone numbers except with express prior consent of the "called party"; "called party," within meaning of this TCPA exception, was not the intended recipient of phone calls, i.e., the individual to whom cell phone number had previously been assigned, but subscriber or her son. Telephone Consumer Protection Act of 1991, § 3(a), 47 U.S.C.A. § 227(b)(1)(A).

Cases that cite this headnote

**Attorneys and Law Firms**

Scott David Owens, Owens Law Office, Hallandale, FL, for Plaintiff–Appellee.

Jan T. Chilton, Severson & Werson, San Francisco, CA, Elliot Aaron Hallak, Amy Rubin, Fox Rothschild, LLP, West Palm Beach, FL, Scott James Hyman, Eric J. Troutman, Severson & Werson, APC, Irvine, CA, for Defendant–Appellant.

Appeal from the United States District Court for the Southern District of Florida. D.C. Docket No. 1:11–cv–22681–RNS.

Before TJOFLAT and WILSON, Circuit Judges, and PROCTOR,[*] District Judge.

Opinion

PER CURIAM:

*1 On the Court's own motion, we vacate the original opinion in this case, issued on June 5, 2014, and substitute the following opinion in its place.

The Telephone Consumer Protection Act of 1991 ("TCPA"), Pub.L. No. 102–243, 105 Stat. 2394, makes it unlawful to make any call using an automatic telephone dialing system (an "autodial system") to a cellular telephone without the prior express consent of the "called party." 47 U.S.C. § 227(b)(1)(A)(iii) (2006).[1] In this case, which comes to us on interlocutory appeal, we are asked to determine the proper interpretation of the term "called party."

The facts of this case are straightforward and for the most part undisputed. Wells Fargo made multiple calls[2] using an autodial system to a cell phone number assigned to Lynn Breslow. Breslow did not consent to Wells Fargo's use of an autodial system to call the number. Although Breslow was the named account holder for the cell phone number, she was

Breslow v. Wells Fargo Bank, N.A., --- F.3d ---- (2014)
2014 WL 2565984, 24 Fla. L. Weekly Fed. C 1405

not the primary user of the phone. The cell phone was used exclusively by her minor child, "R.B."[3]

On August 11, 2011, Breslow, individually and on behalf of "R.B.," filed suit in the District Court for the Southern District of Florida, alleging that Wells Fargo violated the TCPA's prohibition on autodialing cell phones without the express consent of the called party.[4] Following discovery, Breslow filed a motion for partial summary judgment on the issue of Wells Fargo's liability. In response, Wells Fargo also filed a motion for summary judgment. It accompanied its motion with an affidavit of one of its employees, who stated that Wells Fargo had called the cell phone number used by R.B. to collect a debt from a former customer who had listed the phone number on a Wells Fargo account application. The affidavit further stated that Wells Fargo was unaware that the cell phone number was no longer assigned to the former customer and that the former customer never revoked his consent or requested that Wells Fargo cease calling the number. Wells Fargo argued that this former customer—the intended recipient of the autodial call—was the "called party" for purposes of § 227, and because he had consented to being called via automatic dialing system, the TCPA's prohibition did not apply.

The District Court concluded that the " 'called party' for purposes of [47 U.S.C.] § 227(b)(1)(A)(iii) was not [the] Former Customer, but the Plaintiffs," Breslow and R.B. Accordingly, the court granted partial summary judgment in their favor. Wells Fargo then sought a certification for interlocutory appeal, see 28 U.S.C. § 1292(b),[5] which this court granted on the issue of the proper meaning of the term "called party."[6]

During the pendency of this appeal, another panel of this court, faced with the same question, concluded in a published opinion that "called party," for purposes of § 227(b)(1)(A)(iii), means the subscriber to the cell phone service. See Osorio v. State Farm Bank, F.S.B., 746 F.3d 1242, 1251 (11th Cir.2014). That panel rejected the defendant's contention that called party could mean intended recipient. Id. at 1252.

*2 "[I]t is the firmly established rule of this Circuit that each succeeding panel is bound by the holding of the first panel to address an issue of law, unless and until that holding is overruled en banc, or by the Supreme Court." United States v. Hogan, 986 F.2d 1364, 1369 (11th Cir.1993) (en banc). Because Breslow, the subscriber to the cell phone service, did not consent to Wells Fargo's calling via audial system, she is entitled to partial summary judgment.

The District Court's grant of partial summary judgment is, accordingly,

AFFIRMED.

**Parallel Citations**

24 Fla. L. Weekly Fed. C 1405

Footnotes

| | |
|---|---|
| * | The Honorable R. David Proctor, District Judge, United States District Court for the Northern District of Alabama, sitting by designation. |
| 1 | Section 227(b)(1) provides, in pertinent part:<br>It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—<br>(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—<br>...<br>(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.... |
| 2 | The exact number of phone calls remains in dispute but is irrelevant to the resolution of the appeal. The District Court found that at least two calls were made, and Breslow contends as many as 1,400 calls were made to the cell phone number. |
| 3 | The record does not establish whether R.B. consented to Wells Fargo's calling via autodial system. |
| 4 | The TCPA creates a private right of action for violations of the prohibition on autodialing. 47 U.S.C. § 227(b)(3). Successful plaintiffs are entitled to an injunction, id. § 227(b)(3)(A), actual losses caused by the violation or $500 for each violation (whichever is greater), id. § 227(b)(3)(B), or both injunctive relief and money damages id. § 227(b)(3)(C)."If the court finds that the defendant willfully or |

Breslow v. Wells Fargo Bank, N.A., --- F.3d ---- (2014)
2014 WL 2565984, 24 Fla. L. Weekly Fed. C 1405

|   |   |
|---|---|
|   | knowingly violated this subsection or the regulations prescribed under this subsection, the court may, in its discretion, increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B)...." *Id.* § 227(b)(3). |
| 5 | 28 U.S.C. § 1292(b) (2006) provides |
|   | When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order |
| 6 | "We review the district court's grant[ ] of partial summary judgment ...*de novo,* reviewing all facts and reasonable inferences in the light most favorable to the nonmoving party, and applying the same standard as the district court."*Allison v. McGhan Med. Corp.,* 184 F.3d 1300, 1306 (11th Cir.1999). |

End of Document                                         © 2014 Thomson Reuters. No claim to original U.S. Government Works.