UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.  12-CV-61390 WILLIAMS

CARLOS CABRERA, individually and on
behalf of all others similarly situated,,

       Plaintiffs,

vs.

GOVERNMENT EMPLOYEES INSURANCE
COMPANY, a MARYLAND CORPORATION,
and BELL, LLC, a Florida limited liability
company,

       Defendant.
_____/

**DEFENDANT BELL'S OBJECTIONS TO AND MOTION TO SET ASIDE PORTIONS
OF MAGISTRATE JUDGE'S ORDER ON MOTION TO COMPEL [DE 125]**

Defendant, BELL, LLC ("BELL"), pursuant to Federal Rule of Civil Procedure 72(a), and 28 U.S.C. 636(c)(1), files its objections to the July 3, 2014 Order on Motion to Compel issued by Magistrate Judge Seltzer [DE 125]. For the reasons set forth below, BELL objects to the Magistrate's Order to the extent that the Magistrate has altered the class definitions upon which the discovery was based to something other than what is pled in the operative Complaint [DE 1], and further moves this Court to reverse and set aside that portion of the Order that the Magistrate has directed Bell to respond further to Requests for Production No. 5, 33, 34, 3, 4, 16, 23, 29, 37, and Interrogatories 4, 5, 6, 7 and 13.

**I.      Standard of Review**

Federal Rule of Civil Procedure 72(a) provides that a magistrate judge's order, in whole or in part, may be modified or set aside where the district judge finds that the order is "clearly erroneous or contrary to law." See Fed. R. Civ. P. 72(a); 28 U.S.C. §636(b)(1)(A).  A factual

finding is clearly erroneous "when it is contrary to the 'clear weight of the evidence or when the court has a definite and firm conviction that a mistake has been committed.'" *Johnson & Johnson Vision Care, Inc. v. 1-800-Contacts, Inc*., 299 F.3d 1242, 1246 (11th Cir. 2002) (discussing "clearly erroneous" standard generally). A magistrate judge's legal rulings are properly set aside where the ruling is contrary to law. *Young*, 899 F. Supp. at 40. As one federal court explained, "[t]he 'contrary to law' standard . . . permits independent review of purely legal determinations" of the magistrate judge. *FDIC v. Fidelity & Deposit Co. of Md*., 196 F.R.D. 375, 378 (S.D. Calif. 2000); *cf. Johnson*, 299 F.3d at 1246 (applying de novo review to district court's legal conclusions). Here, Magistrate Judge Seltzer's July 3, 2014 Order, in part, is clearly erroneous, contrary to the law and should be reversed and set aside as such relates to the issues addressed herein – i.e. alteration of the putative class definition and directive to respond to Requests for Production No. 5, 33, 34, 3, 4, 16, 23, 29, 37, and Interrogatories 4, 5, 6, 7 and 13.

## II.     Memorandum of Law

This litigation involves a class action complaint against Defendants Government Employees Insurance Company ("GEICO") and Bell, LLC ("Bell") for allegedly violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") by placing phone calls to the putative class members in regards to insurance subrogation claims using an automatic telephone dialing system. [DE 1]. Plaintiff has apparently sought to merge into one claim alleged violations for calls made to both residential and cellular numbers, even though those claims are different, fall under different statutory sections, and are treated differently (in part because calls to residential lines have certain exemptions that apply). *See e.g. Osorio v State Farm Bank, FSB*, 746 F.3d 1242 (11th Cir. March 28, 2014); *Meadows v. Franklin Collection Service, Inc.,* 414 Fed. Appx. 230 (11th Cir.2011); 47 U.S.C. §§ 227(b)(1)(A)(iii) and 227(b)(1)(B). Furthermore,

as also argued in the Defendants' currently pending responses to Plaintiff's Renewed Motion for Class Certification and motions for summary judgment, Plaintiff seeks to certify a class that is not plead in the operative Complaint [DE 1], and is based upon vicarious liability theories that are not pled in the Complaint. Specifically, Plaintiff has sought to certify a class based upon calls made by Livevox, something that was not mentioned in the Complaint. The Complaint has alleged violative calls made by Bell and GEICO, not Livevox. The failure to plead the vicarious liability theories should result in summary judgment for Defendants. *Palm Beach Golf Center-Boca Inc. v. Sarris, DDS, PA*, 981 F.Supp.2d 1239 (S.D. Fla. 2013). Additionally, the failure to plead in the Complaint the theories upon which the Magistrate Judge has based the alteration of the putative class definition leads to the conclusion that the Order is clearly erroneous and contrary to the law and should be reversed as to this premise.

