UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61390-CIV-WILLIAMS

CARLOS CABRERA,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, *et al.*,

    Defendants.
_____/

## ORDER ON MOTION FOR CLASS CERTIFICATION

**THIS MATTER** is before the Court on Plaintiff's Renewed Motion to Certify Class (DE 66) to which Defendant Bell, LLC ("Bell") (DE 76) filed a Response in Opposition, and Plaintiff filed a Reply (DE 88).[1]

### I.    BACKGROUND

Plaintiff Carlos Cabrera brought this action, on behalf of himself and all others similarly situated, against Bell and Government Employees Insurance Company ("GEICO") under the Telephone Consumer Protection Act, codified at 47 U.S.C. § 227, *et seq.* (DE 1). Plaintiff, the proposed class representative, was involved in an automobile accident in May 2010 (DE 1 ¶ 19). Following the accident, adjusters within GEICO's subrogation department called and sent letters to Plaintiff in an attempt to

---

[1] On September 17, 2014, the Court granted Defendant GEICO's Motion for Summary Judgment (DE 146). Prior to that Order, GEICO filed a Response in Opposition to Plaintiff's Motion for Class Certification (DE 75).

1

recoup funds it had paid to its insured who was also involved in the May 2010 accident (DE 74-1, Cabrera Dep. 50:20-54:7; DE 66-1, Bateman Dep. 61:20-62:2).

Following GEICO's attempts to reach Plaintiff, GEICO referred Plaintiff's file to Bell, a third-party collection agency, so that Bell could attempt to recover the funds GEICO had paid (Bateman Dep. 11:17-12:11; DE 66 at 3-5). As part of Bell's standard collections practice, Bell's employees manually place phone calls to the tortfeasors they seek to recover from (Bouvier Dep. 76:12-25). Bell also used LiveVox, a non-attended dialing system, to place calls and leave a pre-recorded message (Bouvier Dep. 117:1-118:2). It is Bell's use of LiveVox that gives rise to this action. Plaintiff, who does not have a residential line, received more than 120 calls on his cellular phone from Bell, through LiveVox, featuring a pre-recorded message (DE 66 at 4-5).

On July 13, 2012, Plaintiff filed this action and identified four different classes he sought to certify (DE 1 at 6). On September 6, 2013, Plaintiff filed a Renewed Motion to Certify Class (DE 66) in which he sought to certify the following class, which differed from the four classes originally proposed in the Complaint:

> All persons in the United States to whom (1) a telephone call was placed through LiveVox that featured an artificial or prerecorded voice; (2) to a phone number provided to LiveVox by Bell, LLC; (3) whose contact information was provided to Bell by GEICO; and (4) who never provided Bell, GEICO, or any third party acting on their behalf, prior express consent to place telephone calls to the phone number called.

(DE 66 at 1).

## II. LEGAL STANDARD

Rule 23 of the Federal Rules of Civil Procedure "establishes the legal roadmap courts must follow when determining whether class certification is appropriate." *Valley Drug Co. v. Geneva Pharm., Inc.*, 350 F.3d 1181, 1187 (11th Cir. 2003). Rule 23 does not set forth a mere pleading standard, rather the party seeking class certification must affirmatively demonstrate compliance with the rule by demonstrating that "there *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, 2551 (2011). District courts are invested with significant discretion in deciding whether to certify a class. *See Vega v. T-Mobile USA Inc.*, 564 F.3d 1256, 1264 (11th Cir. 2009). While the Court's certification analysis "may entail some overlap with the merits of the plaintiff's underlying claim, Rule 23 grants courts no license to engage in free-ranging merits inquiries at the certification stage." *Amgen Inc. v. Connecticut Ret. Plans & Trust Funds*, 133 S. Ct. 1184, 1194-95 (2013) (internal quotations and citations omitted).

The party seeking class certification bears the burden of establishing the propriety of class certification. *See Valley Drug*, 350 F.3d at 1187. Under Rule 23(a), every putative class must satisfy the prerequisites of numerosity, commonality, typicality and adequacy of representation. *Vega*, 564 F.3d at 1265. To determine whether these prerequisites have been satisfied, the Court conducts a "rigorous analysis" of the Rule 23 requirements. *Id.* at 1266. In addition to satisfying the Rule 23(a) requirements, the party seeking certification must also show that the proposed class satisfies one of the three requirements listed in Rule 23(b). *Id.* at 1265. "Failure to establish any one of

these four factors and at least one of the alternative requirements of Rule 23(b) precludes class certification." *Valley Drug*, 350 F.3d at 1188.

