UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61390-CIV-WILLIAMS

CARLOS CABRERA,

    Plaintiff,

vs.

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, et al.,

    Defendants.
_____/

## ORDER

**THIS MATTER** is before the Court upon Chief Magistrate Judge Barry S. Seltzer's Order on Motion to Compel (DE 125), to which Defendant Bell, LLC ("Bell"), filed Objections (DE 132), Plaintiff filed a Response (DE 144), and Bell filed a Reply (DE 145). The facts of this case are well-known to the parties and the Court need not recite them here. Defendant Bell contends that Judge Seltzer's Order is clearly erroneous because "it fundamentally alters what has been pled as the putative class, as well as the theory of liability." (DE 132 at 5.) Bell also contends that Plaintiff does not have standing to pursue claims related to residential lines and therefore Judge Seltzer's order compelling production of documents and answers to interrogatories related to residential lines is improper (DE 132 at 9). Specifically, Bell contends that Judge Seltzer's Order should be reversed and set aside insofar as it directs Bell to respond to Requests for Production No. 3, 4, 5, 16, 23, 29, 33, 34, 37 and Interrogatories No. 4, 5, 6, 7, and 13.

At the time Judge Seltzer ruled on the Motion to Compel, this Court had not yet ruled on Plaintiff's Renewed Motion for Class Certification (DE 66) or Defendant Government Employee's Insurance Company's ("GEICO") Motion for Summary Judgment (DE 96). As the Court noted in ruling on Plaintiff's Renewed Motion for Class Certification, the Eleventh Circuit has not specifically addressed the scope of the Court's discretion to modify a class definition at the certification stage. District courts are split as to whether a plaintiff is bound to the class definitions provided in the complaint or whether a plaintiff is permitted to amend the class through the certification process. *Compare Jamison v. First Credit Servs., Inc.*, 290 F.R.D. 92, 103-04 (N.D. Ill. 2013); *Clarke v. Baptist Mem'l Healthcare Corp.*, 264 F.R.D. 375, 381 (W.D. Tenn. 2009); *Costelo v. Chertoff*, 258 F.R.D. 600, 604-05 (C.D. Cal. 2009) *with Savanna Grp., Inc. v. Trynex, Inc.*, 2013 WL 66181 at *2-3 (N.D. Ill. Jan. 4, 2013); *Menking ex rel. Menking v. Daines*, 287 F.R.D. 174, 181 (S.D.N.Y. 2012). And, while it is "within in the district court's discretion . . . to undertake to shape the promotion of the class . . . as it deems proper," the Eleventh Circuit has cautioned against "judicial rewriting of the plaintiff's pleading." *See Evans v. U.S. Pipe & Foundry Co.*, 696 F.2d 925, 930-31 (11th Cir. 1983); *Vega*, 564 F.3d at 1271. Given this split of authority, the Court cannot conclude that Judge Seltzer's Order was clearly erroneous.

Nonetheless, the Court will modify Judge Seltzer's Order in light of the Court's rulings on Plaintiff's Renewed Motion for Class Certification (DE 148) and on Defendant GEICO's Motion for Summary Judgment (DE 146). With respect to Interrogatories Nos. 4, 5, 6, 7, and 13, Bell need not respond further to the Interrogatories, except that Bell

shall respond to Interrogatories No. 4, 5, 6, 7, and 13 to the extent they relate to Plaintiff Carlos Cabrera.

With respect to Requests for Production Nos. 3, 4, and 5, Bell shall produce all documents in its possession responsive to those requests which relate to Plaintiff Carlos Cabrera. Bell need not produce documents responsive to Requests Nos. 3, 4, and 5 that relate to any other person. With respect to Request for Production No. 16, the Court affirms Judge Seltzer's Order requiring Bell to "produce only policies, procedure[s], and manuals relating to Bell making subrogation telephone calls using an artificial or prerecorded voice" (DE 125 at 21-22). With respect to Requests for Production Nos. 23, 29, and 37, the Court agrees with Judge Seltzer that these documents are relevant and likely to lead to the discovery of admissible evidence. Accordingly, Bell shall produce all documents responsive to Requests Nos. 23, 29, and 37.[1] With respect to Requests for Production Nos. 33 and 34, Bell shall produce all documents in its possession responsive to those requests which relate to Plaintiff Carlos Cabrera.

Consistent with this Order, Bell shall supplement its responses to Interrogatories Nos. 4, 5, 6, 7, and 13 within 10 days of this Order. In addition, consistent with this Order, Bell shall produce documents responsive to Requests Nos. 3, 4, 5, 16, 23, 29, 33, 34, and 37 within 10 days of this Order. Plaintiff shall have 21 days from the date of this Order to file a Response to Bell's Motion to Dismiss and for Final Summary Judgment (DE 108) as well as to file any dispositive motions Plaintiff may wish to file.

---

[1] The Court notes that Bell's response to these Requests indicated that no responsive documents were believed to exist. If Bell does not have any documents responsive to any of these Requests, it shall state so in its amended responses.

**DONE AND ORDERED** in chambers in Miami, Florida, this 21st day of October, 2014.

_____
KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE