**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CARLOS CABRERA, individually
and all others similarly situated,

                **CLASS ACTION**

    Plaintiff,

vs.                              **CASE NO.: 12-cv-61390-KMW**

GOVERNMENT EMPLOYEES
INSURANCE COMPANY, and
BELL, LLC,

    Defendants.
_____/

**GOVERNMENT EMPLOYEES INSURANCE COMPANY'S**
**UNOPPOSED MOTION AND SUPPORTING MEMORANDUM**
**TO ENTER A FEDERAL RULE OF CIVIL PROCEDURE 54(b) FINAL JUDGMENT**

Government Employees Insurance Company ("GEICO") respectfully moves the Court to enter a final judgment on all claims asserted in this action as to GEICO pursuant to Federal Rule of Civil Procedure 54(b) and the Court's Sealed Order Granting Motion for Summary Judgment [Dkt. 146] (the "Summary Judgment Order"). The grounds for this unopposed motion are set forth in the following memorandum. The memorandum is incorporated as part of this motion.

**SUPPORTING MEMORANDUM**

GEICO respectfully submits the following memorandum in support of its Unopposed Motion Requesting a Federal Rule of Civil Procedure 54(b) Final Judgment as to GEICO.

    **I.    BACKGROUND**

Plaintiff filed his Complaint against Bell, LLC ("Bell") and GEICO on July 13, 2012 (the "Complaint"). The Complaint alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et. seq*. (the "TCPA"). Plaintiff sought to hold GEICO vicariously liable for these alleged violations of the TCPA.

On January 24, 2014, GEICO moved for summary judgment as to all claims asserted against it in the Complaint. The Court issued its Summary Judgment Order granting GEICO's Motion for Summary on September 17, 2014. The Summary Judgment Order dismissed Plaintiff's claims against GEICO. (*Id.* at 22.)

The claims asserted against Defendant Bell remain pending.[1] And resolution of Plaintiff's claims against Bell does not require GEICO to remain in this case. GEICO therefore seeks entry of a Final Judgment pursuant to Federal Rule of Civil Procedure 54(b).

## II.  A RULE 54(b) FINAL JUDGMENT AS TO GEICO IS APPROPRIATE.

The Eleventh Circuit has held that "[a] judgment that eliminates fewer than all the … parties is not a final, appealable judgment; thus an order dismissing one plaintiff, but not others, is not immediately appealable by the dismissed plaintiff." *Citizens Concerned About Our Children v. Sch. Bd. Of Broward County, Fla.*, 193 F.3d 1385, 1289 (11th Cir. 1999) (interpreting Federal Rule of Civil Procedure 54(b)); *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288 and n. 10 (11th Cir. 2010); *Penton v. Pompano Constr. Co., Inc.*, 963 F. 2d 321 (11th Cir. 1992); *D & M Carriers LLC v. M/V THOR SPIRIT*, No. 13-13280, 2014 WL 4667333, at *2-3 (11th Cir. Sept. 22, 2014).

However, an order resolving less than all the claims at issue in a case may be certified as a final judgment. *See D & M Carriers LLC*, 2014 WL 4667333, at *2-3. Rule 54(b) provides that:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but

---

[1] Plaintiff asserted the alleged violations of the TCPA at issue in this case on behalf of himself and a proposed class. Plaintiff's Renewed Motion to Certify Class (Dkt. 66) was denied on September 29, 2014.

2

>fewer than all, claims or parties *only if the court expressly determines that there is no just reason for delay.*

Federal Rule of Civil Procedure 54(b) (emphasis added).

The Southern District of Florida has further held that a summary judgment order that resolves less than all the claims at issue may be certified as a final judgment with the express statement that there is no reason for delay. *Nata Engineering, Inc. v. City of Port St. Lucie,* 2007 WL 473298, at *1-2 (S.D. Fla. Feb. 8, 2007); *D & M Carriers, LLC*, 2014 WL 4667333, at * 2-3; *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, 10-62115-CIV, 2012 WL 5635590, at *6 (S.D. Fla. Nov. 15, 2012).