The Plaintiff's discovery was served in January 2013 and responded to by Bell in March 2013. Then, on July 24, 2013, Plaintiff moved to compel Bell regarding its various responses to written discovery. [DE 42]. The discovery and motion to compel were premised upon Plaintiff's class definitions in the Complaint, which alleged that GEICO and Bell made violative calls to Plaintiff and the putative class. On August 23, 2013, Bell responded to Plaintiff's motion to compel. [DE 58]. Plaintiff filed his reply on September 3, 2013. [DE 64].

Subsequently, on September 6, 2013, Plaintiff renewed Plaintiff's motion for class certification. [DE 66]. Notably, Plaintiff altered the definition of the alleged class to calls made by Livevox – something that is nowhere mentioned in the Complaint, and was not in the Plaintiff's discovery or Plaintiff's motion to compel.

Defendant objects to the Magistrate Judge's alteration of the Proposed Class in the July 3, 2014 Order on Motion to Compel [DE 125] to a "proposed class" that is different than what is

alleged in the Complaint. *See Vega v. T-Mobile USA, Inc.,* 564 F.3d 1256, 1266, 1271, 1276 (11th Cir. 2009) ("we strongly disapprove of this exercise in judicial rewriting of the plaintiff's pleading"). Bell also incorporates by reference its arguments advanced in its Response to Plaintiff's Renewed Motion for Class Certification [DE 76], as well as its Response to Plaintiff's Motion to Compel [DE 58].

In *Vega,* the plaintiff attempted to seek certification of a sub-class that was not initially pled in the complaint. *Vega*, 564 F.3d at 1263. He also simultaneously moved for leave to amend the complaint to add a proposed subclass or alternative class *Id*. The district court denied the motion for leave to amend, but did certify a modified class that appears to have incorporated some of the language and issues from the proposed sub-class. *Id*. at 1263-64. The Eleventh Circuit reversed the certification of the modified class and held that the requirements of Rule 23 were not satisfied based on the complaint, as pled. *Id*. at 1267, 1268, 1271-1272. The court in *Vega* found that the operative pleading provided no basis for a class limitations plaintiff proposed in the motion for class certification. *Id*. at 1267. It specifically stated that modifications of the proposed class definition "would be inconsistent with and unsupported by Vega's complaint." *Id*. at 1276. Such is the case here. Plaintiff did not move to amend the Complaint, discovery is closed, and motions for class certification and summary judgment are pending. Plaintiff Cabrera's and the Magistrate Judge's attempt to modify or limit the definition of the classes is inconsistent with the allegations of the operative class complaint, and is improper. *Id. See also Cwiak v. Flint Ink Corporation*, 186 F.R.D. 494, 497 (N.D. Ill. 1999)(holding that a plaintiff's "attempt to amend the complaint through the motion for class certification is inappropriate, and the class certification issue must be decided on the definition stated in the complaint."). Accordingly, the order should be reversed as to this specific holding.

The Magistrate's order is erroneous and contrary to law because it fundamentally alters what has been pled as the putative class, as well as the theory of liability. Specifically, the Magistrate altered the definition by crafting it based upon the Plaintiff's motion for class certification. *See* Order on Motion to Compel [DE 125 at p.18]. Based upon this alteration, the Magistrate Judge has impermissibly ordered Bell to produce documents and answer interrogatories related to a class and theory that is not alleged in the complaint. Therefore, the Court's order requiring production of documents and answers to interrogatories is erroneous to the extent that the order directs Bell to respond to Requests for Production No. 5, 33, 34, 3, 4, 16, 23, 29, 37, and Interrogatories 4, 5, 6, 7 and 13 based upon this altered putative class definition.