## III. ANALYSIS

### A. Standing

"[A]ny analysis of class certification must begin with the issue of standing." *Griffin v. Dugger*, 823 F.2d 1476, 1482 (11th Cir. 1987). As the Court has already found, Plaintiff does not have standing to assert any claim, individually or on behalf of the putative class, under § 227(b)(1)(B), because Plaintiff does not have a residential line (*See* DE 146 at 7- 10).[2]

### B. Modification of Class Definition

Bell objects to certifying the class proposed in Plaintiff's Renewed Motion for Class Certification on the grounds that it differs from the classes proposed in Plaintiff's Complaint. Bell argues that Plaintiff's "attempts to amend the operative [class] through the class certification motion is improper and if Plaintiff truly seeks to narrow the class, such should have been done through a motion to amend the Complaint, which was time barred as of April, 2013" (DE 76 at 2). Relying largely on *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, (11th Cir. 2009), Bell argues that the class Plaintiff seeks to certify is inconsistent with, and unsupported by, the allegations of the complaint and that Plaintiff is bound by the classes he plead in the Complaint (DE 76 at 2-6).

---

[2] Because Plaintiff lacks standing to pursue claims under § 227(b)(1)(B), the Court's consideration of the motion for class certification is limited to a proposed class consisting only of those persons who received calls on their cellular phones.

The Eleventh Circuit has not specifically addressed the scope of the Court's discretion to modify a class definition at the certification stage. District courts are split as to whether a plaintiff is bound to the class definitions provided in the complaint or whether a plaintiff is permitted to amend the class through the certification process. *Compare Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 103-04 (N.D. Ill. 2013); *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 381 (W.D. Tenn. 2009); *Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) with *Savanna Grp., Inc. v. Trynex, Inc.*, 2013 WL 66181 at *2-3 (N.D. Ill. Jan. 4, 2013); *Menking ex rel. Menking v. Daines*, 287 F.R.D. 174, 181 (S.D.N.Y. 2012). And, while it is "within in the district court's discretion . . . to undertake to shape the promotion of the class . . . as it deems proper," the Eleventh Circuit has cautioned against "judicial rewriting of the plaintiff's pleading." *See Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930-31 (11th Cir. 1983); *Vega*, 564 F.3d at 1271. The Court need not reach this issue because regardless of which proposed class is the operative class, Plaintiff has failed to meet his burden of establishing the propriety of class certification.

### C. Rule 23(a) Requirements

#### 1. Numerosity

Under Rule 23(a), the Court first determines whether the proposed class "is so numerous that joinder of all members is impracticable." Fed. R. Civ. P. 23(a)(1). Although mere allegations of numerosity are insufficient, Rule 23(a)(1) imposes a "generally low hurdle" and a plaintiff need not show the precise number of members in the class. *See Vega*, 564 F.3d at 1267. While there is no bright-line rule, the "general rule of thumb in the Eleventh Circuit is that less than twenty-one is inadequate, more

than forty adequate, with numbers between varying according to other factors." *Manno v. Healthcare Revenue Recovery Grp., LLC*, 289 F.R.D. 674, 684 (S.D. Fla. 2013) (internal quotations omitted) (quoting *Cox v. Am. Cast Iron Pipe Co.*, 784 F.2d 1546, 1553 (11th Cir. 1986)). When the putative class "is some subset of a larger pool, the trial court may not infer numerosity from the number in the larger pool alone." *Hayes v. Wal-Mart Stores, Inc.*, 725 F.3d 349, 358 (3rd Cir. 2013) (citing *Vega*, 564 F.3d at 1267). Rather, the plaintiff must ordinarily demonstrate some evidence or reasonable estimate of the number of purported class members; mere speculation and general allegations of numerosity will not suffice. *See Walco Investments, Inc. v. Thenen*, 168 F.R.D. 315, 324 (S.D. Fla. 1996); *Vega*, 564 F.3d at 1267 ("[A] plaintiff still bears the burden of making *some* showing, affording the district court the means to make a supported factual finding.") (emphasis in original).