Courts follow a two-step analysis to determine whether to certify a partial final judgment under Rule 54(b): (1) the order must be both "final" in that it ultimately disposes of an individually severable claim in a multiple claim action, and a "judgment" in that it is a "decision upon a cognizable claim for relief;" and (2) there must be no just reason for delay. *St. Paul Mercury Ins. Co. v. F.D.I.C. ex rel. Hamilton Bank, N.A.*, No. 08-21192-CIV, 2011 WL 2297664, at *1-2 (S.D. Fla. June 10, 2011) (citing *Curtiss–Wright Corp. v. Gen. Elec. Corp.*, 446 U.S. 1, 7 (1980) (citing *Sears, Roebuck & Co. v. Mackey*, 351 U.S. 427, 436 (1956))); *In re Southeast Banking Corp.,* 69 F. 3d 1539, 1546 (11th Cir. 1995); *Eagletech Commc'ns Inc. v. Citigroup, Inc.*, 07-60668-CIV, 2008 WL 3166533, at *17 (S.D. Fla. June 27, 2008).

### A.     The Order is a Final Judgment as to GEICO.

An order is properly certified under Rule 54(b) if it possesses the requisite degree of finality. *In re Se. Banking Corp.*, 69 F.3d at 1547. That is, the judgment must completely dispose of at least one substantive claim. *Id.*; *see also Nata Engineering, Inc.,* 2007 WL 473298, at *1-2 (citing *Curtiss-Wright Corp.* and holding that "[a] final judgment is one where there is a decision upon a 'cognizable claim for relief' that is 'an ultimate disposition of an individual

3

claim' or party). It must therefore "be both final and a judgment." *D & M Carriers, LLC* (internal quotations omitted).

The Summary Judgment Order in this case possesses the requisite degree of finality. It disposes of all of Plaintiff's substantive claims against GEICO. Similar to the summary judgment order that was certified under Rule 54(b) in *Nata Engineering*, the Order released GEICO from any potential liability arising from Plaintiff's claims against GEICO. *See* 2007 WL 473298, at *1-2. It is therefore "[a] final decision … [that] ends the litigation on the merits [as to GEICO] and leaves nothing for the court to do but execute the judgment." *Int'l Sch. Servs., Inc. v. AAUG Ins. Co.*, No. 10-62115-CIV, 2012 WL 5635590, at *13 (S.D. Fla. Nov. 15, 2012). Accordingly, the Order should be certified under Rule 54(b).

And the fact that the case is still pending with remaining allegations asserted against Bell does not preclude the Court from certifying the Summary Judgment Order as a final judgment. *See Nata Engineering,* 2007 WL 473298, at *1 (noting that the summary judgment order at issue released the party seeking Rule 54(b) certification from all liability and certification was appropriate notwithstanding that there were pending allegations against the remaining defendants); *D & M Carriers, LLC* (holding that the final judgment as to claims against the parties seeking Rule 54(b) certification was final in that it fully disposed of all the claims against those two defendants); *see also Int'l Sch. Servs., Inc.*, 2012 WL 5635590, at *12.

### B. There is No Just Reason For Delay.

There is further no just reason to delay certification of the Summary Judgment Order as a Rule 54(b) final judgment. This part of the analysis "requires the district court to balance judicial administrative interests and relevant equitable concerns." *Int'l Sch. Servs., Inc.*, 2012 WL 5635590, at *12. With respect to these considerations, the Court may consider whether the

4

claims against GEICO are separable from those asserted against Bell. *Id; see also St. Paul Mercury Ins. Co.*, 2011 WL 2297664, at *2 (citing *Pitney Bowes, Inc. v. Mestre*, 701 F.2d 1365, 1369 (11th Cir.1983)) (holding that claims are separate when they allow for distinct recovery and are "practically and logically distinct."). The Eleventh Circuit has held that:

> Claims are separable when there is more than one possible recovery, 10 Wright, § 2657, at 67, or if "different sorts of relief" are sought, *see Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 580–81 & n. 18, 100 S.Ct. 800, 805–06 & n. 18, 63 L.Ed.2d 36 (1980). When either of these circumstances exists, claims are "separately enforceable" and subject to Rule 54(b) certification even if they arise out of a single transaction or occurrence.