Notwithstanding Bell's objections, Bell is endeavoring to produce the documents it received from GEICO Claims Center for all files received, since it cannot identify which files relate to the Defendant Government Employees Insurance Company. As noted throughout this litigation, Bell cannot identify which persons would be part of any alleged class, whether that is based upon the Complaint, the Plaintiff's discovery, Plaintiff's first motion to certify a class, or the renewed motion to certify a class.

Nevertheless, Bell reiterates that it is important to understand that there are multiple "Geico entities" that apparently had subrogation accounts that were referred to Bell through the "Geico Claims Center", and the Claims Center is understood to be a different entity than the Defendant GEICO. See Deposition of Joel Bouvier at pp. 24, 61, 149-50 (transcript filed under seal pursuant to Court's Order DE 72). Thus, Plaintiff's characterization of "3,000 GEICO files" does not identify which ones, if any, pertain to Defendant Government Employees Insurance Company ("GEICO"), as opposed to other entities.

Plaintiff has nevertheless sought to alter the alleged class definition in the motion for class certification to something different than what is in the operative complaint, and now seeks to certify a class that pertains only to Bell's actions related to Defendant Government Employees Insurance Company, and further related to calls made by someone other than Bell. Plaintiff has gone from four definitions in the operative complaint to one in a class certification motion, which is also something altered and different from what Plaintiff pursued in discovery. Plaintiff is no longer pursuing against Bell two nationwide classes of all calls Bell made to anyone regarding subrogated interests as alleged in paragraph 25 of the operative complaint [DE 1]. Rather, Plaintiff is now through its motion simply seeking to certify one combined class related to all calls "featuring an artificial or prerecorded voice" made by a non-party, Livevox, related to only Defendant GEICO's subrogated interests, where Defendant GEICO provided the contact information to Bell, and where no prior express consent was provided prior to each violative call that was allegedly made. However, a theory of vicarious liability was not pled in the Complaint, and the new class definition was not even alleged at the time the discovery was responded to, or in the Plaintiff's motion to compel. Plaintiff's attempts to amend the operative class definition through a class certification motion is improper, and the Magistrate Judge's order based upon such is also improper and contrary to law.   *See Vega,* 564 F.3d at 1266, 1271, 1276. ("we strongly disapprove of this exercise in judicial rewriting of the plaintiff's pleading"). Additionally, Plaintiff's failure to amend the Complaint when pursuing different defined classes impacts Bell's interests, as well as any putative class member in the nation that has been jettisoned by Plaintiff and Plaintiff's counsel, because it has the ability to fundamentally impact the tolling principles applicable to claims against Bell as set forth by *American Pipe and Construc. Co. v. Utah*, 414 U.S. 536 (1974), *Crown, Cork and Seal Co. v. Parker*, 462 U.S. 345

(1983) and their progenies. The Magistrate Judge's alteration of the "proposed class" from the operative complaint alters the rights of both Bell and those putative class members, and does not even place displaced persons on notice of the fact that their statute of limitations have resumed because they are no longer part of a putative class.

Even with the alteration to Plaintiff's proposed class in Plaintiff's renewed motion for class certification, Bell cannot identify from its own records who would be in the "proposed class", and therefore cannot identify "proposed class members". Bell cannot identify which files it handles relate to Defendant Government Employees Insurance Company ("GEICO"), as opposed to other "GEICO entities" for whom it also received files from "GEICO claims center". Bell cannot identify who would have provided consent and who did not provide consent to Defendant GEICO, or others who may have acted on their behalf, prior to the subrogation files being received by Bell. Bell cannot identify whether the persons called are subscribers to the phone numbers called, or whether someone provided telephone numbers as the agents of the persons called. These issues are all relevant as to determining whether someone may be in a TCPA class. *See e.g. Breslow v Wells Fargo Bank, NA.*, --- F.3d ----, 2014 WL 2565984 (11th Cir. June 9, 2014); *Osorio v State Farm Bank, FSB*, 746 F.3d 1242 (11th Cir. March 28, 2014); Defendant Bell, LLC's Response In Opposition to Plaintiff's Combined Motion And Memorandum Of Law In Support Of Class Certification [DE 76]; Declaration of Bouvier [DE 55, ¶5-6, 10-12]; Deposition of Joel Bouvier at pp. 61, 149-50 (transcript filed under seal pursuant to Court's Order DE 72).