Plaintiff argues that the "proposed class, without a doubt, satisfies [the numerosity] threshold" because between the fall of 2010 and October 2012, GEICO referred approximately 3,000 files to Bell (DE 66 at 3, 9; Bouvier Dep. 58:7-59:3) and because during that time Bell used LiveVox to place calls featuring an automated or pre-recorded voice to the telephone numbers associated with the files (Bouvier Dep. 117:1-118:2). The Court disagrees.

Plaintiff only has standing to pursue claims regarding calls placed to a cellular telephone number. None of the parties have cited any evidence in the record identifying what percentage of the 3,000 files involved calls placed to cellular telephone numbers

as opposed to residential lines.[3] In addition, the proposed classes only include those persons who received calls featuring an artificial or prerecorded voice. Bell's managing director, Mr. Bouvier, testified that Bell did not use LiveVox's services for every GEICO file and there is no evidence in the record as to what percentage of the GEICO files received calls using LiveVox (Bouvier Dep. 119:20-121:1). And with respect to the class Plaintiff seeks to certify in his Renewed Motion for Class Certification, the class only encompasses those persons whose contact information was provided to Bell by GEICO. However, Mr. Bouvier testified that there were instances when Bell would have to identify a person's contact information using its own methods because the number provided by GEICO was incorrect (Bouvier Dep. 94:20-96:25). Plaintiff simply has not provided the Court with enough evidence for the court to make a supported factual finding regarding numerosity. Accordingly, the Court concludes that class certification is improper. Nonetheless, in the interest of thoroughness and for the guidance of the parties, the Court will proceed through an analysis of the remaining Rule 23 requirements.

### 2. Commonality

While commonality and typicality are often conflated, "traditionally, commonality "refers to the group characteristics of the class as a whole" whereas typicality "refers to the individual characteristics of the named plaintiff in relation to the class." *Vega*, 564

---

[3] Plaintiffs cite *Manno v. Healthcare Revenue Recovery Group, LLC*, 289 F.R.D. 674 (S.D. Fla. 2013) in their Renewed Motion to Certify Class. In *Manno*, the plaintiff enlisted an expert to perform a "cell phone scrub" and identify which of the 9,000 accounts meeting the class definition received calls on their cellular telephones. It does not appear from the record that any such analysis was conducted in this matter.

F.3d at 1274. To satisfy commonality there only need "be 'questions of law or fact common to the class.'" *Id.* at 1268 (quoting Fed. R. Civ. P. 23(a)). Under this "relatively light burden," the class action "must involve issues that are susceptible to class-wide proof." *Id.* at 1268-70 (quoting *Murray v. Auslander*, 244 F.3d 807, 811 (11th Cir. 2001).

The Court finds that there are common questions here that are apt to drive the resolution of the case, including (1) whether Bell placed the calls at issue; (2) whether it did so using an automated dialing system or prerecorded or artificial voice; and (3) whether there are any vicarious liability issues are susceptible to class-wide proof; and (4) which party bears the burden of establishing consent. As such, the Court finds that commonality is established here. *See Jamison*, 290 F.R.D. at 104 (finding commonality was satisfied for purposes of class certification regarding alleged TCPA violations); *Agne v. Papa John's Intern., Inc.*, 286 F.R.D. 559, 567-68 (W.D. Wash. 2012) (same); *Manno*, 289 F.R.D. at 685-86 (same); *Silbaugh v. Viking Magazine Servs.*, 278 F.R.D. 389, 393 (N.D. Ohio 2012).

### 3. Typicality

In order to satisfy the typicality requirement, a class representative must possess the same interest and suffer the same injury as the class members. *Murray*, 244 F.3d at 811. "The focus of typicality is whether the class representative's interest is aligned enough with the proposed class members to stand in their shoes for purposes of the litigation and bind them in a judgment on the merits." *Colomar v. Mercy Hosp., Inc.*, 242 F.R.D. 671, 677 (S.D. Fla. 2007). Typicality is usually satisfied if there is a sufficient nexus between the claims of the class members and the class representative, such as when the claims or defenses of the class and class representative arise from the same

pattern or practice and are based on the same legal theory. *See Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012). The Court finds that Plaintiff's claims are typical of the proposed cellular-only class because his claims arise from the same practice -- Bell's use LiveVox to place calls to cellular numbers -- and are premised on the same TCPA violation.