*In re Se. Banking Corp.*, 69 F.3d at 1547.

Plaintiff sought to recover against GEICO under a theory of vicarious liability. And Plaintiff continues to seek recovery from Bell. Accordingly, Plaintiff's claims asserted against GEICO are separate from his remaining claims against Bell.

Plaintiff's claims against GEICO were not dependent upon the resolution of the claims against Bell. And an appeal of the Summary Judgment Order would not be dependent upon resolution of Plaintiff's claims against Bell. There is therefore no just reason to delay certification of the Summary Judgment Order. *See D & M Carriers, LLC*, 2014 WL 4667333, at *3 (noting that there was no reason to delay hearing the appeal of the order that was certified under Rule 54(b), because "the appeal does not depend on the resolution of any of the claims" still pending in the case.).

### III.   CONCLUSION

The Summary Judgment Order is a final judgment that disposes of all claims against GEICO and releases it from any potential liability in this case. There is no just reason to delay certification under Rule 54(b). The Court should therefore grant this unopposed motion for the

reasons set forth above. Pursuant to Local Rule 7.1(a)(2), a proposed order and final judgment is attached as Exhibit "A" to this motion.

### RULE 7.1(a)(3) CERTIFICATION

Counsel for GEICO has conferred with counsel for Plaintiff and counsel for Bell pursuant to Local Rule 7.1(a)(3). Plaintiff and Bell consent to the relief requested in this motion.

WHEREFORE, GEICO respectfully requests the Court enter a final judgment with the express determination that there is no just reason for delay pursuant to Federal Rule of Civil Procedure 54(b), together with such further relief as the Court seems proper.

Respectfully submitted,

*/s/ John P. Marino*
John P. Marino (FBN 814539)
EMAIL: jmarino@fowlerwhite.com
Edward K. Cottrell (FBN 013579)
EMAIL: ecottrell@fowlerwhite.com
Lindsey R. Trowell (FNB 678783)
EMAIL: lindsey.trowell@fowlerwhite.com
SMITH, GAMBRELL & RUSSELL, LLP.
50 N. Laura Street, Suite 2600
Jacksonville, FL 32202
Telephone: 904-598-6100
Facsimile: 904-598-6300

*Attorneys for Defendant Government Employees Insurance Company*

## CERTIFICATE OF SERVICE

I certify that on November 3, 2014, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system. I also certify that the foregoing document is also being served on this day on the following, either via transmission of Notices of Electronic Filing via CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive Notices of Electronic Filing via CM/ECF:

Scott D. Owens, Esq.
LAW OFFICE OF SCOTT D. OWENS, ESQ.
664 E. Hallandale Beach Blvd.
Hallandale, FL 33009
Email: don@scottdowens.com

Rafey S. Balabanian
Benjamin H. Richman
Christopher L. Dore
Edelson McGuire LLC
350 North LaSalle Street, Suite 1300
Chicago, Illinois 60604
Email: rbalabanian@edelson.com
       brichman@edelson.com
       cdore@edelson.com

Brett L. Luskin, Esq.
1001 North Federal Hwy., Suite 106
Hallandale Beach, FL 33009
Email: blusskin@lusskinlaw.com

David P. Hartnett, Esq.
Barbara Fernandez
Hinshaw & Culbertson LLP
2525 Ponce de Leon Boulevard
4th Floor
Coral Gables, Florida 33134
Email: dhartnett@hinshawlaw.com
       bfernandez@hinshawlaw.com

                                    */s/ John P. Marino*
                                    Attorney