Furthermore, Plaintiff has not demonstrated standing as to any claim for violations for calls made to residential lines, since he has admitted that there are no calls at issue that were made to his residential line. Accordingly, any discovery that seeks to identify persons in a

14958696v1 0938497

putative class that relate to calls to residential lines is irrelevant and not reasonable calculated to lead to the discovery of admissible evidence, since Plaintiff cannot pursue such a claim on behalf of himself or others.  The threshold question is whether the named plaintiffs have individual standing, in the constitutional sense, to raise certain issues. *Murray v. Auslander*, 244 F.3d 807, (11th Cir.2001) (reversing class certification to conduct an evidence inquiry to determine whether named representative had standing); *Carter v. West Publishing Co.*, 225 F.3d 1258, 1262 (11th Cir. 2000).  The standing inquiry should occur before any other requirements of Rule 23 are considered.  *Murray*, 244 F.3d at 810; *Carter*, 225 F.3d at 1262.  "Standing to sue is an essential threshold which must be crossed before any determination as to class representation under Rule 23 can be made."  *Angel Music, Inc. v. ABC Sports, Inc*., 112 F.R.D. 70, 73 (S.D.N.Y. 1986).  "[A] Plaintiff who lacks the personalized, redressable injury required for standing to assert claims on his own behalf would also lack standing to assert similar claims on behalf of a class." *Carter*, 225 F.3d at 1262 (internal quotation and citation omitted).

Given that Plaintiff has asserted that the alleged violative calls were placed only to his cellular phone number, he has no standing to assert or pursue claims under 47 U.S.C. § 227(b)(1)(B) related to calls made to *residential lines*.  Moreover, he specifically confirmed that he did not. *See* Cabrera Deposition at 32: 8-20.  Plaintiff also does not plead or argue that violative calls were made to any residential line for any class member that are not subject to the exemptions that the FCC has established pursuant to Congressional authority that would apply to calls to residential lines - such as calls made for commercial purposes that do not include or introduce an unsolicited advertisement or constitute a telephone solicitation. *See, e.g.* 47 CFR 64.1200(a)(2)(iii); *Meadows v. Franklin Collection Serv., Inc.*, 414 F. App'x 230, 235 (11th Cir. 2011); *Bentley v. Bank of Am., N.*A., 773 F. Supp. 2d 1367, 1374 (S.D. Fla. 2011).  Therefore,

any discovery related to calls made to residential lines is improper, and furthermore, an alteration of a putative class from the definition in the operative complaint, as well as the assertion of new theories of vicarious liability, is improper. *Sarris*. Accordingly, the Magistrate's order compelling production of documents and answers to interrogatories based upon calls made to residential lines is improper and clearly erroneous and contrary to law. To the extent that the Magistrate's order encompasses discovery related to those calls, such should be vacated and Bell should not be required to attempt to produce documents or answer interrogatories related to files that are based upon calls to residential lines. While Bell cannot tell from its own files which calls it made were based upon cellular lines, as opposed to residential lines, Bell seeks to preserve this argument because it is fundamental to its position that Plaintiff is proceeding with claims that are not based in law or fact related to even Plaintiff's own claim, and Plaintiff lacks standing to pursue claims or seek discovery related to a putative class based upon calls to residential lines.

Importantly, are all of the cumbersome definitions that Plaintiff asserted in the context of this discovery dispute really also relate back to unascertainable defined terms within the Complaint. Plaintiff did not address these definitions and Defendant's objections, and for that reason alone the Plaintiff's motion should have been denied in its entirety. At the very least, however, the Magistrate Judge's order altering the class definition upon which the discovery requests were based was improper and contrary to the law providing that the operative Complaint controls.

For the benefit of the Court, by way of example, some of the most important of the definitions and objections from the request for production are reasserted herein as follows. All of the objections to Plaintiff's definitions in the request for production, interrogatories, and

requests for admissions need to be considered because they lead to the inescapable conclusion that Plaintiff has sought discovery of unascertainable and ill-defined groups.