### 4. Adequacy

Under Rule 23(a)(4), the representative party in a class action and his counsel "must adequately protect the interests of those he purports to represent." *Valley Drug*, 350 F.3d at 1189 (quoting *Phillips v. Klassen*, 502 F.2d 362, 365, (D.C. Cir. 1974)). The adequacy of representation analysis encompasses two separate inquiries: (1) do any substantial conflicts of interest exist between the representative and the class; and (2) will the representative adequately prosecute the action. *Valley Drug*, 502 F.3d. at 1189. The Court finds that Plaintiff and his counsel would adequately represent the putative class, having prosecuted this action for the past two years. Moreover, there do not appear to be any conflicts between Plaintiff's interests and the interests of the proposed class. In addition, proposed class counsel, Edelson LLC, has substantial experience litigating class action lawsuits and prosecuting actions under the TCPA (*see* DE 66-2, Ex. 9).

### D. Rule 23(b) Requirements

Plaintiff moves for class certification under Rule 23(b)(2) and Rule 23(b)(3). Under Rule 23(b)(2), certification is warranted when the defendant "has acted or refuse to act on grounds generally applicable to the class, thereby making final injunctive or declaratory relief appropriate." Fed. R. Civ. P. 23(b)(2). Under Rule 23(b)(3), a class

may be certified if the Court finds that "questions of law or fact common to class members predominate" and "that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). The Court addresses these grounds in turn.

### 1. Certification Under Rule 23(b)(2) Is Inappropriate

It is "well-settled that declaratory or injunctive relief must be the predominant remedy requested for the class," and that Rule 23(b)(2) certification is not warranted if the predominant relief requested is monetary. *Hammett v. Am. Bankers Ins. Co.*, 203 F.R.D. 690, 695 (S.D. Fla. 2001). Monetary relief is only available in a Rule 23(b)(2) class action "if it is incidental to the requested injunctive or declaratory relief." *Vega*, 564 F. 3d at 1265 n.8. Incidental damages are those that "flow directly from liability to the class *as a whole* on the claim forming the basis of the injunctive or declaratory relief." *Murray*, 244 F.3d at 812. Because the Court finds that monetary damages, and not the injunctive relief sought, is the predominate remedy requested for the class, the proposed class may not be certified under Rule 23(b)(2).

### 2. Rule 23(b)(3) Requirements: Predominance and Superiority

Rule 23(b) requires findings of both predominance and superiority. The rule sets forth four specific, albeit non-exclusive, considerations pertinent to these findings: (1) the class members' interests in individually controlling the prosecution or defense of separate actions; (2) the extent and nature of any litigation concerning the controversy already begun by or against class members; (3) the desirability of concentrating the litigation of the claims in the particular forum; and (4) the likely difficulties in managing a class action. *See* Fed. R. Civ. P. 23(b); *Vega*, 564 F.3d at 1277.

### a. Predominance

To obtain Rule 23(b)(3) certification, the issues subject to generalized proof and applicable to the class as a whole must predominate over those issues that are subject only to individualized proof. See *Babineau v. Fed. Exp. Corp.*, 576 F.3d 1183, 1191 (11th Cir. 2009). Common issues of fact and law predominate if they have a direct impact on every class member's effort to establish liability and on their entitlement to relief. *Id.* If plaintiffs must present a great deal of individualized proof or argue a number of individualized legal points to establish most or all of the elements of their claims, certification under Rule 23(b)(3) is inappropriate. *Id.* "Considering whether questions of law or fact common to class members predominate begins, of course, with the elements of the underlying cause of action." *Erica P. John Fund, Inc., v. Haliburton Co.*, 131 S.Ct. 2179, 2184 (2011). To establish a TCPA violation under § 227(b)(1)(A)(iii), the plaintiffs will have to show that: (1) the defendants placed calls; (2) to their cellular phones; (3) using an automatic dialing system or an artificial or pre-recorded voice. See *Manfred v. Bennett Law, PLLC*, 12-CV-61548, 2012 WL 6102071 (S.D. Fla. Dec. 7, 2012).