### Samples From the Request for Production and Defendant's Response:

Plaintiff Definitions:

> 11. "GEICO" means or refers to Defendant Government Employees Insurance Company and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.
>
> 24. "PHONE CALLS" means or refers to the telephone calls described in the COMPLAINT REGARDING insurance subrogation claims.
>
> 26. "PROPOSED BELL CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the Bell Cellular Telephone Class and the Bell Robocall Class as set forth in Paragraph 25 of the COMPLAINT.
>
> 27. "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the Bell Cellular Telephone Class as set forth in Paragraph 25 of the COMPLAINT.
>
> 28. "PROPOSED BELL ROBOCALL CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the Bell Robocall Class as set forth in Paragraph 25 of the COMPLAINT.
>
> 29. "PROPOSED GEICO CLASSES" or "PROPOSED GEICO CLASS MEMBERS" means those PERSONS, INCLUDING PLAINTIFF, who fall under the definition of the GEICO Cellular Telephone Class and the GEICO Robocall Class as set forth in Paragraph 25 of the COMPLAINT.
>
> 32. "ROBOCALL" means or refers to telephone calls utilizing a pre-recorded or artificial voice rather than a live person.
>
> 35. "YOU," "YOUR," "DEFENDANT," or "BELL," means or refers to Defendant Bell, LLC, and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them.

Defendant's objections:

5. Defendant also objects to the definition of "Bell" "You", "Your", and "Defendant" as indicated in definitions 35 or elsewhere, where such is defined differently within the Requests to mean both Defendant Bell, LLC or someone other than the named Defendant by using the phrase "and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all PERSONS acting or purporting to act on behalf of any of them." Such definition seeks to include persons that are not this Defendant, Bell LLC, and the definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request.

7. Defendant also objects to the definition of "GEICO", where such is defined differently within the Requests to mean both Defendant Government Employees Insurance Company, or someone other than the named Defendant GEICO, by using the phrase "and its divisions, subsidiaries, related companies, predecessors, and successors, all present and former officers, directors, agents, attorneys, employees, and all persons acting or purporting to act on behalf of any of them." Such definition seeks to include persons that are not the Defendant, GEICO, and the definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request.

9. Defendant also objects to the definition of "PHONE CALLS" as indicated in definition 24, where such seeks to compound various allegations of the complaint and various different types of alleged telephone calls pertaining to different actions, by using the phrase "means or refers to the telephone calls described in the COMPLAINT REGARDING insurance subrogation claims." Such definition seeks to compound persons that are not this Defendant, Bell LLC, and which involve different facts and circumstances of how the alleged "phone call" would have been made. The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others, and in particular, seeks discovery regarding files and actions that are not violative of the Telephone Consumer Protection Act ("TCPA"). The definition is therefore vague, ambiguous, compound, and leads to potentially

11

different conclusions based upon "context" as interpreted by the questioner and interpreter of the request.

10. Defendant also objects to the definition of "PROPOSED BELL CLASS MEMBERS" as indicated in definition 26, where such seeks to compound various allegations of the complaint and various different types of alleged telephone calls pertaining to different actions, by incorporating both of the two alleged "Bell Cellular Telephone Class" and "Bell Robocall Class". Such definition seeks to compound persons that are not this Defendant, Bell LLC, and which involve different facts and circumstances of how the alleged "phone call" would have been made, and by whom. The definition also seeks a response from this Defendant, Bell LLC, regarding the actions of others. The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others, and in particular, seeks discovery regarding files and actions that are not violative of the TCPA. The definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request. The definition also seeks a response regarding facts and circumstances that are different from those involving Plaintiff, and therefore do not include the requisite individualized standing in order to demonstrate that the request is reasonably calculated to lead to the discovery of admissible evidence.