Common questions of fact and law predominate here. The question of whether Bell made the calls at issue and whether it did so using an automated dialing system or an artificial or pre-recorded voice are the central and predominate issues before the Court. The resolution of those issues will have a direct impact on each class member's

claims; indeed, if those issues are answered in the affirmative, each class member will have established liability under the TCPA.[4]

### b. Superiority

The focus of the superiority analysis is on "the relative advantages of a class action suit over whatever other forms of litigation might be realistically available to the plaintiffs." *Sacred Heart Health Sys., Inc. v. Humana Military Healthcare Servs., Inc.*, 601 F.3d 1159, 1184 (11th Cir. 2010) (quoting *Klay v. Humana, Inc.*, 382 F.3d 1241, 1269 (11th Cir. 2004). Consequently, the predominance analysis has a "tremendous impact on the superiority analysis . . . for the simple reason that, the more common issues predominate over individual issues, the more desirable a class action lawsuit will be." *Id.* For the reasons set forth above, the Court finds that common questions of law and fact predominate over any individualized issues. In addition, the Court concludes

---

[4] Throughout its objections to the motion for class certification, Bell repeatedly argues that the "individualized" issue of consent precludes class certification (*see generally* DE 76). Given the relationship of the class members to Bell or GEICO, or more aptly, the lack thereof, the Court believes that consent is unlikely to be a major issue at trial. In addition, Bell has offered only bare assertions of consent, without identifying a single instance in which consent was in fact obtained. *See Agne*, 286 F.R.D. at 567 ("Defendants' speculation that customers may have given their express consent . . . is not sufficient to defeat class certification."); *Silbaugh*, 278 F.R.D. at 393 ("Having produced no evidence that any individual consented to receive the text messages . . . defendant is unable to realistically argue that individual issues regarding consent outweigh the commonality."); *Meyer v. Portfolio Recovery Assocs., LLC*, 707 F.3d 1036, 1042 (9th Cir. 2012) (finding that the issue of individual consent did not preclude class certification when defendant "did not show a single instance where express consent was given before the call was placed."); *G.M. Sign, Inc. v. Grp. C Commc'ns, Inc.*, 08-CV-4521, 2010 WL 744262 at *3 (N.D. Ill. Feb. 25, 2010) ("[U]nsupported speculation that some of the proposed class members may have independently consented does not warrant denial of class certification."). The Court finds that Bell's conclusory argument that some members of the putative class may have consented is without merit and would not otherwise bar class certification.

that a class action would be the superior method for adjudicating the class members' claims fairly and efficiently. As Plaintiff argues, there is little reason to believe that individual actions would be more efficient, particularly given that Plaintiff has been prosecuting this action for more than two years. In addition, the Court finds that individual members are unlikely to have a great interest in controlling the prosecution of these claims. See Manno, 289 F.R.D. at 690. Finally, the Court notes the desirability of concentrating the litigation in this forum. As GEICO's corporate representative testified, "most of [the proposed plaintiffs] would be Florida, probably." (Bateman Dep. 50:1-6.)[5]

In sum, the Court finds that had Plaintiff satisfied the Rule 23(a) requirements, class certification under Rule 23(b)(3) would be appropriate.

## IV. CONCLUSION

Despite having satisfied nearly all of the requirements of Rule 23, because Plaintiff has failed to meet his burden to provide the Court with a factual basis for finding numerosity, the class cannot be certified. See Valley Drug, 350 F.3d at 1188 ("Failure to establish *any one* of these four factors . . . precludes class certification") (emphasis added).

---

[5] Bell argues that class treatment is inappropriate because the potential damages are "enormous" and disproportionate to the harm suffered by any Plaintiff and because "individual mini-trials must be held on damages." (DE 76 at 23-24). Bell's argument mimics that of the defendants' in Manno, and like the court in Manno, and for the reasons articulated there, the Court finds Bell's arguments unpersuasive. See Manno, 289 F.R.D. at 691-693; see also Stillmock v. Weis Markets, Inc., 385 F. App'x 267, 273 (4th Cir. 2010) ("[I]ndividual statutory damages issues are insufficient to defeat class certification under Rule 23(b)(3).").

Accordingly it is hereby **ORDERED AND ADJUDGED** that Plaintiff's Renewed Motion to Certify Class (DE 66) is **DENIED**.

**DONE AND ORDERED** in chambers in Miami, Florida, this ____ day of September, 2014.

KATHLEEN M. WILLIAMS
United States District Judge