11. Defendant also objects to the definition of "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS" as indicated in definition 27, where such seeks to compound various allegations of the complaint and various different types of alleged telephone calls pertaining to different actions. Such definition seeks to compound persons that are not this Defendant, Bell LLC, and which involve different facts and circumstances of how the alleged "phone call" would have been made, and by whom. The definition also seeks a response from this Defendant, Bell LLC, regarding the actions of others. The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others, and in particular, seeks discovery regarding files and actions that are not violative of the TCPA. The definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request. The definition also seeks a response regarding facts and circumstances that are different from those involving Plaintiff, and therefore do not include the requisite

14958696v1 0938497

individualized standing in order to demonstrate that the request is reasonably calculated to lead to the discovery of admissible evidence.

12. Defendant also objects to the definition of "PROPOSED BELL ROBOCALL CLASS MEMBERS" as indicated in definition 28, where such seeks to compound various allegations of the complaint and various different types of alleged telephone calls pertaining to different actions. Such definition seeks to compound persons that are not this Defendant, Bell LLC, and which involve different facts and circumstances of how the alleged "phone call" would have been made, and by whom. The definition also seeks a response from this Defendant, Bell LLC, regarding the actions of others. The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others, and in particular, seeks discovery regarding files and actions that are not violative of the TCPA. The definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request. The definition also seeks a response regarding facts and circumstances that are different from those involving Plaintiff, and therefore do not include the requisite individualized standing in order to demonstrate that the request is reasonably calculated to lead to the discovery of admissible evidence.

13. Defendant also objects to the definition of "PROPOSED GEICO CLASSES" and "PROPOSED GEICO CLASS MEMBERS" as indicated in definition 29, where such seeks to compound various allegations of the complaint and various different types of alleged telephone calls pertaining to different actions, by using the phrase "means or refers to the telephone calls described in the COMPLAINT REGARDING insurance subrogation claims." Such definition seeks to compound persons that are not this Defendant, Bell LLC, and which involve different facts and circumstances of how the alleged "phone call" would have been made. The definition seeks a response from this Defendant, Bell LLC, regarding the actions of others, such as Codefendant GEICO, regarding the alleged class allegations directed at GEICO's actions. The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others. The definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request.

13

14. Defendant also objects to the definition of "TELEPHONE DIALING EQUIPMENT" as indicated in definition 34, by referring "to the telecommunications equipment, other telemarketing systems and/or COMPUTERS or COMPUTER SYSTEMS used to make the PHONE CALLS", and further incorporates the compound definitions of "COMPUTERS" and "COMPUTER SYSTEMS" and "PHONE CALLS". The definition seeks to include different types of "equipment" that includes items that do not comport with the definition of a "automatic telephone dialing system" as defined in the TCPA. The definition therefore seeks information not reasonably calculated to lead to the discovery of admissible evidence. The definition is also The definition also requires that an individualized inquiry be made into the circumstances as to each "phone call" regarding each file handled by this Defendant, and/or others, and in particular, seeks discovery regarding files and actions that are not violative of the TCPA. The definition is therefore vague, ambiguous, compound, and leads to potentially different conclusions based upon "context" as interpreted by the questioner and interpreter of the request. The definition also seeks a response regarding facts and circumstances that are different from those involving Plaintiff, and therefore do not include the requisite individualized standing in order to demonstrate that the request is reasonably calculated to lead to the discovery of admissible evidence.

16. Defendant objects to these requests as vague and ambiguous because the "PROPOSED BELL CLASS MEMBERS", "PROPOSED BELL CELLULAR TELEPHONE CLASS MEMBERS", "PROPOSED BELL ROBOCALL CLASS MEMBERS", are not a definable group, and cannot be defined without an individual inquiry, and Defendant is therefore unaware of the persons (if any) who may comprise these proposed classes.

17. Defendant objects to Plaintiff's requests to the extent that they may be read to request information and documents that would be privileged from disclosure under the attorney client privilege, the work product privilege, the consulting expert privilege, or any other privilege provided for pursuant to the Federal Rules of Civil Procedure, applicable state Rules of Civil Procedure, and any other federal or state law applicable to the particular file. In this action, the underpinnings of all of the plaintiff's claims involves alleged calls made in the subrogation context, whereby the entire files of this Defendant, Bell LLC, are subject to work product and privilege protections. Upon information and belief, Plaintiff is currently still a party to the lawsuit brought by GEICO arising out of the GEICO's subrogation rights that Plaintiff alleges are the

14

> basis of this lawsuit. Many of the other files handled by this Defendant, Bell LLC, also involve and relate to ongoing litigation. All of the actions alleged are in anticipation of, or in connection with, litigation. Furthermore, an individualized inquiry will have to be made as to each and every file in order to assess the factual circumstances of the application of work product and privileged matters.
>
> 23. Each of the above objections is incorporated into each Response below and is not waived by virtue of Defendant's responses.

Similar objections were asserted to similar "definitions" within Plaintiff's Interrogatories and Requests for Admissions. In sum, in the discovery requests, Plaintiff essentially sought for Bell to open up to discovery all of its subrogation files. Nevertheless, the class definitions are unworkable and apparently include categories of persons identified in the operative Complaint that Plaintiff no longer seeks to include. Given how Plaintiff's discovery was framed – heavily dependent upon defined terms that were dependent upon the Complaint allegations and alleged classes – Bell's objections should have been sustained in their entirety, and the Motion to Compel should have been denied in its entirety. At the very least, however, the Magistrate's alteration of the definition upon which the discovery was based was improper judicial re-writing of the operative Complaint. *See Vega*. As such, the Magistrate Judge's order was contrary to the law and clearly erroneous where the Order directed Bell to respond further to Requests for Production No. 5, 33, 34, 3, 4, 16, 23, 29, 37, and Interrogatories 4, 5, 6, 7 and 13 based upon this altered putative class definition.

WHEREFORE, Defendant Bell LLC respectfully requests that its objections to the Magistrate's Order be sustained and the Order be reversed and set aside to the extent that the Magistrate has directed Bell to respond further to Requests for Production No. 5, 33, 34, 3, 4, 16,

15

23, 29, 37, and Interrogatories 4, 5, 6, 7 and 13, and grant such further and additional relief as this Court deems appropriate.

Respectfully submitted,

*s/David P. Hartnett*
David P. Hartnett
Florida Bar No. 946631
dhartnett@hinshawlaw.com
Barbara Fernandez
Florida Bar No. 493767
bfernandez@hinshawlaw.com
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Tel. No. 305-358-7747
Fax No. 305-577-1063
Attorneys for Bell, LLC

Case No. 12-CV-61390 WILLIAMS/SELTZER

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on July 22, 2014, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF. I also certify that the foregoing document is being served this day via CM/ECF on all counsel of record identified on the attached Service List.

| | |
|---|---|
| John P. Marino, Esq.<br>Edward Cottrell, Esq.<br>Lindsey R. Trowell, Esq.<br>Smith, Gambrell, Russell, LLP<br>50 N. Laura Street - Suite 2600<br>Jacksonville, FL 32202<br>jmarino@sgrlaw.com<br>ecottrell@sgrlaw.com<br>ltrowell@sgrlaw.com<br>COUNSEL FOR DEFENDANT, GEICO | Scott D. Owens, Esquire<br>Law Offices of Scott D. Owens, Esq.<br>664 East Hallandale Beach Blvd.<br>Hallandale, FL<br>Phone: (954) 589-0588<br>E-Mail: scott@scottowens.com<br>COUNSEL FOR PLAINTIFF |
| Rafey S. Balabanian, Esq.<br>Benjamin Richman, Esq.<br>Christopher L. Dore, Esq.<br>Edelson McGuire LLC<br>350 North LaSalle Street - Suite 1300<br>Chicago, IL 60654<br>Phone: 312-589-6370<br>rbalabanian@edelson.com<br>brichman@edelson.com<br>cdore@edelson.com<br>COUNSEL FOR PLAINTIFF | Brett L. Lusskin, Esquire<br>blusskin@lusskinlaw.com<br>1001 N. Federal Highway<br>Suite 106<br>Hallandale, FL 33009<br>Phone: (954) 454-5841<br>Fax: (954) 454-5844<br>COUNSEL FOR PLAINTIFF |

                                                *s/David P. Hartnett*
                                                   David Hartnett